**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MAVERIX LLC, | ) | Case No. 26-16423 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

## *EX PARTE* MOTION PURSUANT TO L.B.R. 4001-5 FOR ORDER CONFIRMING ABSENCE OF AUTOMATIC STAY

Pursuant to L.B.R. 4001-5, creditor CooperReilly Investment Fund, LLC ("**CR**"), by and through undersigned counsel, submits this *Ex Parte* Motion Pursuant to L.B.R. 4001-5 for Order Confirming Absence of Automatic Stay (the "**Motion**") seeking for entry of an order confirming the absence of the automatic stay with respect to claims against and property of certain non-debtors, and states as follows:

### JURISDICTION AND VENUE

1. This Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and procedural predicate for the relief requested herein is L.B.R. 4001-5.

### BACKGROUND

**A. The Loan**

1. On March 22, 2024, CR, the Debtor and Maverix Broadband, Inc. ("**MXBB**") entered into that certain Loan and Security Agreement (as amended or modified, the "**Agreement**"). The principal amount loaned under the Agreement was $7,933,446.57.

2. The Debtor and MXBB secured their obligations under the Agreement with all of their assets (collectively, the "**Collateral**"). CR perfected its security interest in the Collateral by filing a UCC-1 financing statements on March 26, 2024, with the Colorado Secretary of State at Validation No. 20242027001.

3. Viath, Inc. ("**Viath**") guaranteed the Debtor's and MXBB's obligations under the Agreement pursuant to that certain Continuing Unconditional Guaranty dated March 22, 2024.

4. The Debtor and MXBB defaulted under the Agreement on January 16, 2025.

5. In connection with that certain Second Forbearance Agreement to Loan and Security Agreement and Secured Promissory Note dated October 14, 2025 (the "**Second Forbearance Agreement**"), the Debtor, MXBB, and Viath agreed, in relevant part, to (a) sell the Debtor's and MXBB's assets pursuant to a strictly-defined sale process (the "**Sale Process**"); and (b) the appointment of an *ex parte* receiver over the Debtor and MXBB to, amongst other things, "administer and conclude the sale of any or all of the Collateral pursuant to the Sale Process."

6. On October 17, 2025, and as required under the Second Forbearance Agreement, the Debtor and MXBB disseminated certain bid procedures to interested buyers. The Debtor and MXBB did not receive any bids by the December 5, 2025 deadline, and on December 11, 2025, CR timely submitted its credit bid and asset purchase agreement.

7. The Debtor and MXBB refused to consummate that asset purchase agreement.

**B. The State Court Action**

8. On January 13, 2026, CR initiated an action against the Debtor, MXBB, and Viath before the District Court for the City and County of Denver, Colorado (the "**State Court**") in the action styled, *CooperReilly Investment Fund, LLC v. Maverix LLC, et al.*, No. 2026CV30150

(Colo. Dist. Ct. Denver Cty. Jan. 13, 2026) (the "**State Court Action**"), asserting claims for breach of contract and the appointment of a receiver to conclude the Sale Process.

9. Contemporaneously with the initial Complaint, CR filed its *Verified Motion for Ex Parte Appointment of Receiver* in the State Court Action.

10. On January 22, 2026, the Court entered its *Order Granting Verified Motion for Ex Parte Appointment of Receiver* (the "**Order Appointing Receiver**"), appointing Sonoran Capital Advisors (the "**Receiver**") over the Debtor and MXBB, an their respective property. The State Court authorized the Receiver to, amongst other things, "operate the Receivership Property" and "administer and conclude the Sale Process (as defined in the Second Forbearance Agreement) . . . subject to the Receiver's business judgment, including, without limitation, executing and, if necessary, negotiating changes to, amending, or modifying the APA." A copy of the Order Appointing Receiver is attached as Exhibit 1.

11. On August 20, 2026, CR amended its complaint to name David R. Lindauer, Maverix Enterprise Holdings, Inc., End to End Construction, LLC, EngiNuity Works LLC, and Splice Techs, LLC (together with MXBB and Viath, the "**Non-Debtors**").

12. The Receiver filed its *Motion for Forthwith Citation to David Lindauer and Maverix Enterprise Holdings, Inc. to Appear and Show Cause Why They Should Not Be Held in Contempt of Court Pursuant to C.R.C.P. 107* on account of Mr. Lindauer, the principal of the Debtor and Related Entities, pledging receivership assets, granting a confession of judgment against the receivership estate, and transferring money from the receivership's bank account to Maverix Enterprise Holdings, Inc.

