# EXHIBIT 3

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED<br>August 28, 2026 2:26 PM<br>CASE NUMBER: 2026CV30150 |
| Plaintiff: **COOPERREILLY INVESTMENT FUND, LLC,**<br><br>v.<br><br>Defendants: **MAVERIX LLC, MAVERIX BROADBAND, INC., and VIATH, INC.** | |
| | Case No.: 2026CV30150<br><br>Div.: 409 |

**ORDER GRANTING**
**RECEIVER'S MOTION TO APPROVE AND CONSUMMATE ASSET PURCHASE AGREEMENT**

**THIS MATTER** comes before the Court on Sonoran Capital Advisors' (the "Receiver") *Motion to Approve and Consummate Asset Purchase Agreement* (the "Motion"). The Court, having reviewed the Motion; Defendants Maverix LLC and Maverix Broadband, Inc.'s (together, "Borrowers") *Notice of Non-Objection to Receiver's Motion to Approve and Consummate Asset Purchase Agreement*; Viath, Inc.'s ("Viath") *Initial Objection to Receiver's Motion to Approve and Consummate the Asset Purchase Agreement* and *Response to Receiver's Motion to Approve and Consummate the Asset Purchase Agreement*; all related filings; and the evidence and arguments presented at the August 27, 2026 hearing, and being fully advised in the premises, hereby incorporates all findings made on the record and hereby:

**FINDS that:**

A. The Court has jurisdiction and venue is proper;

B. On March 22, 2024, Borrowers executed a Loan and Security Agreement and Secured Promissory Note in favor of Plaintiff in the original principal amount of $6,352,500.00, later increased to $7,933,446.57 by amendments (the "Loan"). Viath executed a Continuing Unconditional Guaranty. Borrowers granted Plaintiff a continuing security interest in all of their assets;

C. After Borrowers defaulted, the parties entered into a Forbearance Agreement dated June 24, 2025, and a Second Forbearance Agreement dated October 14, 2025. The Second

Forbearance Agreement required a sale process under agreed bid procedures, permitted Plaintiff to credit bid, and authorized a receiver to administer and conclude the process upon default. Viath signed the Second Forbearance Agreement and a separate guarantor acknowledgment;

D. After execution of the Second Forbearance Agreement and prior to the appointment of the Receiver, Borrowers and their broker marketed the assets and received several expressions of interest, but no binding purchase agreement. No qualified bid was submitted by the December 5, 2025 deadline, and Borrowers did not conduct the scheduled December 12, 2025 auction;

E. On December 11, 2025, Plaintiff submitted an asset purchase agreement under the bid procedures. Borrowers did not execute it or deliver another binding purchase agreement. On January 22, 2026, the Court appointed the Receiver and found that Plaintiff's asset purchase agreement was the only binding offer;

F. The Receivership Order placed Borrowers and their assets under the Receiver's control and directed the Receiver to protect the Collateral and administer and conclude the sale process set forth in the Second Forbearance Agreement;

G. The Receiver independently retested the market, selected BAM Broadband's approximately $12.2 million proposal, and conducted due diligence. BAM Broadband withdrew, and further outreach produced no replacement transaction;

H. The Receivership Order authorized the Receiver, subject to the Receiver's business judgment, to administer and conclude the sale process; negotiate, amend, or modify the APA; consummate the APA; execute necessary ancillary documents; and sign on behalf of Borrowers. (Receivership Order ¶ 11(r)-(s));

I. After negotiations, the Receiver and Plaintiff executed the current asset purchase agreement ("APA") on May 8, 2026, for a $7,000,000.00 credit bid plus $25,000.00 in cash, and the Receiver filed the Motion seeking approval to consummate it;

J. On May 13, 2026, Borrowers entered into a Partial Settlement Agreement with Plaintiff and filed a Notice of Non-Objection, agreeing not to oppose, delay, hinder, or narrow approval and consummation of the APA while preserving their defenses to any later deficiency claim;

K. On July 7, 2026, the Receiver filed and served notice of the August 27, 2026 hearing on the Motion, and notice to the Notice Parties was adequate and proper;

L. To date, the Receiver has complied with the Receivership Order and the Court's directives concerning the sale process and the APA;

M. Each of the following is proper, appropriate, fair, equitable, and in the best interests of the Receivership Estate: (i) notice of the Motion and the APA; (ii) the Receiver's exercise of

business judgment and determination to sell the Acquired Assets pursuant to the APA; and (iii) the terms of the APA. Accordingly,

**IT IS HEREBY ORDERED that:**

1. The Motion is GRANTED.

2. The APA attached to the Motion as Exhibit 1 and its terms are APPROVED.

3. The Receiver is authorized and directed to: (a) sell, transfer, and assign the Acquired Assets, excluding the Excluded Assets, to Plaintiff CooperReilly Investment Fund, LLC or its assignee (the "Purchaser") under the APA; (b) execute ancillary documents necessary to close the transaction; (c) take all actions necessary to consummate and perform under the APA; and (d) sign the APA and ancillary documents on behalf of Borrowers. All parties to the sale shall perform their obligations under the APA.

4. The Receiver may assume and assign the Assumed Contracts and Assumed Leases to the Purchaser in accordance with the APA.

5. Except as otherwise provided in the APA, the sale of the Acquired Assets shall be free and clear of all liens, claims, and security interests of the Notice Parties, including, without limitation, any lien, claim, or security interest that was or could have been asserted by any of the Notice Parties.

6. The Receiver shall distribute any sale proceeds in accordance with paragraph 18 of the Receivership Order.

7. Neither the entry of this Order nor approval of the Motion, sale transaction, or $7,025,000.00 sale price shall give rise to claim preclusion, issue preclusion, estoppel, waiver, or any similar doctrine as to the value of the Acquired Assets in any action to determine a deficiency owed by Borrowers or Viath, Inc. to Plaintiff. Any remaining deficiency will be addressed by agreement or in this action after closing of the APA.

8. The Court makes no ruling on commercial reasonableness at this time, and expressly reserves and preserves that issue at this time.

IT IS SO ORDERED. BY THE COURT:

Dated: August 28, 2026

District Court Judge