**IN THE UNITED STATES BANKRUPTCY COURT**

DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | Case No. 26-16423-MER |
| | ) | |
| MAVERIX, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**Declaration Of Matthew C. Campbell In Support Of Second Amended Application Of Debtor For Entry Of An Order Authorizing The Retention And Employment Of Matthew C. Campbell Of The Law Offices Of Matthew C. Campbell LLC As Counsel To The Debtor**

I declare under penalty of perjury of the Laws of the United States of America as follows:

1. I am the sole attorney in the Law Firm of Matthew C. Campbell LLC ("Law Firm" or the "Firm"), with principal offices at 170 E 12" St. Ste. 9, Durango, CO 81301, and am duly admitted to practice in the State of Colorado as well as before the United States District Court for the District of Colorado. I submit this declaration (this "Declaration") in support of the Application of Debtors for Entry of an Order Authorizing the Retention and Employment of Matthew C. Campbell LLC as Counsel to the Debtors (the "Application").

2. The Law Offices Of Matthew C. Campbell LLC has conducted a series of searches of records to identify relationships with the Debtors, their lenders, their equity holders, and various other parties-in-interest in this bankruptcy case.

3. Based on the conflicts and connections search conducted and described herein, to the best of my knowledge, I do not, insofar as I have been able to ascertain, have any connection with the Debtors or any other parties-in-interest herein, except as stated below:

    a. I have agreed to receive payment from Debtor's affiliate. See, DECLARATION OF DAVID LINDAUER IN SUPPORT OF APPLICATION OF DEBTOR FOR AN ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MATTHEW C. CAMPBELL OF THE LAW OFFICES OF MATTHEW C. CAMPBELL LLC AS COUNSEL TO THE DEBTOR dated September 22, 2026. Everything in Mr. Lindauer's declaration is true and correct to the best of my knowledge and belief, though I do not have firsthand knowledge of everything therein.

4. In addition, to the best of my knowledge, information, and belief and in accordance with Bankruptcy Rule 5002, neither I nor my firm are a relative of the United States Bankruptcy Judge assigned to this case, and neither I nor the Law Offices of Matthew C. Campbell LLC have a connection with any United States Bankruptcy Judge that would render the Firm's retention in the Chapter 11 Cases improper. Further, in accordance with

Bankruptcy Rule 2014, the Law Offices of Matthew C. Campbell LLC does not have any connection with the U.S. Trustee or any persons employed by the U.S. Trustee.

5. Based upon my review of interested parties, I have determined that I do not represent any party in these proceedings with a material adverse interest with respect to the Debtor. I will supplement this declaration, as necessary, with additional information or disclosures in the event that additional information is developed. I and my firm are a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Law Offices of Matthew C. Campbell LLC and its employees:

    a. are not creditors, equity security holders, or insiders of the Debtors;

    b. are not and were not, within two (2) years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

    c. do not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to,connection with, or interest in the Debtors, or for any other reason.

6. As set forth above, and subject to any explanations and/or exceptions contained therein or herein, the Law Offices of Matthew C. Campbell LLC does not hold or represent any interest adverse to the Debtors in connection with the matters upon which the Law Offices of Matthew C. Campbell LLC is to be engaged and (b) is disinterested. If the results of further investigation reveal any additional connections, myself or my firm will make appropriate disclosures

7. The Law Offices was retained by the Debtors pursuant to the Engagement Agreement, a copy of which is attached as Exhibit D to the Application. In accordance with the Engagement Agreement, in connection with its proposed postpetition representation of the Debtors, I received an initial retainer of $30,000. David Lindauer has also personally guaranteed payment to me.

8. Neither I nor my firm received any other payments or promises of payment from the Debtors on account of services rendered or to be rendered in contemplation of or in connection with the Chapter 11 Case.

9. The Law Offices of Matthew C. Campbell intends to apply for compensation for professional services rendered in connection with the Chapter 11 Cases subject to approval of the Court and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any administrative order entered by the Court, on an hourly basis, plus for reimbursement of actual, necessary, and reasonable expenses and other charges incurred. The principal attorneys and paralegal designated to represent the Debtors and their current standard hourly rates are:

    a. Matthew C. Campbell (attorney) $350/hr.

    b. Tammy Walters (paralegal) $75/hr.

10. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

11. The Debtors have been advised that the hourly rates set forth above are my standard hourly rates for work of this nature, and that these rates are set at a level designed to fairly compensate for the work of attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Law Office of Matthew C. Campbell LLC's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, mailing and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, computerized research, transcription costs, as well as non- ordinary overhead expenses approved by the client such as secretarial and other overtime. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

12. No promises have been received by me or the Firm as to compensation in connection with the Chapter 11 Case other than in accordance with the provisions of the Bankruptcy Code. The Law Firm of Matthew C. Campbell has no agreement with any other entity to share with such entity any compensation received by the Law Offices of Matthew C. Campbell in connection with this bankruptcy case.

13. I have not agreed to a variation of its standard or customary billing arrangements for this engagement. None of the Firm's professionals included in this engagement have varied their rate based on the geographic location of the Chapter 11 Cases. The billing rates and material terms of the prepetition engagement are the same as the rates and terms described in the Application and herein. The Debtor will be approving a prospective budget and staffing plan for my and my firm's engagement for the postpetition period. In accordance with the U.S. Trustee Guidelines, the budget may be amended as necessary to reflect changed or unanticipated developments.

14. The professional services that I will render to the Debtors include but shall not necessarily be limited to the following: a. providing legal advice and services with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their business, management of their property, the Local Rules, practices, and procedures, and providing substantive and strategic advice on how to accomplish the Debtors' goals in connection with the prosecution of these cases; b. preparing, on behalf of the Debtors, necessary applications, motions, answers, orders, reports, and other legal papers; c. appearing in Court and at any meeting with the United States Trustee for the District of Colorado (the "U.S. Trustee") and any meeting of creditors at any given time on behalf of the Debtors as their counsel; d. performing various services in connection with the administration of the Chapter 11 Cases, including, without limitation: (i) preparing agenda letters, certificates of no objection, certifications of counsel, notices of fee applications and hearings, and hearing binders of documents and pleadings; (ii) monitoring the docket for filings and assessing pending matters that need responses; (iii) preparing and maintaining critical dates memoranda to monitor pending applications, motions, hearing dates, and other matters and the deadlines associated with the same; (iv)

handling inquiries and calls from creditors and counsel to interested parties regarding pending matters and the general status of the Chapter 11 Case; and e. performing all other services assigned by the Debtors; to the extent the Firm determines that such services fall outside of the scope of services historically or generally performed by as counsel in a bankruptcy proceeding,The Law Offices of Matthew C Campbell LLC will file a supplemental declaration pursuant to Bankruptcy Rule 2014.

15. To the extent that I am assigned services by the Debtor that fall outside the scope described above, I will file a supplemental declaration in accordance with Bankruptcy Rule 2014.

16. The facts set forth in the Application and herein are true and correct to the best of my knowledge, information, and belief.

Signed under penalty of perjury this 1st day of October, 2026.

By: /s/ Matthew C Campbell

Matthew C. Campbell, attorney for Debtor
Co. Reg. No. 42713
LAW OFFICES OF MATTHEW C. CAMPBELL LLC
Durango, CO 81301
(970) 422-4270 phone
(970) 478-0178 fax
matthew@cswlegal.com