IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | Case No. 26-16423-MER |
| | ) | |
| MAVERIX LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**DECLARATION OF DAVID LINDAUER IN SUPPORT OF APPLICATION OF DEBTOR'S AMENDED MOTION FOR AN ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MATTHEW C. CAMPBELL OF THE LAW OFFICES OF MATTHEW C. CAMPBELL LLC AS COUNSEL TO THE DEBTOR**

I declare under penalty of perjury of the Laws of the United States of America as follows:

1. My name is David Lindauer.

2. I am the Chief Executive Officer and sole member of the Board of Directors of the Debtor.

3. I am also the Chief Executive Officer and sole member of the Board of Directors of of Maverix Broadband, Inc. ("Intermediate MEH"), which is the sole member of the Debtor.

4. I am also the Chief Executive Officer and sole member of the Board of Directors of Maverix Enterprise Holding, Inc. ("MEH"), the sole member of Intermediate MEH.

5. I submit this Declaration in support of the Application of Debtor for Entry of an Order Authorizing the Retention and Employment of The Law Offices of Matthew C. Campbell LLC as Counsel to the Debtor.

6. Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by other members of the Debtors' management and employees.

PAYMENT FROM MEH

7. I have arranged for a deposit of $30,000 to be paid to the Law Offices of Matthew C. Campbell LLC from MEH on behalf of Debtor.

8. I have personally guaranteed Mr. Campbell's payment of fees and expenses.

9. On behalf of MEH, I have retained independent legal counsel and understand that the attorney's duty of undivided loyalty is owed exclusively to the Debtor, not the Parent, Corporation, any other related company, any insider, or any other person or entity.

10. I have authorized Mr. Campbell to disclose the factual and legal relationship between the MEH (payer) and the Debtor.

11. After reasonable inquiry, I have not become aware of any facts which would otherwise create non-disinterestedness, actual conflict, or impermissible potential for a conflict of interest between the Debtor and Matthew C. Campbell or his firm.

12. A true and correct copy of the Legal Services Agreement between the Debtor and the Law Offices of Matthew C. Campbell LLC is attached hereto.

## BUSINESS RELATIONSHIP BETWEEN MEH AND PAYOR

13. Viath, Inc. owns a majority of Maverix Enterprise Holdings, Inc. ("MEH"). MEH owns 100 percent of Maverix Broadband, Inc. (the "Corporation"). The Corporation owns the sole membership interest in the Debtor. Both entities have filed with the Federal Communications Commission under their own registrations. The Debtor was formed July 31, 2020. The Corporation was not formed until September 21, 2022. No merger, conversion, dissolution or asset assignment between them has ever been filed or executed, and none exists.

14. The Debtor holds the registered trade name "Maverix Broadband" (Colorado Secretary of State ID 20211042091, effective January 15, 2021). The Corporation holds no registered trade name.

15. Until June 27, 2024 the Debtor maintained its own operating account: a Wells Fargo Optimize Business Checking account ending 6167, titled "MAVERIX LLC." That account received the business's customer receipts, and also loan proceeds and advances from affiliates, and it paid the business's bills. After June 27, 2024, the Debtor maintained no bank account of its own. Debtor's customer receipts have been deposited into an account titled to the Corporation, and the Debtor's payables have been paid from that account. The books do not carry a due-to or due-from entry recording those receipts and payments. No entity-level ledger was maintained for the Debtor after its account closed, and no financial statement of the Debtor exists after its 2022 federal return.

16. The books do not carry a due-to or due-from entry recording those receipts and payments. The records that would allow those amounts to be identified and stated are among the records the receiver holds.

17. The Corporation and the Debtor have been under a receiver's control, but not MEH.

18. To the best of my knowledge and belief, there have not been any direct payments between the Debtor and MEH which did not go through the intermediary Corporation.

## INTERCOMPANY BALANCES

19. The receiver's Third Report states intercompany balances owed from the receivership estate of $4,010,718.37 to MEH, Viath, Inc. and other MEH subsidiaries outside the receivership.

20. The balance sheets that exists for the Corporation recordp shareholder and affiliate loan accounts: Viath, its owners, and related parties also lent capital to the business, which is reflected on the most recent balance sheet prepared before the receivership, in December 2025. At December 31, 2025, the Corporation's books carried shareholder loans of $6,968,849.98: a David Lindauer revolver of $213,146.66, a Tyler Bartholomew revolver of $387,291.02, a Brad Billman revolver of $154,564.69, and a Viath revolver of $6,213,847.61. It separately carried related-party notes of $1,388,435.69: $341,923.17 from Brad Billman, $619,539.70 from the Estate of C. Dudley Clayberg, $397,779.70 from Elizabeth Lindauer, and a $29,193.12 vehicle lease from David Lindauer.

21. The last balance sheet that exists for the Debtor, dated December 31, 2022, records a loan from Viath of $864,074.81 and Viath equity of $10,936,821.73, together with amounts owed to Mr. Bartholomew and Mr. Billman. Those balances appear on the Corporation's books beginning January 1, 2023. No asset assignment, assumption or contribution agreement moving them has been located, and I do not know of one.

22. One unpaid promissory note names the Debtor as maker: a $220,000 secured promissory note to Bradley Billman dated January 16, 2023, amended October 26, 2023.

<u>THE DEBTOR'S SELECTION OF COUNSEL</u>

23. Debtor selected Matthew C. Campbell as bankruptcy counsel because previous counsel had a conflict.

24. While Mr. Campbell's practice is not primarily bankruptcy, I understood that he had completed work in the past in both the United States Bankruptcy Court for the District of Idaho and the United States Bankruptcy Court for the District of Colorado and is prepared to undertake the research necessary. Mr. Campbell has appeared in previous Chapter 11 proceedings.

<u>COST SUPERVISION</u>

25. In my capacity as CEO and sole member of the Board of Directors, I will be responsible for supervising outside counsel retained by the Debtor. As discussed below, I will be responsible for reviewing the invoices and payments regularly submitted by Mr. Campbell and his firm, and can confirm that the rates Mr. Campbell and will charge in this matter ($350/hr) appear to be substantially the same as rates Mr. Campbell customarily charges for similar work and are reasonable.

26. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Signed under penalty of perjury this 1st day of October, 2026.

______________________________
David Lindauer