**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MAVERIX LLC, | ) | Case No. 26-16423 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

**MOTION PURSUANT TO L.B.R. 4001-5**
**FOR ORDER CONFIRMING ABSENCE OF AUTOMATIC STAY**

Pursuant to L.B.R. 4001-5, the State Of Colorado, Governor's Office of Information Technology's Colorado Broadband Office (the "State"), by and through undersigned counsel, submits this Motion Pursuant to L.B.R. 4001-5 for Order Confirming Absence of Automatic Stay (the "Motion") seeking for entry of an order confirming the absence of the automatic stay with respect to claims against and property of certain non-debtors, and states as follows:

## BACKGROUND

### A. Broadband Grants Awarded to Maverix Broadband, Inc.

1. The State awarded Maverix Broadband, Inc. ("MXBB") certain State and Federal grants to build broadband networks for unserved and underserved locations in Colorado for the benefit of Colorado citizens without access to reliable broadband services (the "Broadband Grants"). The six (6) Broadband Grants and relevant amendments are attached hereto as Exhibits 1-6.

2. The Broadband Grants include state-issued grants ("State Grants") and federal grants ("Federal Grants") (collectively "the Grant Agreements").

3. Each of the Federal Grants was made under the U.S. Department of the Treasury Capital Projects Fund ("CPF") grant program. As such, each broadband network built using the grant funds is subject to the "Federal Interest Period". For the CPF grant program, the Federal Interest Period runs to December 31, 2034. This imposes certain ownership, disposition, and lien requirements on the broadband network asset. *See* State and Local Fiscal Recovery Funds (SLFRF) and CPF Supplementary Broadband Guidance, Exhibit 9. The Kiowa CPF Grant project in particular is likely "substantially completed." Thus, the U.S. Department of the Treasury, and the State as administrator of the CPR Grant program have an interest in the Kiowa CPF grant.

4. For State Grants, the State has an interest in preserving its recoupment rights and other remedies under the Grant Agreements. *See* Exhibit 4, pg. 15 (Paragraph 12(A)(iii) – Recoupment of Grant Funds)

5. MXBB was also preliminarily awarded six (6) federal grants under the Broadband Equity Access and Deployment ("BEAD") grant program totaling over $100M in grant funds. The BEAD grant agreements have not been executed by the State. *See* BEAD Provisional Awardee List, Exhibit 7; MXBB BEAD Grant Application, Exhibit 8.[1]

6. Without informing the State, MXBB entered receivership on Jan 22, 2026. Entering receivership is, by definition, a breach of the Grant Agreements. Under each Grant Agreement, "Breach of Agreement" is defined as:

---

[1] The public list of BEAD provisional grant awardees is available at https://colorado-broadband-challenge-portal-cooit.hub.arcgis.com/datasets/7bc90780d52c4eef8cc43a2b870e7fb0.

> "Breach of Agreement" means the failure of a Party to perform any of its obligations in accordance with this Agreement, in whole or in part or in a timely or satisfactory manner. The institution of proceedings under any bankruptcy, insolvency, reorganization or similar law, by or against Grantee, or the appointment of a receiver or similar officer for Grantee or any of its property, which is not vacated or fully stayed within 30 days after the institution of such proceeding, shall also constitute a breach. If Grantee is debarred or suspended under §24-109-105, C.R.S. at any time during the term of this Agreement, then such debarment or suspension shall constitute a breach. (emphasis added)

Exhibit 1, pg. 16.

7. As the receivership remains pending, MXBB is currently in breach of the Grant Agreements.

8. The State's remedies under the Grant Agreements in the event of breach include termination and recoupment of grant funds. *See* e.g., Exhibit 1, pg. 16-18.

**B. The State Court Receivership and Bankruptcy Case**

9. On January 13, 2026, CooperReilly Investment Fund, LLC ("CR") initiated an action against the Debtor, MXBB, and Viath Inc. before the District Court for the City and County of Denver, Colorado (the "State Court") in the action styled, CooperReilly Investment Fund, LLC v. Maverix LLC, et al., No. 2026CV3015 (Colo. Dist. Ct. Denver Cty. Jan. 13, 2026) (the "State Court Action"), asserting claims for breach of contract and the appointment of a receiver to conclude the Sale Process.

