# SLFRF and CPF Supplementary Broadband Guidance

*As provided for in each SLFRF and CPF award agreement, the Uniform Guidance applies to all uses of funds made available under those awards unless provided otherwise by Treasury. In response to questions from recipients and internet service providers, Treasury is issuing the following guidance regarding the application of the Uniform Guidance to broadband infrastructure projects. This guidance applies to broadband infrastructure contracts and subawards funded by SLFRF and CPF for states, territories, freely associated states, and local governments, including those entered into prior to the release of this guidance.*

**Should internet service providers (ISPs) that are selected by recipients to install broadband infrastructure be considered subrecipients or contractors?**

Each recipient should make this determination based on the nature of the broadband program it has established and its relationship with ISPs. The Uniform Guidance at 2 CFR 200.331 provides guidance as to when to consider entities as contractors or subrecipients. Treasury has previously confirmed that CPF and SLFRF recipients may provide subawards or contracts to other entities for the construction of eligible projects. *See* CPF FAQs 4.4-4.10, SLFRF FAQ 13.9.

Treasury understands that in many cases states have considered ISPs installing broadband infrastructure using SLFRF or CPF award funds to be subrecipients of the SLFRF or CPF award. Recipients may also consider ISPs to be contractors. See below for details about the Uniform Guidance provisions that apply depending on whether the ISP is a subrecipient or contractor.

For purposes of this guidance, the term "ISP" includes subrecipients and contractors installing broadband infrastructure using SLFRF and CPF funds, and is not limited to entities that provide retail Internet access service.

**Which provisions of the Uniform Guidance apply to broadband projects?**

The SLFRF and CPF award terms provide that all provisions of the Uniform Guidance apply to recipients' implementation of those programs unless Treasury provides otherwise. In response to questions from recipients, Treasury is providing the following clarifications and additional guidance.

> <u>If ISP treated as subrecipient</u>: Recipients that characterize their ISPs as subrecipients must follow the provisions of the Uniform Guidance relating to subrecipients, subject to the following clarifications and additional guidance on property, program income, cost principles, procurement, audit, and monitoring requirements.
>
> <u>If ISP treated as contractor</u>: Recipients that characterize their ISPs as contractors must follow the provisions of the Uniform Guidance relating to contractors, including by following procurement rules in the selection of contractors and the imposition of the applicable terms provided in Appendix II, Contract Provisions for Non-Federal Entity Contracts Under Federal Awards, of the Uniform Guidance.

*Program income*
The default rule of the Uniform Guidance is that program income must be deducted from the award amount unless the awarding agency provides otherwise. The definition for program income can be found in 2 CFR 200.1, and the treatment of program income is discussed in 2 CFR 200.307. Treasury is providing the following guidance for broadband projects.

> If ISP treated as subrecipient: Income generated by ISPs from subawards will not be considered program income and ISPs may use such income without restriction.
>
> If ISP treated as contractor: Recipients may agree to permit ISPs that are characterized as contractors to retain income generated by the ISPs from broadband infrastructure the ISP installs provided that such an agreement is consistent with the state's procurement requirements or, in the case of a local government, is consistent with the Uniform Guidance provisions on procurement and this guidance. Such income earned by contractors is not considered program income and thus may be used by the contractor without restriction.

Treasury clarifies that income from indefeasible rights of use (IRUs) and leases relating to broadband infrastructure will not be considered program income.

*Cost principles, procurement practices and fixed amount subawards*
ISPs that receive fixed amount subawards and ISPs that are treated as contractors are not required to comply with the cost principles and procurement practices of the Uniform Guidance.

In general, the Uniform Guidance provides that subrecipients must follow the procurement rules and cost principles in determining which costs incurred by subrecipients may be covered using the award. These requirements apply to non-federal entities as well as for-profit subrecipients.

The Uniform Guidance permits agencies to provide an exception from the cost principles and procurement requirements in the case of fixed amount subawards (*See* 2 CFR 200.1, 200.201(b), and 200.333). Typically, fixed amount subawards may only be issued with the prior written approval of the federal awarding agency and only in an amount up to the $250,000 Simplified Acquisition Threshold. Treasury, with the approval of the Office of Management and Budget, is providing that recipients may issue fixed amount subawards for broadband infrastructure projects without further Treasury approval regardless of whether the value of the sub-award exceeds $250,000 and that recipients are not required to apply the cost principles and procurement requirements of the Uniform Guidance to ISPs receiving such fixed amount subawards.[1]

Treasury further clarifies that a subaward that otherwise meets the requirements of 2 CFR 200.201(b) may be considered a fixed amount subaward even if: 1) the recipient uses its discretion to impose a cost-sharing or match requirement on the subrecipient; or 2) the recipient requires ISPs to submit evidence of costs. More specifically, subawards that provide for a maximum payment amount that is calculated based on a reasonable estimate of actual cost (see 2 CFR 200.201(b)(1)) will be considered fixed amount subawards even if the subaward agreement also provides that payments to the ISP subrecipient will be limited to actual costs after review of evidence of costs.

[1] Recipients wishing to use fixed amount subawards for other types of projects must still obtain prior approval from Treasury unless they are undertaken under the SLFRF revenue loss eligible use category.

Pursuant to section 200.201(b)(3) of the Uniform Guidance, the subrecipient must certify in writing to the recipient at the end of the federal award that the project or activity funded under the fixed amount subaward was completed. Accordingly, an ISP receiving a fixed amount subaward must certify to the recipient that the broadband project reached substantial completion by the end of the period of performance, December 31, 2026.[2]

Treasury further clarifies that costs incurred prior to an ISP receiving an award are reimbursable to the extent that they would have been allowable if incurred after the date of the federal award or subaward (for example, if an ISP purchased fiber or other broadband equipment in advance of being awarded a subaward or contract).