13. CR understands that the Receiver may also be filing a motion against non-debtor, Mr. Lindauer, individually, to compel turnover of certain receivership property in the State Court Action.

14. On May 8, 2026, the Receiver filed its *Motion to Approve and Consummate Asset Purchase Agreement* (the "**Consummation Motion**"), seeking to approve and consummate an amended/modified asset purchase agreement (the "**APA**"). A copy of the Consummation Motion is attached at Exhibit 2 (the APA is attached to the Consummation Motion at PDF page 18).

15. The Debtor and MXBB did not oppose the Consummation Motion, but since May 15, 2026, Viath has vigorously opposed the Consummation Motion in the State Court Action.

16. On August 27, 2026, the State Court held and concluded a hearing on the Consummation Motion.

17. On August 28, 2026, the State Court entered its *Order Granting Receiver's Motion to Approve and Consummate Asset Purchase Agreement* (the "**Sale Order**"), a copy of which is attached at Exhibit 3.[1] Pursuant to the Sale Order, the State Court, amongst other things, granted the Consummation Motion, approved the APA, and directed the Receiver to "sell, transfer, and assign the Acquired Assets, excluding the Excluded Assets, to Plaintiff CooperReilly Investment Fund, LLC or its assignee . . . under the APA." Ex. 3 at 3.

18. That same day, on August 28, 2026, CR and the Receiver closed under the APA. A copy of the Receiver's Bill of Sale is attached at Exhibit 4.

[1] Following the August 27, 2026 hearing, the State Court ordered the Receiver to submit a revised proposed order to confirm with the State Court's ruling, which Receiver submitted later that date. On August 28, 2026, Viath's counsel (and now purportedly Debtor's counsel) emailed the State Court's chambers raising concern over the form of the proposed order submitted by the Receiver. The State Court entered the Sale Order anyway. Following entry of the Sale Order CR and the Receiver closed on the contemplated transaction under the State Court approved APA on August 28, 2026.

**C. The Bankruptcy Case**

19. Three days after the sale closed, on August 31, 2026, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), through Viath's counsel of record in the State Court Action. The Debtor has not yet filed its required schedules and statements.

20. None of the Non-Debtors filed for protection under the Bankruptcy Code.

21. On August 31, 2026, Viath filed a *Notice of Bankruptcy Filing and Automatic Stay* in the State Court Action disclosing the Debtor's bankruptcy filing through Viath's counsel, and admitting "[t]his notice is given as to Maverix LLC only. Maverix Broadband, Inc. and Viath, Inc. have not filed petitions, and this notice expresses no position on the application of the stay to any other party or property, which, to the extent disputed, is for the bankruptcy court to determine." A copy of the Notice of Bankruptcy Filing and Automatic Stay as filed in the State Court Action and as served on counsel for CR is attached at Exhibit 5.

**LEGAL ARGUMENT**

22. By this Motion, CR respectfully requests the Court enter an order on an *ex parte* basis confirming the absence of the automatic stay under 11 U.S.C. § 362(a) with respect to the pre-petition claims and causes of action brought by CR against the Non-Debtors in the State Court Action.

23. The filing of a bankruptcy petition generally operates as an automatic stay against the commencement or continuation of judicial actions against a debtor and any act to obtain possession of property of the estate. *See* 11 U.S.C. § 362(a)(1), (3).

24. "The automatic stay applies to estate property, and does not apply to non-estate property." *Franco v. Franco (In re Franco)*, 574 B.R. 730, 735 (Bankr. D.N.M. 2017).

25. Furthermore, the automatic stay "stays proceedings *against the debtor only* and not co-debtors, or guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor." *Agrawal v. Ogden*, 753 F. App'x 644, 648 (10th Cir. 2018) (emphasis in original) (citations omitted); *see also In re John Q. Hammons Fall 2006*, No. 16-21142, 2018 Bankr. LEXIS 4313, at *3 (Bankr. D. Kan. Dec. 7, 2018) (stating the automatic stay does not prevent a receiver from exercising rights over a non-debtor's property); *see also In re Ebadi*, 448 B.R. 308, 316 (Bankr. E.D.N.Y. 2011) (it is a "well-established principle of bankruptcy law that a creditor is generally not barred from pursuing collection of a debt from a non-filing co-obligor or guarantor, even if one of the obligors, or the principal obligors, is a debtor in bankruptcy and is therefore shielded from collection efforts by the automatic stay.") (citing cases); *see also Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196 (6th Cir. 1983) ("It is universally acknowledged that an automatic stay of proceeding accorded by § 362 may not be invoked by such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor.");.