CR also filed a Verified Motion for Ex Parte Appointment of Receiver in the State Court Action.

10. On January 22, 2026, the Court entered its Order Granting Verified Motion for Ex Parte Appointment of Receiver (the "Order Appointing Receiver"), appointing Sonoran Capital Advisors (the "Receiver") over the Debtor and MXBB, and their respective property.

11. On August 20, 2026, CR amended its complaint to name David R. Lindauer, Maverix Enterprise Holdings, Inc., End to End Construction, LLC, EngiNuity Works LLC, and Splice Techs, LLC (together with MXBB and Viath Inc., the "Non-Debtors").

12. Receiver and MXBB mutually agreed that the Receiver would abandon the preliminarily awarded BEAD grant agreements. On May 18, 2026, the State Court issued an unopposed order allowing the Receiver to abandon the preliminarily awarded BEAD grant agreements from the Receivership.

13. On May 8, 2026, the Receiver filed its Motion to Approve and Consummate Asset Purchase Agreement (the "Consummation Motion"), seeking to approve and consummate an amended/modified asset purchase agreement. The State Court entered an Order Granting Receiver's Motion to Approve and Consummate Asset Purchase Agreement on August 28, 2026.

14. On August 31, 2026, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). None of the Non-Debtors, including MVBB, filed for protection under the Bankruptcy Code.

## LEGAL ARGUMENT

23. By this Motion, the State respectfully requests the Court enter an order confirming the absence of the automatic stay under 11 U.S.C. § 362(a) with respect to the Grant Agreements issued to the MXBB and the State's potential remedies as to the Non-Debtors. For the avoidance of doubt, the State also respectfully requests the Court enter an order confirming the absence of the automatic stay under 11 U.S.C. § 362(a) with respect to the preliminarily awarded BEAD grant agreements and the State's potential remedies as to the Non-Debtors.

24. The filing of a bankruptcy petition generally operates as an automatic stay against the commencement or continuation of judicial actions against a debtor and any act to obtain possession of property of the estate. See 11 U.S.C. § 362(a)(1), (3).

25. "The automatic stay applies to estate property, and does not apply to non-estate property." *Franco v. Franco (In re Franco)*, 574 B.R. 730, 735 (Bankr. D.N.M. 2017).

26. Furthermore, the automatic stay "stays proceedings against the debtor only and not co-debtors, or guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor." *Agrawal v. Ogden*, 753 F. App'x 644, 648 (10th Cir. 2018) (emphasis in original) (citations omitted); see also *In re Ebadi*, 448 B.R. 308, 316 (Bankr. E.D.N.Y. 2011).

27. In this case, the automatic stay does not apply to property of the Non-Debtors because the Non-Debtors have not filed their own bankruptcy petitions and are separate legal entities from Debtor. See *Agrawal,* 753 F. App'x at 648.

29. Thus, the State seeks entry of a comfort order confirming the automatic stay under 11 U.S.C. § 362(a) does not apply with respect to the State's potential state-court claims against the Non-Debtors, such that the State may proceed with its state law remedies as to the Non-Debtors, including remedies set forth under the Grant Agreements.

WHEREFORE, the State respectfully requests that the Court grant the Motion, and enter an order in the form attached hereto, confirming the absence of the automatic stay under 11 U.S.C. § 362(a) with respect to any action of the State against the Non-Debtors, including all remedies afforded to the State under the Grant Agreements awarded to MXBB, and recission of the preliminarily awarded BEAD grants.

Respectfully submitted October 1, 2026.

**PHILIP J. WEISER**
**Attorney General**

/s/ *Morgan H. Stanley*
Morgan Henry Stanley #56400
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 8th Floor
Denver, CO 80203
Direct dial: 720-508-6322
Email: morgan.stanley@coag.gov

## CERTIFICATE OF SERVICE

I certify that on October 1, 2026, a true and correct copy of the foregoing **Motion Pursuant to L.B.R. 4001-5 for Order Confirming Absence of Automatic Stay** was served through the CM-ECF system addressed to those registered to receive such notices.

/s/ *Morgan H. Stanley*