*Ownership of infrastructure*

The Uniform Guidance sets forth property standards for property acquired or improved under a federal award. Treasury is providing that the following requirements will apply to broadband infrastructure installed under fixed amount subawards.

Instead of applying the full Uniform Guidance provisions, Treasury is providing that the following requirements will apply in the case of property associated with a broadband infrastructure project funded with the SLFRF or CPF and substantially completed by December 31, 2026. In this case, the federal interest in SLFRF or CPF broadband infrastructure will last until December 31, 2034 (Federal Interest Period).

Title to real property or equipment acquired or improved under the award (i.e., the broadband infrastructure installed pursuant to the ISP's subaward or contract with the recipient) (Project Property) vests in the ISP, subject to the condition that, for the duration of the Federal Interest Period, the ISP and any successors or transferees:

(1) must use the Project Property for the authorized purposes of the project in the same manner as they use comparable real property and equipment within their networks in the ordinary course of their business, subject to the rights to disposition provided below,
(2) must continue to provide internet service to the service areas and at the standard initially agreed upon by the recipient and ISP,
(3) must participate in federal programs that provide low-income consumers with subsidies on broadband internet access services,
(4) must comply with the requirements of section 200.310 (Insurance), which may be satisfied by adequate self-insurance,
(5) must comply with the use and management requirements for equipment in sections 200.313(c)(4) and 313(d), which may be satisfied by applying the ISP's commercial practices for meeting such requirements in the normal course of business (e.g., commercial inventory controls, loss prevention procedures, etc.), provided that such inventory controls indicate the applicable federal interest,
(6) must maintain records of real property that include an indication of the applicable federal interest,

[2] As defined in previously-issued CPF guidance, substantial completion means that the project can fulfill the primary operations that it was designed to perform, delivering services to end-users. At substantial completion, service operations and management systems infrastructure must be operational.

(7) may dispose of Project Property in the ordinary course of business when no longer needed to operate the network, such as in order to upgrade equipment and improve facilities, provided that at least the same level of service provided by the network is maintained and there is no material interruption to service and that such upgraded property is subject to the same requirements provided in this guidance as other Project Property,
(8) may otherwise sell or transfer Project Property only after provision of notice to Treasury that identifies the successor or transferee and after securing the agreement of the successor or transferee to comply with these requirements and the acknowledgement of the successor or transferee of the federal property interest, and
(9) must notify the recipient and Treasury upon the filing of a petition under the Bankruptcy Code, whether voluntary or involuntary, with respect to the ISP or its affiliates.

Pursuant to 2 CFR 200.316 and in recognition that these broadband programs are being executed for the benefit of the public being served by the broadband infrastructure, for the duration of the Federal Interest Period, the ISP must hold Project Property in trust for the beneficiaries of the SLFRF or CPF broadband infrastructure project.

ISPs may encumber Project Property if Treasury receives a shared first lien position in the Project Property such that, if the Project Property were foreclosed upon and liquidated, Treasury would receive the portion of the fair market value of the property that is equal to Treasury's percentage contribution to the project costs. For example, in the case in which Treasury had contributed 50% of the project costs, Treasury would receive 50% of the fair market value of the Project Property when liquidated. Treasury will post standard forms of liens, covenants, and intercreditor agreements to implement this arrangement. Treasury will not otherwise require ISPs following these requirements to record liens or other notices of record.

An ISP must comply with 2 CFR 200.312, to the extent any federally-owned real property or equipment is used by the ISP.

An ISP not complying with the requirements provided in this guidance must request disposition instructions from Treasury pursuant to 2 CFR 200.311(c) or 200.313(e), as applicable.

Except as provided above, the property standards set forth in 2 CFR 200.311 and 200.313 - 315 shall not apply. Recipients may impose additional conditions at their discretion but may not grant exceptions from these requirements without the consent of Treasury.

In the case of a subaward that is not a fixed amount subaward, the ISP subrecipient must follow the property standards provided by 2 CFR 200.310-316.

*Audit and monitoring requirements*

For contracts: ISPs are not subject to subpart F of the Uniform Guidance with respect to the funds they receive for such project; however, recipients must oversee their contractors to ensure that contractors perform in accordance with their contracts, including with respect to the requirements outlined above.

For subawards: Under the Uniform Guidance, all non-federal entity subrecipients are subject to the audit requirements in subpart F, including ISPs. Non-federal entity subrecipients are required to submit

single audits or program-specific audits to the Federal Audit Clearinghouse (FAC), the government-wide repository for audits of financial assistance programs.

For-profit subrecipients are not subject to Subpart F but are subject to the terms and conditions in the award between a federal awarding agency and a recipient, and, pursuant to 2 CFR 200.501(h), recipients have an obligation to ensure compliance by for-profit subrecipients. Under that provision, methods to ensure compliance for federal awards made to for-profit subrecipients may include pre-award audits, monitoring during the agreement, and post-award audits.

This provision may be satisfied by the submission of an audit or other documentation that covers multiple subawards and multiple federal programs. For-profit subrecipients may use the Schedule of Expenditures of Federal Awards (SEFA) as a framework for how to organize expenditure data across programs.

Recipients may contact Treasury to discuss circumstances not addressed in this FAQ.