26. Here, the automatic stay does not apply to property of the Non-Debtors or CR's pending claims against the Non-Debtors in the State Court Action because the Non-Debtors have not filed their own bankruptcy petitions and are separate legal entities or people. *See Agrawal*, 753 F. App'x at 648.

27. Furthermore, the automatic stay does not prevent the Receiver from (i) continuing to exercise possession and control over the portion of the Receivership Estate property related to non-debtor Maverix Broadband, Inc. or (ii) proceeding with its authority and duties under the Order Appointing Receiver in the State Court Action against the Non-Debtors. *See John Q. Hammons Fall 2006*, 2018 Bankr. LEXIS 4313, at *3 (stating the automatic stay does not prevent a receiver from exercising rights over a non-debtor's property); *see also Franco v. Franco (In re*

*Franco)*, 574 B.R. 730, 735 (Bankr. D. N.M. 2017) ("The automatic stay applies only to estate property and does not apply to non-estate property.").

28. Thus, CR seeks entry of a comfort order confirming the automatic stay under 11 U.S.C. § 362(a) does not apply with respect to CR's claims in the State Court Action against the Non-Debtors or property of the Non-Debtors, such that CR may proceed with its state law remedies against the Non-Debtors and apply any collection with respect to the Non-Debtors' obligations under the Loan to the outstanding indebtedness of the Debtor. Further, CR seeks entry of a comfort order confirming the automatic stay under 11 U.S.C. § 362(a) does not prevent the already appointed Receiver from continuing to (i) exercise possession and control over the portion of the Receivership Estate property related to non-debtor Maverix Broadband, Inc. and (ii) proceeding with its authority and duties under the Order Appointing Receiver in the State Court Action against the Non-Debtors.

29. ***For the avoidance of doubt, CR does not seek relief from the automatic stay to pursue any claims against the Debtor or its property in the State Court Action.***

30. Pursuant to Local Rule 4001-5(b), a copy of this Motion is being served on the Debtor, Debtor's counsel, the Office of the United States Trustee and any other counsel that entered an appearance in this matter. A proposed order in substantially conformity with L.B.F. 4001-5.1 is being filed contemporaneously herewith.

31. Pursuant to L.B.R. 4001-5(c), the Court may act on a request for an order confirming the absence of the automatic stay on an ex parte basis without awaiting the presumptive fourteen-day notice period set forth in L.B.R. 9013-1(a)(5).

WHEREFORE, CR respectfully requests that the Court grant the Motion, enter an order on an *ex parte* basis in the form attached hereto, confirming the absence of the automatic stay

under 11 U.S.C. § 362(a) with respect to CR's claims in the State Court Action against the Non-Debtors and property of the Non-Debtors, confirming the automatic stay does not prevent the Receiver from continuing to exercise possession and control over the portion of the Receivership Estate property related to non-debtor Maverix Broadband, Inc. and proceeding with the Receiver's authority and duties under the Order Appointing Receiver in the State Court Action against the Non-Debtors, and entering such other and further relief that this Court deems proper.

Dated: September 1, 2026

Respectfully submitted,

*/s/ Matthew T. Faga*

Matthew T. Faga (41132)
Patrick R. Akers (54803)
MARKUS WILLIAMS LLC
1775 Sherman Street, Suite 1950
Denver, Colorado 80203
(303) 830-0800
(303) 830-0809 (facsimile)
mfaga@markuswilliams.com
pakers@markuswilliams.com

*Counsel for CooperReilly Investment Fund, LLC*

**CERTIFICATE OF SERVICE**

I certify that on September 1, 2026, I served a complete copy of the *Ex Parte* Motion Pursuant to L.B.R. 4001-5 for Order Confirming Absence of Automatic Stay on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules, including but not limited to the following:

- John Goutell, via CM/ECF
- U.S. Trustee, via CM/ECF
- Alan Motes, via CM/ECF
- David Laird, via CM/ECF
- Maverix LLC, via regular U.S. mail at 2755 Winter Way, Parker, CO 80138

*/s/ Jessica Anderson*
Jessica Anderson, Legal Assistant
For Markus Williams LLC