**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| IN RE:<br><br>MAVERIX LLC<br><br><br><br>Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 26-16423<br><br><br>Chapter 11 |

**NOTICE OF RULE 2004 SUBPOENAS TO PRODUCE DOCUMENTS**

Sonoran Capital Advisors, LLC (the "Receiver"), the court-appointed receiver over Maverix LLC (the "Debtor") and Maverix Broadband, Inc., by and through undersigned counsel, gives notice pursuant to Fed. R. Civ. P. 45(a)(4), as made applicable by Fed. R. Bankr. P. 2004(c) and 9016, of the subpoenas commanding the production of documents on the persons and entities identified below.

The subpoenas are issued pursuant to the Court's September 24, 2026 Order Granting Motion for 2004 Examination [Docket No. 62], as to the Debtor, and the Court's October 9, 2026 Order Granting Motion for 2004 Examination [Docket No. 93], as to the remaining recipients.
3. The subpoenas are directed to the following recipients:

a. Maverix LLC;
b. Maverix Broadband, Inc.;
c. Viath, Inc.;
d. Maverix Enterprise Holdings, Inc.;
e. EngiNuity Works, LLC;
f. End to End Construction, LLC;
g. Splice Techs, LLC; and
h. David R. Lindauer.

**Dated:** Denver, Colorado
October 15, 2026

FENNEMORE CRAIG, P.C.

/s/*David A. Laird*

David A. Laird, Esq.
Fennemore Craig, P.C.
3615 Delgany Street, Suite 1100
Denver, CO 80216
Telephone: (303) 291-3200
Facsimile: (303) 291-3201
dlaird@fennemorelaw.com

*Counsel for Sonoran Capital Advisor*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 15, 2026, a true and correct copy of the foregoing Notice of Intent to Serve Rule 2004 Subpoenas to Produce Documents, together with copies of all subpoenas identified therein, was served through the Court's CM/ECF system on all parties and counsel registered to receive electronic notice in this case, as reflected in the Notice of Electronic Filing.

| | | |
|---|---|---|
| ***Debtor***<br>**Maverix LLC**<br>2755 Winter Way<br>Parker, CO 80138<br>ELBERT-CO<br>Tax ID / EIN: 85-2283294<br>***aka* Maverix Broadband** | represented by | **Matthew Craig Campbell**<br>Law Offices of Matthew C Campbell LLC<br>170 E 12th St Ste 9<br>Durango, CO 81301<br>970-422-4270<br>Fax : 970-478-0178<br>matthew@cswlegal.com |
| ***U.S. Trustee***<br>**US Trustee**<br>Byron G. Rogers Federal Building<br>1961 Stout St., Ste. 12-200<br>Denver, CO 80294<br>303-312-7230 | represented by | **Alan K. Motes**<br>Byron G. Rogers Federal Building<br>1961 Stout St., Ste. 12-200<br>Denver, CO 80294<br>303-312-7999<br>Alan.Motes@usdoj.gov |
| ***CooperReilly Investment Fund, LLC*** | represented by | **Patrick R. Akers**<br>**Matthew Faga**<br>**Benjamin Wieck**<br>Markus Williams LLC<br>1775 Sherman Street, Ste 1950<br>Denver, Colorado 80203<br>303-830-0800<br>pakers@markuswilliams.com<br>mfaga@markuswilliams.com<br>bwieck@markuswilliams.com |
| ***Pinnacol Assurance*** | represented by | **J. Gregory McAuliffe**<br>McAuliffe Neiman PC<br>10901 West 120th Ave. Ste 130<br>Broomfield, Colorado 80021<br>(303) 996-8602<br>Email: gregg@mnpclaw.com |

| | | |
|---|---|---|
| ***Oracle America, Inc.*** | Represented by | **Shawn M. Christianson**<br>Buchalter LLP<br>425 Market Street, Suite 2900<br>San Francisco, CA 94105-3493<br>Telephone: (415) 227-0900<br>schristianson@buchalter.com |

*/s/Lisa R. Oliver*

# UNITED STATES BANKRUPTCY COURT

District of Colorado

In re Maverix LLC
Debtor

(Complete if issued in an adversary proceeding)

Plaintiff
v.

Defendant

Case No. 26-16423-MER

Chapter 11

Adv. Proc. No. ________________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Viath, Inc.
*(Name of person to whom the subpoena is directed)*

[x] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Exhibit A attached hereto and incorporated by reference.

| PLACE | DATE AND TIME |
|---|---|
| Fennemore Craig, P.C., 3615 Delgany Street, Suite 1100, Denver, CO 80216, or secure electronic delivery as arranged with issuing counsel. | November 9, 2026 at 5:00 p.m. |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 15, 2026

CLERK OF COURT

OR

________________________
*Signature of Clerk or Deputy Clerk*

*/s/ David A. Laird*
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Sonoran Capital Advisors, LLC , who issues or requests this subpoena, are:

David A. Laird, Fennemore Craig, P.C. | 3615 Delgany St., Ste. 1100, Denver, CO 80216 | dlaird@fennemorelaw.com | (303) 291-3200

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ____________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ___________________________________
_______________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
_______________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | Case No. 26-16423-MER |
| MAVERIX LLC | ) | |
| | ) | |
| | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

**EXHIBIT A**

**DOCUMENT REQUESTS TO VIATH, INC.**

The following requests for production are authorized by the Court's Order Granting Motion for 2004 Examination [Docket No. 93] and are intended to be attached to a subpoena issued under Fed. R. Bankr. P. 2004(c) and 9016 and Fed. R. Civ. P. 45. The Receiver presently seeks only production of Documents under this Subpoena and reserves any examination authorized by the Order for a later date. Nothing in these requests waives that examination authority. The Definitions and Instructions below apply to each request.

**I. DEFINITIONS**

1. "Respondent," "you," or "your" means Viath, Inc.

2. "Debtor" means Maverix LLC. "Broadband" means Maverix Broadband, Inc. "MEH" means Maverix Enterprise Holdings, Inc. Those are distinct entities. Use of a trade name, consolidated financial statement, shared management, or common tax reporting does not by itself establish ownership of property or a receivable, a right to use property, or responsibility for a liability.

3. "Claim" means an actual, asserted, contingent, disputed, satisfied, or unsatisfied obligation or right to payment between the Respondent and the Debtor, in either direction, including advances, loans, invoices, shared expenses, intercompany accounts, reimbursement, contribution, subrogation, refunds, Debtor receipts collected or held by the Respondent, obligations arising from Covered Property or a Managed Network System, and credits or offsets affecting such obligations. It includes the corresponding Schedule E/F entries in Docket No. 69-1 and reciprocal receivables described in Docket No. 72.

4. "Network" means the broadband/telecommunications business and system operated under the Maverix name by or for the Debtor or Broadband, to the extent the Respondent, the Debtor, or Broadband has represented, or existing records reflect, that the Debtor owned, used, accessed, funded, benefited from, received revenues from, or incurred obligations

relating to that business or system. The definition does not assume that the Debtor or Broadband owns the system or any particular component of it.

5. "Covered Property" means an item or identifiable group of tangible or intangible property that the Respondent owns, formerly owned, or that the Respondent, the Debtor, or Broadband has represented is or was owned by the Respondent, in whole or in part, and that the Respondent, the Debtor, or Broadband has represented, or existing records reflect, was used by or made available to the Debtor or Broadband in connection with the Network. It includes related appurtenant access, contract, license, and data rights. Matters concerning Broadband are included only to the extent they bear on the Debtor's claimed ownership, use, access, funding, obligations, revenues, business operations, or estate administration. Identify a claimed direct, joint, beneficial, or indirect interest without treating ownership of equity in an entity as ownership of that entity's assets. Unrelated property is excluded.

6. "Managed Network System" means any software, application, platform, database, account, telecommunications or information-technology system, operational system, data environment, or related service that the Respondent owns, licenses, hosts, administers, manages, operates, maintains, controls, or makes available, and that the Respondent, the Debtor, or Broadband has represented, or existing records reflect, was used by or made available to the Debtor or Broadband in connection with the Network. The term includes related account, administrative, configuration, access, license, hosting, data, export, migration, and transition rights. The term does not assume ownership by the Respondent, the Debtor, or Broadband. Matters concerning Broadband are included only to the extent they bear on the Debtor's claimed ownership, use, access, funding, obligations, revenues, business operations, or estate administration.

7. "Disposition" includes sale, assignment, contribution, exchange, lease, transfer, encumbrance, abandonment, removal, or other relinquishment of an interest or possession.

8. "Documents" includes existing title and acquisition instruments, agreements, invoices, books, ledgers, asset registers, account statements, checks, transfer records, spreadsheets, accounting-system data, workpapers, maps, reports, photographs, correspondence, emails, texts, and other electronically stored information. "Communications" includes recorded communications and existing records memorializing oral communications; it does not require creation of a new record of a conversation.

9. "Petition Date" means August 31, 2026. "APA" means the Asset Purchase Agreement reproduced at Docket No. 51-2 concerning the August 28, 2026 sale to CooperReilly Investment Fund, LLC. "Adversary Proceeding" means No. 26-01240-MER. The pending-proceeding limitations control all of these terms.

10. "Motion" means the Ex Parte Motion for Rule 2004 Examinations and Production of Documents Concerning Claims, Intercompany Accounts, Network Property, and the Debtor's Use Rights filed at Docket No. 92. "Order" means the Order Granting Motion for 2004 Examination entered at Docket No. 93. "Subpoena" means the subpoena to which these requests are attached.

## II. INSTRUCTIONS

1. Unless otherwise stated, the relevant period is January 1, 2020 through the production date specified in the Subpoena. Earlier Documents are requested only to establish the origin, terms, unpaid balance, acquisition, chain of ownership, or basis of access, management, or control of a Claim, Covered Property, or Managed Network System that remained relevant during that period. This is not a continuing demand for Documents created after the specified production date.

2. The Respondent responds separately and only as to the Respondent. Produce responsive, nonprivileged Documents within your possession, custody, or control, including responsive records held by an agent or service provider that you have the legal right to obtain. Common ownership, a shared officer, or use of a common bookkeeper does not alone expand the Respondent's production obligation to another person's records. The fact that a responsive Document concerns Broadband or another affiliate does not place it outside the scope of the Subpoena if the Document reflects the Respondent's own acts, services, charges, ownership, licensing, hosting, administration, management, operation, maintenance, custody, or access and otherwise satisfies the required connection to the Debtor. This instruction does not require the Respondent to produce another person's records that are outside the Respondent's possession, custody, or control.

3. Produce Documents as ordinarily maintained or organize and label them by request. Preserve attachments and their association with parent Communications. Produce spreadsheets and responsive accounting exports in native, reasonably usable form, with existing formulas and transaction-level fields intact; other records may be searchable PDFs. Reasonably usable exports may substitute for proprietary databases by agreement. No wholesale system image, deleted-data restoration, or inaccessible backup search is required absent agreement or further order.

4. No new accounting, asset schedule, written narrative, or sworn interrogatory response must be created. Existing responsive compilations and reports are requested. A Document need be produced only once. An identical Document already supplied to the Receiver and still reasonably accessible may be identified by its Bates number or precise prior production location rather than produced again.

5. If withholding material as privileged or protected, expressly assert the protection and describe the withheld material sufficiently to permit assessment under Rule 45(e)(2), without revealing protected information. Preserve all applicable privileges. Any inaccessible ESI, burden, expense, or confidentiality issue should be raised promptly for conferral; Rule 45 objections, protective relief, and nonparty expense protections remain available.

6. Only financial transactions, Covered Property, and Managed Network Systems bearing the required connection to the Debtor are requested. Unrelated personal financial information, Social Security numbers, and full payment-card numbers may be redacted without concealing responsive transaction dates, amounts, payors, payees, or source/destination identifiers needed to trace funds. Confidential customer, tax, and network information should be transmitted securely. Any public filing must comply with Rule 9037 and applicable protective or sealing requirements.

7. These requests seek records, not entry onto premises, turnover or seizure of property, live passwords, private encryption keys, or unrestricted access to an account or network. Identify relevant Covered Property, Managed Network Systems, custodians, administrators, and access rights through existing non-secret records. A secure protocol or further order is required for unusually sensitive operational information. Nothing here alters an existing Court order.

8. The pending-proceeding limitation stated in the Motion and authorizing Order controls every definition and request. Rule 2004 may not be used to obtain merits discovery on an issue actually being litigated in an adversary proceeding, contested matter, or other pending litigation. Identify a disputed request or subject with reasonable specificity for conferral and, if necessary, court direction; separable authorized discovery remains distinct. No discovery is authorized merely because it has been labeled an accounting, inventory, or administrative request.

## III. REQUESTS FOR PRODUCTION

### A. Claims and Intercompany Accounts

1. All notes, loan agreements, intercompany agreements, service agreements, guarantees, reimbursement or contribution agreements, security instruments, amendments, approvals, and other instruments establishing or modifying a Claim.

2. All invoices, statements of account, purchase orders, work orders, change orders, delivery or acceptance records, employee time records, subcontractor bills, and other underlying support for goods, services, expenses, or advances charged to the Debtor or charged by the Debtor to you, including existing records identifying the entity that requested, received, used, or benefited from each item and, if the item was initially incurred by or for Broadband or another affiliate, the basis for allocating, reclassifying, or charging it to the Debtor.

3. Existing aging reports, balance confirmations, account statements, trial-balance extracts, and financial-statement schedules showing Claims as of or covering January 22, August 28, August 31, and September 28, 2026, and the most recent such records. If no report exists for a specified date, no new report need be created.

4. All existing records of sums you owe or have owed to the Debtor, funds or receipts held for the Debtor, payments you received on the Debtor's behalf, credits or refunds due the Debtor, and existing calculations and reconciliations of those amounts, whether or not disclosed in the Debtor's schedules.

5. All nonprivileged source records, schedules, confirmations, and calculations that you supplied for, or received in connection with, the entries concerning you in Docket Nos. 69-1, 72, or 76, or any amendment, and any responsive copy of the attachment referenced at Schedule A/B, Part 11, item 75.

6. All support for the $817,469.45 administrative-fee/booked payable; the loan predating December 31, 2022, including actual funding and subsequent repayments or reclassifications; and guarantor reimbursement/subrogation, including the executed guarantee, the underlying debt, actual payments made by Viath, credits, and calculations preventing duplicate recovery. Include existing records identifying the entity that requested, received, used, or benefited from each service or advance and the basis for

allocating, reclassifying, or charging to the Debtor any service, expense, or advance initially incurred by or for Broadband or another affiliate. Include responsive charges for software or customer-management services to the extent part of a Claim, but not merits discovery about the APA or IRU. [Docket No. 69-1, items 3.34-3.36].

**B. Network Property, Managed Network Systems, and the Debtor's Use Rights**

**The requests in this subsection are limited to Covered Property, Managed Network Systems, and issues outside pending litigation as provided in the Motion and Order. Identification of a particular item or system does not establish that merits discovery about its ownership, sale, or treatment in the APA or another pending proceeding is authorized.**

7. All existing inventories, fixed-asset registers, equipment lists, site lists, maps, network diagrams, vehicle schedules, serial-number lists, photographs, system inventories, application lists, license or account lists, architecture diagrams, and similar records identifying Covered Property or Managed Network Systems; their location or hosting environment; operational function; claimed owner or licensor; account holder; administrators, custodians, and users.

8. Documents sufficient to identify the present and prior locations, custodians, users, condition, and operational function of Covered Property, and the present and prior hosting environment, administrators, custodians, users, and operational function of Managed Network Systems, including responsive installation, dispatch, service, storage, removal, return, hosting, administration, maintenance, migration, and transition records. This is a records request, not a demand for physical inspection, surrender, or direct system access.

9. All nonprivileged records supplied by or to the Respondent to identify Covered Property, Managed Network Systems, or related use, access, data, export, migration, or transition rights for the Debtor's schedules, statements, or amendments, and existing reconciliations or Communications addressing inconsistencies among the Debtor's disclosures and the Respondent's asset, system, tax, contract, or accounting records.

10. Documents sufficient to identify the persons who acquired, financed, titled, recorded, managed, transferred, or held Covered Property; the persons who acquired, developed, licensed, hosted, administered, managed, operated, maintained, controlled, transferred, migrated, or discontinued Managed Network Systems; the custodians and systems holding responsive records; and existing records of loss, deletion, transfer, migration, or inaccessibility of responsive Documents.

11. Existing records identifying your claimed share of the Bobcat T76 loader, serial B4CE16533, listed as co-owned in Schedule A/B, including acquisition, funding, title, ownership share, location, custody, use, maintenance, and any transfer or Disposition. Ownership evidence and APA/IRU issues actually within the Adversary Proceeding are reserved and are not authorized merely by naming the item here. [Docket No. 72, item 50.18].

12. Documents sufficient to identify each Managed Network System, including its function, owner or licensor, account holder, host, administrators, custodians, users, dates of use, agreements, funding, cost allocation, charges to the Debtor, and the Debtor's claimed use, access, data, export, migration, revenue, reimbursement, termination, or transition rights.

# UNITED STATES BANKRUPTCY COURT

District of Colorado

In re Maverix LLC
Debtor

(Complete if issued in an adversary proceeding)

Plaintiff
v.

Defendant

Case No. 26-16423-MER

Chapter 11

Adv. Proc. No. ________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Splice Techs, LLC
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Exhibit A attached hereto and incorporated by reference.

| PLACE | DATE AND TIME |
|---|---|
| Fennemore Craig, P.C., 3615 Delgany Street, Suite 1100, Denver, CO 80216, or secure electronic delivery as arranged with issuing counsel. | November 9, 2026 at 5:00 p.m. |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 15, 2026

CLERK OF COURT

OR

________________________
*Signature of Clerk or Deputy Clerk*

*/s/ David A. Laird*
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Sonoran Capital Advisors, LLC , who issues or requests this subpoena, are:
David A. Laird, Fennemore Craig, P.C. | 3615 Delgany St., Ste. 1100, Denver, CO 80216 | dlaird@fennemorelaw.com | (303) 291-3200

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | Case No. 26-16423-MER |
| MAVERIX LLC | ) | |
| | ) | |
| | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

**EXHIBIT A**

**DOCUMENT REQUESTS TO SPLICE TECHS, LLC**

The following requests for production are authorized by the Court's Order Granting Motion for 2004 Examination [Docket No. 93] and are intended to be attached to a subpoena issued under Fed. R. Bankr. P. 2004(c) and 9016 and Fed. R. Civ. P. 45. The Receiver presently seeks only production of Documents under this Subpoena and reserves any examination authorized by the Order for a later date. Nothing in these requests waives that examination authority. The Definitions and Instructions below apply to each request.

**I. DEFINITIONS**

1. "Respondent," "you," or "your" means Splice Techs, LLC.

2. "Debtor" means Maverix LLC. "Broadband" means Maverix Broadband, Inc. "MEH" means Maverix Enterprise Holdings, Inc. Those are distinct entities. Use of a trade name, consolidated financial statement, shared management, or common tax reporting does not by itself establish ownership of property or a receivable, a right to use property, or responsibility for a liability.

3. "Claim" means an actual, asserted, contingent, disputed, satisfied, or unsatisfied obligation or right to payment between the Respondent and the Debtor, in either direction, including advances, loans, invoices, shared expenses, intercompany accounts, reimbursement, contribution, subrogation, refunds, Debtor receipts collected or held by the Respondent, obligations arising from Covered Property, and credits or offsets affecting such obligations. It includes the corresponding Schedule E/F entries in Docket No. 69-1 and reciprocal receivables described in Docket No. 72.

4. "Network" means the broadband/telecommunications business and system operated under the Maverix name by or for the Debtor or Broadband, to the extent the Respondent, the Debtor, or Broadband has represented, or existing records reflect, that the Debtor owned, used, accessed, funded, benefited from, received revenues from, or incurred obligations

relating to that business or system. The definition does not assume that the Debtor or Broadband owns the system or any particular component of it.

5. "Covered Property" means an item or identifiable group of tangible or intangible property that the Respondent owns, formerly owned, or that the Respondent, the Debtor, or Broadband has represented is or was owned by the Respondent, in whole or in part, and that the Respondent, the Debtor, or Broadband has represented, or existing records reflect, was used by or made available to the Debtor or Broadband in connection with the Network. It includes related appurtenant access, contract, license, and data rights. Matters concerning Broadband are included only to the extent they bear on the Debtor's claimed ownership, use, access, funding, obligations, revenues, business operations, or estate administration. Identify a claimed direct, joint, beneficial, or indirect interest without treating ownership of equity in an entity as ownership of that entity's assets. Unrelated property is excluded.

6. "Disposition" includes sale, assignment, contribution, exchange, lease, transfer, encumbrance, abandonment, removal, or other relinquishment of an interest or possession.

7. "Documents" includes existing title and acquisition instruments, agreements, invoices, books, ledgers, asset registers, account statements, checks, transfer records, spreadsheets, accounting-system data, workpapers, maps, reports, photographs, correspondence, emails, texts, and other electronically stored information. "Communications" includes recorded communications and existing records memorializing oral communications; it does not require creation of a new record of a conversation.

8. "Petition Date" means August 31, 2026. "APA" means the Asset Purchase Agreement reproduced at Docket No. 51-2 concerning the August 28, 2026 sale to CooperReilly Investment Fund, LLC. "Adversary Proceeding" means No. 26-01240-MER. The pending-proceeding limitations control all of these terms.

9. "Motion" means the Ex Parte Motion for Rule 2004 Examinations and Production of Documents Concerning Claims, Intercompany Accounts, Network Property, and the Debtor's Use Rights filed at Docket No. 92. "Order" means the Order Granting Motion for 2004 Examination entered at Docket No. 93. "Subpoena" means the subpoena to which these requests are attached.

## II. INSTRUCTIONS

1. Unless otherwise stated, the relevant period is January 1, 2020 through the production date specified in the Subpoena. Earlier Documents are requested only to establish the origin, terms, unpaid balance, acquisition, chain of ownership, or basis of use or access of a Claim or Covered Property that remained relevant during that period. This is not a continuing demand for Documents created after the specified production date.

2. The Respondent responds separately and only as to the Respondent. Produce responsive, nonprivileged Documents within your possession, custody, or control, including responsive records held by an agent or service provider that you have the legal right to obtain. Common ownership, a shared officer, or use of a common bookkeeper does not alone expand the Respondent's production obligation to another person's records. The fact that a responsive Document concerns Broadband or another affiliate does not place it outside the scope of the Subpoena if the Document reflects the Respondent's own acts, services, charges, ownership, funding, custody, use, or access and otherwise satisfies the

required connection to the Debtor. This instruction does not require the Respondent to produce another person's records that are outside the Respondent's possession, custody, or control.

3. Produce Documents as ordinarily maintained or organize and label them by request. Preserve attachments and their association with parent Communications. Produce spreadsheets and responsive accounting exports in native, reasonably usable form, with existing formulas and transaction-level fields intact; other records may be searchable PDFs. Reasonably usable exports may substitute for proprietary databases by agreement. No wholesale system image, deleted-data restoration, or inaccessible backup search is required absent agreement or further order.

4. No new accounting, asset schedule, written narrative, or sworn interrogatory response must be created. Existing responsive compilations and reports are requested. A Document need be produced only once. An identical Document already supplied to the Receiver and still reasonably accessible may be identified by its Bates number or precise prior production location rather than produced again.

5. If withholding material as privileged or protected, expressly assert the protection and describe the withheld material sufficiently to permit assessment under Rule 45(e)(2), without revealing protected information. Preserve all applicable privileges. Any inaccessible ESI, burden, expense, or confidentiality issue should be raised promptly for conferral; Rule 45 objections, protective relief, and nonparty expense protections remain available.

6. Only financial transactions and Covered Property bearing the required connection to the Debtor are requested. Unrelated personal financial information, Social Security numbers, and full payment-card numbers may be redacted without concealing responsive transaction dates, amounts, payors, payees, or source/destination identifiers needed to trace funds. Confidential customer, tax, and network information should be transmitted securely. Any public filing must comply with Rule 9037 and applicable protective or sealing requirements.

7. These requests seek records, not entry onto premises, turnover or seizure of property, live passwords, private encryption keys, or unrestricted access to an account or network. Identify relevant Covered Property, custodians, and access rights through existing non-secret records. A secure protocol or further order is required for unusually sensitive operational information. Nothing here alters an existing Court order.

8. The pending-proceeding limitation stated in the Motion and authorizing Order controls every definition and request. Rule 2004 may not be used to obtain merits discovery on an issue actually being litigated in an adversary proceeding, contested matter, or other pending litigation. Identify a disputed request or subject with reasonable specificity for conferral and, if necessary, court direction; separable authorized discovery remains distinct. No discovery is authorized merely because it has been labeled an accounting, inventory, or administrative request.

## III. REQUESTS FOR PRODUCTION

### A. Claims and Intercompany Accounts

1. All notes, loan agreements, intercompany agreements, service agreements, guarantees, reimbursement or contribution agreements, security instruments, amendments, approvals, and other instruments establishing or modifying a Claim.

2. All invoices, statements of account, purchase orders, work orders, change orders, delivery or acceptance records, employee time records, subcontractor bills, and other underlying support for goods, services, expenses, or advances charged to the Debtor or charged by the Debtor to you, including existing records identifying the entity that requested, received, used, or benefited from each item and, if the item was initially incurred by or for Broadband or another affiliate, the basis for allocating, reclassifying, or charging it to the Debtor.

3. Existing aging reports, balance confirmations, account statements, trial-balance extracts, and financial-statement schedules showing Claims as of or covering January 22, August 28, August 31, and September 28, 2026, and the most recent such records. If no report exists for a specified date, no new report need be created.

4. All existing records of sums you owe or have owed to the Debtor, funds or receipts held for the Debtor, payments you received on the Debtor's behalf, credits or refunds due the Debtor, and existing calculations and reconciliations of those amounts, whether or not disclosed in the Debtor's schedules.

5. All nonprivileged source records, schedules, confirmations, and calculations that you supplied for, or received in connection with, the entries concerning you in Docket Nos. 69-1, 72, or 76, or any amendment, and any responsive copy of the attachment referenced at Schedule A/B, Part 11, item 75.

6. All support for the $266,584.00 scheduled intercompany payable, including splicing, installation, maintenance, labor, equipment, or other charges; project locations; time and work records; customers and the entities requesting, receiving, using, or benefiting from the work; invoices and proof of performance; payments; reimbursements; and reciprocal amounts due the Debtor. Include existing records showing the basis for allocating, reclassifying, or charging to the Debtor any work, service, expense, or advance initially incurred by or for Broadband or another affiliate. [Docket No. 69-1, item 3.25].

### B. Network Property and the Debtor's Use Rights

**The requests in this subsection are limited to Covered Property and to issues outside pending litigation as provided in the Motion and Order. Identification of a particular item does not establish that merits discovery about its ownership or sale is authorized.**

7. All existing inventories, fixed-asset registers, equipment lists, site lists, maps, network diagrams, vehicle schedules, serial-number lists, photographs, and similar records identifying Covered Property, its location, and its claimed owner or owners.

8. Documents sufficient to identify the present and prior locations, custodians, users, condition, and operational function of Covered Property, including responsive installation, dispatch, service, storage, removal, and return records. This is a records request, not a demand for physical inspection or surrender.

9. All nonprivileged records supplied by or to the Respondent to identify Covered Property or related use or access rights for the Debtor's schedules, statements, or amendments, and existing reconciliations or Communications addressing inconsistencies among the Debtor's disclosures and the Respondent's asset, tax, contract, project, or accounting records.

10. Documents sufficient to identify the persons who acquired, financed, titled, recorded, managed, transferred, or held Covered Property; the custodians and systems holding responsive records; and existing records of loss, deletion, transfer, or inaccessibility of responsive Documents.

11. Existing records identifying your claimed splicing vehicles, trailers, tools, splicers, test equipment, fiber, supplies, inventory, construction or maintenance records, and other Covered Property used by or made available to the Debtor or Broadband in connection with the Network; acquisition and funding records; and agreements or records of the Debtor's claimed use, access, ownership, reimbursement, or revenue rights. Matters concerning Broadband are included only to the extent they bear on the Debtor's claimed ownership, use, access, funding, obligations, revenues, business operations, or estate administration.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of Colorado

In re Maverix LLC
Debtor

(Complete if issued in an adversary proceeding)

Plaintiff
v.

Defendant

Case No. 26-16423-MER

Chapter 11

Adv. Proc. No. ________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Maverix LLC
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Exhibit A attached hereto and incorporated by reference.

| PLACE | DATE AND TIME |
|---|---|
| Fennemore Craig, P.C., 3615 Delgany Street, Suite 1100, Denver, CO 80216, or secure electronic delivery as arranged with issuing counsel. | November 9, 2026 at 5:00 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 15, 2026

CLERK OF COURT

OR

________________________
*Signature of Clerk or Deputy Clerk*

*/s/ David A. Laird*
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Sonoran Capital Advisors, LLC , who issues or requests this subpoena, are:
David A. Laird, Fennemore Craig, P.C. | 3615 Delgany St., Ste. 1100, Denver, CO 80216 | dlaird@fennemorelaw.com | (303) 291-3200

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | Case No. 26-16423-MER |
| MAVERIX LLC | ) | |
| | ) | |
| | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

**EXHIBIT A**

**DOCUMENT REQUESTS TO DEBTOR MAVERIX LLC**

Pursuant to the Court's September 24, 2026 Order Granting Motion for 2004 Examination [Dkt. No. 62] (the "Order") and the accompanying subpoena, Maverix LLC shall produce the Documents requested below. The Receiver presently seeks only production of Documents under this subpoena and reserves any examination authorized by the Order for a later date. Nothing in these requests waives that examination authority. These requests supplement and particularize the subjects and requests authorized by the Order and the Receiver's Motion [Dkt. No. 58]. The Definitions and Instructions below apply to each request.

## I. DEFINITIONS

1. "Debtor" or "Maverix" means Maverix LLC, including its current and former members, managers, officers, employees, agents, representatives, and any other person acting or purporting to act on its behalf.
2. "Broadband" means Maverix Broadband, Inc., including its current and former shareholders, directors, officers, employees, agents, representatives, and any other person acting or purporting to act on its behalf.
3. "Holdings" means Maverix Enterprise Holdings, Inc.
4. "Viath" means Viath, Inc.
5. "Related Entity" means Broadband, Holdings, Viath, End to End Construction, LLC, EngiNuity Works LLC, Splice Techs, LLC, and any other entity directly or indirectly owned, controlled, managed, or operated by David R. Lindauer or affiliated with Maverix.
6. "Lindauer" means David R. Lindauer.

7. "Network" means the broadband/telecommunications business and system operated under the Maverix name by or for Maverix or Broadband. The definition does not assume that Maverix or Broadband owns the system or any particular component of it.

8. "Managed Network System" means any software, application, platform, database, account, telecommunications or information-technology system, operational system, data environment, or related service used by or made available to Maverix or Broadband in connection with the Network, whether owned, licensed, hosted, administered, managed, operated, maintained, controlled, or made available by Maverix, Broadband, Holdings, Viath, Lindauer, or any Related Entity. The term includes related account, administrative, configuration, access, license, hosting, data, export, migration, termination, and transition rights and does not assume ownership by any person.

9. "Section 351 Transaction" means the transaction or series of transactions reported, characterized, or intended to qualify as an exchange under 26 U.S.C. § 351 effective January 1, 2023, involving Maverix, Broadband, Holdings, or any Related Entity, including any contribution, assignment, exchange, transfer, restructuring, recapitalization, reorganization, or related step.

10. "APA Transaction" means the transactions contemplated by the Asset Purchase Agreement approved by the Denver District Court on August 28, 2026, including the purported sale, transfer, assignment, retention, exclusion, or licensing of property of Maverix or Broadband and any related closing, bill of sale, assignment, transfer, or post-closing act.

11. "Asset" or "Claimed Asset" means every item of real, personal, tangible, or intangible property that Maverix has owned, possessed, controlled, used, funded, constructed, acquired, claimed, scheduled, or alleged an interest in at any time, including every asset, property interest, claim, account, receivable, license, permit, contract right, or other item identified in Schedule A/B [Dkt. No. 72], the Statement of Financial Affairs [Dkt. No. 76], any declaration or pleading filed by Maverix or Lindauer, or Appendix 1 to this Schedule A.

12. "Acquisition" or "Acquire" means obtaining an Asset by purchase, contribution, construction, manufacture, grant, reimbursement, lease, license, assignment, exchange, transfer, merger, financing, gift, foreclosure, settlement, or any other means.

13. "Disposition" or "Dispose" means any sale, assignment, contribution, transfer, exchange, lease, license, pledge, encumbrance, abandonment, loss, destruction, repossession, foreclosure, return, distribution, conveyance, or other disposition of an Asset or any interest in an Asset.

14. "Document" or "Documents" is used in the broadest sense permitted by Federal Rules of Bankruptcy Procedure 2004 and 9016 and Federal Rule of Civil Procedure 45 and includes writings, electronically stored information, communications, spreadsheets, databases, accounting files, tax files, photographs, audio or video recordings, maps, drawings, metadata, and tangible materials, whether draft or final.

15. "Communication" means every transmission of information, whether oral, written, electronic, or otherwise, including e-mail, text message, instant message, Slack or similar message, letter, memorandum, voicemail, and notes memorializing an oral communication.

16. "Identify," when used as to an Asset means to state or provide Documents showing: (a) a detailed description; (b) serial number, VIN, account number, permit number, or other unique identifier; (c) present location and custodian; (d) the person or entity claimed to own it and the nature and percentage of that interest; (e) the date and method of Acquisition; (f) the seller, transferor, grantor, contractor, or other source; (g) the original cost or other consideration; (h) the source of funds used to Acquire or construct it; (i) the accounting, tax-basis, and depreciation treatment; (j) all liens, leases, licenses, or encumbrances; and (k) every Disposition and the consideration received.

17. "Identify," when used as to a person means to state the person's full name, present or last known title or role, employer, business address, telephone number, and e-mail address.

## II. INSTRUCTIONS

1. Unless a request states otherwise, the relevant period is from Maverix's formation through the present.
2. Produce all responsive Documents within Maverix's possession, custody, or control, including Documents held by current or former officers, managers, employees, accountants, tax preparers, attorneys, consultants, contractors, valuation professionals, Related Entities, or other agents that Maverix has a legal right or practical ability to obtain. The fact that a responsive Document concerns Broadband or a Related Entity does not place it outside the scope of the subpoena if the Document bears on Maverix's claimed ownership, use, access, funding, obligations, revenues, business operations, or estate administration.
3. The search for responsive Documents must include the files and accounts of Lindauer and all other persons who prepared, supplied information for, signed, approved, or verified Maverix's bankruptcy schedules, Statement of Financial Affairs, tax returns, asset schedules, fixed-asset registers, or financial statements.
4. Search all reasonably accessible sources, including business and personal e-mail accounts used for Maverix business, text messages, Slack or other messaging platforms, Google Drive or other cloud storage, Oracle NetSuite and its exports or backups, tax-preparation systems, accounting systems, CRM, OSS, billing, network-management, mapping, engineering, GIS, communications, payment, carrier, domain, network-resource, and other Managed Network Systems, shared drives, computers, mobile devices, removable media, data rooms, and paper files.
5. Produce spreadsheets, accounting files, tax-preparation files, e-file packages, databases, and similar electronically stored information in native format with formulas, linked data, and metadata intact. Produce e-mails with attachments and family relationships preserved. Other Documents may be produced as searchable PDFs.
6. Produce Documents as maintained in the ordinary course of business or organize and label them to correspond to the numbered requests below. A Document responsive to more than one request need be produced only once if the production clearly identifies every request to which it responds.
7. For each Asset, preserve and produce the best available unique identifying information, including serial numbers, VINs, permit numbers, legal descriptions, account numbers, project names, routes, addresses, and geographic information.
8. If a responsive Document once existed but no longer exists, identify the Document, its former custodian, the date and reason it ceased to exist, and the person responsible for its loss, deletion, destruction, or disposition.
9. If any responsive material is withheld under a claim of privilege or protection, provide a privilege log identifying the date, author, recipients, general subject matter, privilege asserted, and sufficient information to evaluate the claim without disclosing the privileged content.
10. Redact personal identifiers as required by Federal Rule of Bankruptcy Procedure 9037. The Receiver will cooperate concerning reasonable procedures for confidential taxpayer, customer, employee, or commercially sensitive information.
11. These requests are continuing. Maverix must supplement its production if it later discovers additional responsive Documents or learns that a prior response or production was incomplete or incorrect.

## III. REQUESTS FOR PRODUCTION

### A. Asset Identification, Ownership, and Acquisition

1. All asset registers, fixed-asset schedules, depreciation and amortization schedules, property ledgers, inventory lists, insurance schedules, title lists, permit lists, and other Documents identifying Assets owned, claimed, possessed, controlled, or used by Maverix from July 31, 2020 through the present.
2. All Documents supporting, contradicting, qualifying, or explaining Maverix's claimed ownership or interest in each Asset identified in Schedule A/B [Dkt. No. 72], the Statement of Financial Affairs [Dkt. No. 76], any other bankruptcy filing, or Appendix 1.
3. All drafts, workpapers, source Documents, Communications, and instructions used to prepare, review, approve, or verify Schedule A/B, the Statement of Financial Affairs, the Summary of Assets and Liabilities, or any attached continuation sheet.
4. All Documents sufficient to Identify each Claimed Asset, including unique identifying information, present location, custodian, claimed owner, date and method of Acquisition, seller or transferor, original cost, source of funds, tax basis, liens, and Dispositions.
5. All purchase agreements, invoices, purchase orders, bills of sale, assignments, deeds, titles, registrations, receipts, delivery records, acceptance records, construction contracts, change orders, and similar Documents concerning the Acquisition of any Claimed Asset.
6. All bank statements, cancelled checks, wire confirmations, ACH records, credit-card records, loan disbursements, grant reimbursements, capital contributions, intercompany transfers, and other Documents showing the source and payment of funds used to Acquire, construct, improve, or maintain any Claimed Asset.
7. All Documents identifying any governmental grant, reimbursement, loan, tax credit, or financial-assistance proceeds used to Acquire, construct, improve, reimburse, or maintain any Claimed Asset, including the application, award, reimbursement request, supporting invoice, payment, and accounting entry.
8. All certificates of title, registrations, certificates of origin, UCC filings, financing statements, lien releases, lease schedules, equipment-finance agreements, purchase-money agreements, and other Documents concerning title to or encumbrances on any Claimed Asset.
9. All Documents concerning any Asset alleged to be co-owned, jointly acquired, held in trust, nominally titled in another name, or used by more than one entity, including Documents allocating ownership percentages or economic interests.
10. All Documents concerning the allocation or reallocation of Assets among Maverix, Broadband, Holdings, Viath, or any Related Entity, including asset maps, subsidiary balance sheets, consolidating schedules, intercompany schedules, and management instructions.

### B. Specific Categories of Claimed Assets

11. All Documents concerning the Acquisition, ownership, titling, registration, financing, maintenance, location, use, or Disposition of each vehicle identified in Appendix 1.
12. All Documents concerning the Acquisition, ownership, serial number, financing, location, use, or Disposition of each trailer, trencher, plow, excavator, loader, compressor, locating device, splicing device, test instrument, generator, router, container, attachment, or other item of equipment identified in Appendix 1.

13. All Documents concerning fiber outside plant, fiber optic cable, conduit, handholes, cabinets, easements, route segments, network construction, and other network infrastructure claimed by Maverix, including engineering drawings, route maps, as-builts, permits, construction invoices, contractor records, acceptance records, grant records, and asset-level cost schedules.

14. All Documents concerning backbone electronics, routers, switches, generators, customer-premises equipment, network operations equipment, colocation equipment, and other active or passive network equipment claimed by Maverix.

15. All Documents concerning storage buildings, leasehold improvements, colocation rights, storage yards, easements, licenses, pole attachments, rights-of-way, crossing rights, and governmental permits claimed by Maverix.

16. All Documents concerning inventory, materials, supplies, routers, customer equipment, construction materials, and other property stored or formerly stored at CoreSite Denver, TSR ComSupply, Kiowa, any storage yard, any residence, or any other off-premises location.

17. All Documents concerning customer accounts, subscriber lists, customer contracts, accounts receivable, merchant settlements, payment-gateway accounts, rent receivables, credits, deposits, prepayments, and other amounts Maverix claims to own or be entitled to receive.

18. All Documents concerning domain names, websites, trade names, trademarks, goodwill, FCC registrations, ARIN resources, ASNs, IP address blocks, software licenses, support entitlements, carrier accounts, peering arrangements, 811 accounts, payment gateways, CRM or OSS systems, Slack or other workspaces, and any Managed Network System used by or made available to Maverix or Broadband in connection with the Network, whether owned, licensed, hosted, administered, managed, operated, maintained, controlled, or made available by Maverix, Broadband, Holdings, Viath, Lindauer, or a Related Entity. Include Documents sufficient to identify each system's name and operational function; owner or licensor; account holder; host; administrators, custodians, and users; dates of use; related agreements; acquisition, development, funding, and cost allocation; amounts charged or allocated to Maverix; and Maverix's claimed ownership, use, access, data, export, migration, revenue, reimbursement, termination, or transition rights.

19. All Documents concerning insurance policies, insurance claims, proceeds, tax refunds, net operating losses, avoidance claims, post-petition-transfer claims, claims against the Receiver, claims against Broadband, claims against CooperReilly, or any other cause of action or contingent right listed or referenced in Maverix's schedules or Statement of Financial Affairs.

20. All books, records, engineering data, GIS data, network data, maps, customer data, accounting data, tax data, and other information Maverix claims to own, use, access, or have the right to obtain, including Documents showing who created or paid for the data; where and how it is presently stored or hosted; its custodians and administrators; applicable retention, backup, export, migration, termination, and transition rights; and any restriction on Maverix's or Broadband's access. This request does not seek live passwords, private encryption keys, or unrestricted direct system access.

**C. Transfers, Sales, and Other Dispositions**

21. All Documents concerning any Disposition of any Asset by Maverix from July 31, 2020 through the present, including agreements, bills of sale, assignments, titles, transfer forms, closing statements, invoices, receipts, approvals, and Communications.

22. All Documents sufficient to identify, for each Disposition, the Asset disposed of, date, transferee, consideration received, account receiving the proceeds, use of the proceeds, authorization, and accounting and tax treatment.

23. All Documents concerning any transfer, contribution, assignment, lease, license, sale, distribution, loan, pledge, or other movement of Assets between or among Maverix, Broadband, Holdings, Viath, Lindauer, or any Related Entity.

24. All bank records and accounting records reflecting proceeds received from, or payments made in connection with, the sale, transfer, financing, insurance recovery, or other Disposition of any Claimed Asset.

25. All Documents concerning any Asset that was abandoned, lost, stolen, destroyed, scrapped, returned, repossessed, foreclosed upon, written off, removed from service, or otherwise no longer held or controlled by Maverix.

26. All Documents concerning any financing, lien, lease, merchant-cash-advance transaction, factoring transaction, sale of receivables, UCC filing, confession of judgment, or other encumbrance involving an Asset claimed by Maverix.

27. All Documents supporting, explaining, or relating to Maverix's statement in its Statement of Financial Affairs that it disputes that a transfer to CooperReilly was completed before the petition date.

**D. Section 351 Transaction**

28. All agreements, instruments, assignments, contribution documents, exchange agreements, restructuring documents, transfer documents, closing binders, schedules, signature pages, and other Documents that effected, memorialized, or purported to effect the Section 351 Transaction.

29. All schedules, lists, analyses, or other Documents identifying property included in or excluded from the Section 351 Transaction, including Documents sufficient to identify any network assets, fiber, conduit, customer accounts, accounts receivable, contracts, permits, grant rights, equipment, vehicles, inventory, intellectual property, records, cash, equity interests, or intercompany interests transferred or retained.

30. Documents sufficient to establish the legal and beneficial owner of each item or category of property identified in response to the preceding request immediately before and immediately after the Section 351 Transaction.

31. All versions of the organizational documents, operating agreements, shareholder agreements, bylaws, ownership records, and amendments of Maverix, Broadband, and Holdings in effect from July 31, 2020 through December 31, 2023, including the Amended and Restated Operating Agreement effective January 1, 2023.

32. All appraisals, valuation reports, fairness opinions, financial models, market analyses, projections, or other Documents supporting or relating to the reported fair market value of $15,900,000.

33. All Documents supporting or calculating the reported aggregate basis of $9,209,159, including asset-level tax-basis schedules, acquisition records, carryover-basis schedules, depreciation schedules, and reconciliations.

34. All schedules and Documents identifying liabilities assumed, taken subject to, paid, discharged, extinguished, retained, or otherwise affected by the Section 351 Transaction.

35. All drafts and final versions of every statement prepared under Treasury Regulation § 1.351-3(a) or (b) concerning the Section 351 Transaction, including the statement attached to Broadband's 2023 Form 1120 and any corresponding statement attached or intended to be attached to Maverix's return.

36. The complete federal and state income tax returns of Maverix, Broadband, and Holdings for tax years 2022 through 2024, including all schedules, statements, attachments, amended or superseding returns, Forms 8879, e-file transmission files, and IRS or state acceptance acknowledgments.

37. All engagement letters, invoices, and nonprivileged Communications with Armanino LLP, Lampert Capital Advisors, or any other accountant, tax preparer, bookkeeper, valuation professional, or financial professional concerning the Section 351 Transaction, transferred property, basis, fair market value, consideration, liabilities, ownership, or the § 1.351-3 statements.

38. All general-ledger entries, journal entries, adjusting entries, closing entries, trial balances, account reconciliations, financial statements, balance sheets, and subsidiary-level reports recording or relating to the Section 351 Transaction on the books of Maverix, Broadband, or Holdings.

39. All intercompany receivable, payable, contribution, distribution, equity, due-to, due-from, or other intercompany account schedules and reconciliations concerning Maverix, Broadband, or Holdings from July 31, 2020 through the present.

40. All Documents that explain, support, correct, or address the use in Broadband's § 1.351-3(b) statement of the terms “stock,” “Partnership Interest,” and “outstanding partnership interests,” or the use of FEIN 95-1484889 rather than 92-1484889.

41. All Documents submitted to, received from, or exchanged with the Internal Revenue Service or any state taxing authority concerning the Section 351 Transaction, including examination requests, responses, correspondence, notices, workpapers, proposed adjustments, and closing documents.

**E. Communications and Supporting Documents**

42. All Communications between Maverix, Lindauer, Broadband, Holdings, Viath, any Related Entity, or any professional concerning the ownership, Acquisition, funding, location, turnover, sale, transfer, or Disposition of any Claimed Asset.

43. All Documents supporting any statement concerning asset ownership, transfers, acquisitions, sales, or record custody in any declaration, affidavit, schedule, Statement of Financial Affairs, pleading, brief, or other filing submitted by Maverix or Lindauer in the bankruptcy case, the ownership adversary proceeding, or the state-court receivership action.

## APPENDIX 1

## IDENTIFIED CATEGORIES AND ITEMS OF CLAIMED PROPERTY

This Appendix summarizes Assets and property interests identified in Maverix's Schedule A/B [Dkt. No. 72] and Statement of Financial Affairs [Dkt. No. 76]. It is intended to make the requests specific and is not exhaustive. The requests extend to all Assets Maverix claims or has claimed, whether or not listed below.

**A. Deposits, Prepayments, Inventory, and Office Property**

- City of Aurora bond or deposit under MLA 22-05; colocation deposits; utility deposits; and insurance, lease, and contract prepayments.
- Routers and customer equipment held for resale; network materials and supplies; office fixtures; office equipment; computers; communications equipment; and software.

**B. Vehicles**

- 2003 Ford E-350 splice van, VIN 1FDSE35S13HB28643.
- 2000 GMC 2500 pickup, VIN 1GTGK24R0YF497413.
- 2008 Toyota Tundra, VIN 5TFDV54118X067874.
- 2007 GMC Savana 3500 van, VIN 1GDJG31UX71244211.
- 1999 Dodge Durango, VIN 1B4HS28Z4XF568977.

**C. Equipment, Machinery, and Trailers**

- 2022 splice trailer associated with Kirk Bricker; Ditch Witch CK1070 trencher; cable puller; utility locating equipment; auger; fiber splicing equipment; Vermeer plow attachments; and fiber test instruments.
- 2020 Cargo Craft 7x16 trailer, VIN 4D6EB1620LC057955; 2022 Cargo Craft trailer, VIN 4D6EB1228NC062247; 2021 Big Tex 35SV trailer, VIN 16V1W1315M2034513; 2022 Big Tex plow trailer, VIN 16V1U1528N2131668; and 2022 Rally spool trailer, VIN 1R92R131XMG942025.
- 2020 Bobcat E-35 mini excavator, serial B3WZ15212; 2021 Bobcat T-76 loader, serial B4CE16533, allegedly co-owned with Viath; and Bobcat T-76 attachments.
- 2017 Vermeer PTX40 plow, serial 1VR8072T2H1000168; 2022 Vermeer PTX42 plow, serial 1VRK0724CM1000171; and 2021 Vermeer PTX44 plow, serial 1VR8072SPM1001574.
- 2014 Atlas Copco XAS185 compressor, serial HOP044401; backbone generators; shipping container; Trimble surveying/GPS equipment; and all other construction, locating, splicing, and maintenance equipment.

**D. Network Infrastructure and Electronics**

- Fiber outside plant, including fiber, conduit, handholes, cabinets, splice facilities, route segments, and associated real-property or governmental rights.
- Juniper MX204 routers, including serials CX164 and CX244; other backbone network electronics placed in service in or before 2021; customer-premises equipment; generators; and related support entitlements.
- Network operations, billing, CRM, OSS, mapping, engineering, GIS, configuration, and customer data; books and records; and credentials or administrative access associated with those systems.

**E. Real Property, Leaseholds, Easements, and Storage**

- 3144 County Road 186, Parker, Colorado 80138, including the residence, tenants, rent, and all improvements.
- Storage buildings and leasehold improvements; Suite 1060 at 910 15th Street, Denver, Colorado; CoreSite Denver property; TSR ComSupply storage; Kiowa inventory or storage; and any other storage yard or facility.
- City of Aurora public right-of-way interests under MLA 22-05; easement at 339 Warsaw Drive, Parker; easement at 38150/38200 County Road 13, Elizabeth; and all other easements, licenses, pole attachments, crossings, rights-of-way, and access rights.

**F. Intangible Property, Permits, Accounts, and Data**

- maverixbroadband.com and any other domain or website; Colorado trade name "Maverix Broadband," SOS No. 20211042091; goodwill; and customer lists of approximately 1,801 subscriber accounts.
- FCC FRN 0030835060; ARIN Org ML-1400; AS398998; IPv4 block 74.81.169.0/24; IPv6 block 2602:FCF1::/36; and related Internet number resources.
- Fresnel/Vitruvi OSS license; Juniper support; Authorize.Net merchant account MID 519701160407615; Cogent, Zayo, Hurricane Electric, IX-Denver, Colorado 811, Slack workspace "Maverix," and other carrier, peering, payment, communications, software, or platform accounts.
- All Elbert County, Douglas County, City of Aurora, CDOT, and other permits or governmental rights listed in Schedule A/B, including all right-of-way permits and CDOT permit 4230186.

**G. Receivables, Claims, Insurance, and Other Rights**

- Subscriber receivables, merchant settlements, rent receivable, deposits, prepayments, tax refunds, net operating losses, and any amounts held by the Receiver, Broadband, or a Related Entity that Maverix claims beneficially.
- Claims against the Receiver, Broadband, CooperReilly, insurers, governmental entities, or third parties; avoidance claims; post-petition-transfer claims; and rights under Travelers, Pinnacol, Allmerica, or other insurance policies.
- Rights under executory contracts and unexpired leases, causes of action, contingent claims, and all other property or rights identified in Maverix's schedules, Statement of Financial Affairs, or subsequent filings.

# UNITED STATES BANKRUPTCY COURT

District of Colorado

In re Maverix LLC
Debtor

Case No. 26-16423-MER

Chapter 11

*(Complete if issued in an adversary proceeding)*

______________________________
Plaintiff
v.
______________________________
Defendant

Adv. Proc. No. ________________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Maverix Enterprise Holdings, Inc.
*(Name of person to whom the subpoena is directed)*

[x] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A attached hereto and incorporated by reference.

| PLACE | DATE AND TIME |
|---|---|
| Fennemore Craig, P.C., 3615 Delgany Street, Suite 1100, Denver, CO 80216, or secure electronic delivery as arranged with issuing counsel. | November 9, 2026 at 5:00 p.m. |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 15, 2026

CLERK OF COURT

OR

______________________________
*Signature of Clerk or Deputy Clerk*

*/s/ David A. Laird*
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Sonoran Capital Advisors, LLC , who issues or requests this subpoena, are:

David A. Laird, Fennemore Craig, P.C. | 3615 Delgany St., Ste. 1100, Denver, CO 80216 | dlaird@fennemorelaw.com | (303) 291-3200

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | Case No. 26-16423-MER |
| MAVERIX LLC | ) | |
| | ) | |
| | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

**EXHIBIT A**

**DOCUMENT REQUESTS TO**
**MAVERIX ENTERPRISE HOLDINGS, INC.**

The following requests for production are authorized by the Court's Order Granting Motion for 2004 Examination [Docket No. 93] and are intended to be attached to a subpoena issued under Fed. R. Bankr. P. 2004(c) and 9016 and Fed. R. Civ. P. 45. The Receiver presently seeks only production of Documents under this Subpoena and reserves any examination authorized by the Order for a later date. Nothing in these requests waives that examination authority. The Definitions and Instructions below apply to each request.

**I. DEFINITIONS**

1. "Respondent," "you," or "your" means Maverix Enterprise Holdings, Inc.

2. "Debtor" means Maverix LLC. "Broadband" means Maverix Broadband, Inc. "MEH" means Maverix Enterprise Holdings, Inc. Those are distinct entities. Use of a trade name, consolidated financial statement, shared management, or common tax reporting does not by itself establish ownership of property or a receivable, a right to use property, or responsibility for a liability.

3. "Claim" means an actual, asserted, contingent, disputed, satisfied, or unsatisfied obligation or right to payment between the Respondent and the Debtor, in either direction, including advances, loans, invoices, shared expenses, intercompany accounts, reimbursement, contribution, subrogation, refunds, Debtor receipts collected or held by the Respondent, obligations arising from Covered Property or a Managed Network System, and credits or offsets affecting such obligations. It includes the corresponding Schedule E/F entries in Docket No. 69-1 and reciprocal receivables described in Docket No. 72.

4. "Network" means the broadband/telecommunications business and system operated under the Maverix name by or for the Debtor or Broadband, to the extent the Respondent, the Debtor, or Broadband has represented, or existing records reflect, that the Debtor owned, used, accessed, funded, benefited from, received revenues from, or incurred obligations

relating to that business or system. The definition does not assume that the Debtor or Broadband owns the system or any particular component of it.

5. "Covered Property" means an item or identifiable group of tangible or intangible property that the Respondent owns, formerly owned, or that the Respondent, the Debtor, or Broadband has represented is or was owned by the Respondent, in whole or in part, and that the Respondent, the Debtor, or Broadband has represented, or existing records reflect, was used by or made available to the Debtor or Broadband in connection with the Network. It includes related appurtenant access, contract, license, and data rights. Matters concerning Broadband are included only to the extent they bear on the Debtor's claimed ownership, use, access, funding, obligations, revenues, business operations, or estate administration. Identify a claimed direct, joint, beneficial, or indirect interest without treating ownership of equity in an entity as ownership of that entity's assets. Unrelated property is excluded.

6. "Managed Network System" means any software, application, platform, database, account, telecommunications or information-technology system, operational system, data environment, or related service that the Respondent owns, licenses, hosts, administers, manages, operates, maintains, controls, or makes available, and that the Respondent, the Debtor, or Broadband has represented, or existing records reflect, was used by or made available to the Debtor or Broadband in connection with the Network. The term includes related account, administrative, configuration, access, license, hosting, data, export, migration, and transition rights. The term does not assume ownership by the Respondent, the Debtor, or Broadband. Matters concerning Broadband are included only to the extent they bear on the Debtor's claimed ownership, use, access, funding, obligations, revenues, business operations, or estate administration.

7. "Disposition" includes sale, assignment, contribution, exchange, lease, transfer, encumbrance, abandonment, removal, or other relinquishment of an interest or possession.

8. "Documents" includes existing title and acquisition instruments, agreements, invoices, books, ledgers, asset registers, account statements, checks, transfer records, spreadsheets, accounting-system data, workpapers, maps, reports, photographs, correspondence, emails, texts, and other electronically stored information. "Communications" includes recorded communications and existing records memorializing oral communications; it does not require creation of a new record of a conversation.

9. "Petition Date" means August 31, 2026. "APA" means the Asset Purchase Agreement reproduced at Docket No. 51-2 concerning the August 28, 2026 sale to CooperReilly Investment Fund, LLC. "Adversary Proceeding" means No. 26-01240-MER. The pending-proceeding limitations control all of these terms.

10. "Motion" means the Ex Parte Motion for Rule 2004 Examinations and Production of Documents Concerning Claims, Intercompany Accounts, Network Property, and the Debtor's Use Rights filed at Docket No. 92. "Order" means the Order Granting Motion for 2004 Examination entered at Docket No. 93. "Subpoena" means the subpoena to which these requests are attached.

## II. INSTRUCTIONS

1. Unless otherwise stated, the relevant period is January 1, 2020 through the production date specified in the Subpoena. Earlier Documents are requested only to establish the origin, terms, unpaid balance, acquisition, chain of ownership, or basis of access, management, or control of a Claim, Covered Property, or Managed Network System that remained relevant during that period. This is not a continuing demand for Documents created after the specified production date.

2. The Respondent responds separately and only as to the Respondent. Produce responsive, nonprivileged Documents within your possession, custody, or control, including responsive records held by an agent or service provider that you have the legal right to obtain. Common ownership, a shared officer, or use of a common bookkeeper does not alone expand the Respondent's production obligation to another person's records. The fact that a responsive Document concerns Broadband or another affiliate does not place it outside the scope of the Subpoena if the Document reflects the Respondent's own acts, services, charges, ownership, licensing, hosting, administration, management, operation, maintenance, custody, or access and otherwise satisfies the required connection to the Debtor. This instruction does not require the Respondent to produce another person's records that are outside the Respondent's possession, custody, or control.

3. Produce Documents as ordinarily maintained or organize and label them by request. Preserve attachments and their association with parent Communications. Produce spreadsheets and responsive accounting exports in native, reasonably usable form, with existing formulas and transaction-level fields intact; other records may be searchable PDFs. Reasonably usable exports may substitute for proprietary databases by agreement. No wholesale system image, deleted-data restoration, or inaccessible backup search is required absent agreement or further order.

4. No new accounting, asset schedule, written narrative, or sworn interrogatory response must be created. Existing responsive compilations and reports are requested. A Document need be produced only once. An identical Document already supplied to the Receiver and still reasonably accessible may be identified by its Bates number or precise prior production location rather than produced again.

5. If withholding material as privileged or protected, expressly assert the protection and describe the withheld material sufficiently to permit assessment under Rule 45(e)(2), without revealing protected information. Preserve all applicable privileges. Any inaccessible ESI, burden, expense, or confidentiality issue should be raised promptly for conferral; Rule 45 objections, protective relief, and nonparty expense protections remain available.

6. Only financial transactions, Covered Property, and Managed Network Systems bearing the required connection to the Debtor are requested. Unrelated personal financial information, Social Security numbers, and full payment-card numbers may be redacted without concealing responsive transaction dates, amounts, payors, payees, or source/destination identifiers needed to trace funds. Confidential customer, tax, and network information should be transmitted securely. Any public filing must comply with Rule 9037 and applicable protective or sealing requirements.

7. These requests seek records, not entry onto premises, turnover or seizure of property, live passwords, private encryption keys, or unrestricted access to an account or network. Identify relevant Covered Property, Managed Network Systems, custodians, administrators, and access rights through existing non-secret records. A secure protocol or further order is required for unusually sensitive operational information. Nothing here alters an existing Court order.

8. The pending-proceeding limitation stated in the Motion and authorizing Order controls every definition and request. Rule 2004 may not be used to obtain merits discovery on an issue actually being litigated in an adversary proceeding, contested matter, or other pending litigation. Identify a disputed request or subject with reasonable specificity for conferral and, if necessary, court direction; separable authorized discovery remains distinct. No discovery is authorized merely because it has been labeled an accounting, inventory, or administrative request.

## III. REQUESTS FOR PRODUCTION

### A. Claims and Intercompany Accounts

1. All notes, loan agreements, intercompany agreements, service agreements, guarantees, reimbursement or contribution agreements, security instruments, amendments, approvals, and other instruments establishing or modifying a Claim.

2. All invoices, statements of account, purchase orders, work orders, change orders, delivery or acceptance records, employee time records, subcontractor bills, and other underlying support for goods, services, expenses, or advances charged to the Debtor or charged by the Debtor to you, including existing records identifying the entity that requested, received, used, or benefited from each item and, if the item was initially incurred by or for Broadband or another affiliate, the basis for allocating, reclassifying, or charging it to the Debtor.

3. Existing aging reports, balance confirmations, account statements, trial-balance extracts, and financial-statement schedules showing Claims as of or covering January 22, August 28, August 31, and September 28, 2026, and the most recent such records. If no report exists for a specified date, no new report need be created.

4. All existing records of sums you owe or have owed to the Debtor, funds or receipts held for the Debtor, payments you received on the Debtor's behalf, credits or refunds due the Debtor, and existing calculations and reconciliations of those amounts, whether or not disclosed in the Debtor's schedules.

5. All nonprivileged source records, schedules, confirmations, and calculations that you supplied for, or received in connection with, the entries concerning you in Docket Nos. 69-1, 72, or 76, or any amendment, and any responsive copy of the attachment referenced at Schedule A/B, Part 11, item 75.

6. All support for the $966,794.34 scheduled intercompany payable, including shared-services, payroll, management, overhead, financing, and pass-through allocations; records identifying the entity that incurred and paid each cost and the entity that requested, received, used, or benefited from the underlying service or expense; duplicate or offsetting entries on other entities' books; Debtor funds received, applied, or retained

by MEH; and the basis for allocating, reclassifying, or charging to the Debtor any cost initially incurred by or for Broadband or another affiliate. [Docket No. 69-1, item 3.18].

**B. Network Property, Managed Network Systems, and the Debtor's Use Rights**

**The requests in this subsection are limited to Covered Property, Managed Network Systems, and issues outside pending litigation as provided in the Motion and Order. Identification of a particular item or system does not establish that merits discovery about its ownership, sale, or treatment in the APA or another pending proceeding is authorized.**

7. All existing inventories, fixed-asset registers, equipment lists, site lists, maps, network diagrams, vehicle schedules, serial-number lists, photographs, system inventories, application lists, license or account lists, architecture diagrams, and similar records identifying Covered Property or Managed Network Systems; their location or hosting environment; operational function; claimed owner or licensor; account holder; administrators, custodians, and users.

8. Documents sufficient to identify the present and prior locations, custodians, users, condition, and operational function of Covered Property, and the present and prior hosting environment, administrators, custodians, users, and operational function of Managed Network Systems, including responsive installation, dispatch, service, storage, removal, return, hosting, administration, maintenance, migration, and transition records. This is a records request, not a demand for physical inspection, surrender, or direct system access.

9. All nonprivileged records supplied by or to the Respondent to identify Covered Property, Managed Network Systems, or related use, access, data, export, migration, or transition rights for the Debtor's schedules, statements, or amendments, and existing reconciliations or Communications addressing inconsistencies among the Debtor's disclosures and the Respondent's asset, system, tax, contract, or accounting records.

10. Documents sufficient to identify the persons who acquired, financed, titled, recorded, managed, transferred, or held Covered Property; the persons who acquired, developed, licensed, hosted, administered, managed, operated, maintained, controlled, transferred, migrated, or discontinued Managed Network Systems; the custodians and systems holding responsive records; and existing records of loss, deletion, transfer, migration, or inaccessibility of responsive Documents.

11. Existing records identifying Covered Property booked to, financed, held, or claimed by MEH; transfers or allocations of that property among affiliates; shared facilities, systems, equipment, software, business records, or Managed Network Systems used by or made available to the Debtor or Broadband in connection with the Network; and the Debtor's corresponding use, access, data, export, migration, payment, reimbursement, revenue, termination, or transition rights and costs. Include responsive portions of existing consolidated or "Balance Sheet by Subsidiary" reports that distinguish entity-level ownership. Matters concerning Broadband are included only to the extent they bear on the Debtor's claimed ownership, use, access, funding, obligations, revenues, business operations, or estate administration.

# UNITED STATES BANKRUPTCY COURT

District of Colorado

In re Maverix LLC
Debtor

(Complete if issued in an adversary proceeding)

Plaintiff
v.

Defendant

Case No. 26-16423-MER

Chapter 11

Adv. Proc. No. ________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Maverix Broadband, Inc.
*(Name of person to whom the subpoena is directed)*

[x] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Exhibit A attached hereto and incorporated by reference.

| PLACE | DATE AND TIME |
|---|---|
| Fennemore Craig, P.C., 3615 Delgany Street, Suite 1100, Denver, CO 80216, or secure electronic delivery as arranged with issuing counsel. | November 9, 2026 at 5:00 p.m. |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 15, 2026

CLERK OF COURT

OR

____________________
*Signature of Clerk or Deputy Clerk*

*/s/ David A. Laird*
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Sonoran Capital Advisors, LLC , who issues or requests this subpoena, are:
David A. Laird, Fennemore Craig, P.C. | 3615 Delgany St., Ste. 1100, Denver, CO 80216 | dlaird@fennemorelaw.com | (303) 291-3200

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | Case No. 26-16423-MER |
| MAVERIX LLC | ) | |
| | ) | |
| | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

**EXHIBIT A**

**DOCUMENT REQUESTS TO MAVERIX BROADBAND, INC.**

The following requests for production are authorized by the Court's Order Granting Motion for 2004 Examination [Docket No. 93] and are intended to be attached to a subpoena issued under Fed. R. Bankr. P. 2004(c) and 9016 and Fed. R. Civ. P. 45. The Receiver presently seeks only production of Documents under this Subpoena and reserves any examination authorized by the Order for a later date. Nothing in these requests waives that examination authority. The Definitions and Instructions below apply to each request.

**I. DEFINITIONS**

1. "Respondent," "you," or "your" means Maverix Broadband, Inc.

2. "Debtor" means Maverix LLC. "Broadband" means Maverix Broadband, Inc. "MEH" means Maverix Enterprise Holdings, Inc. Those are distinct entities. Use of a trade name, consolidated financial statement, shared management, or common tax reporting does not by itself establish ownership of property or a receivable, a right to use property, or responsibility for a liability.

3. "Claim" means an actual, asserted, contingent, disputed, satisfied, or unsatisfied obligation or right to payment between the Respondent and the Debtor, in either direction, including advances, loans, invoices, shared expenses, intercompany accounts, reimbursement, contribution, subrogation, refunds, Debtor receipts collected or held by the Respondent, obligations arising from Covered Property or a Managed Network System, and credits or offsets affecting such obligations. It includes the corresponding Schedule E/F entries in Docket No. 69-1 and reciprocal receivables described in Docket No. 72.

4. "Network" means the broadband/telecommunications business and system operated under the Maverix name by or for the Debtor or Broadband, to the extent the Respondent, the Debtor, or Broadband has represented, or existing records reflect, that the Debtor owned, used, accessed, funded, benefited from, received revenues from, or incurred obligations

relating to that business or system. The definition does not assume that the Debtor or Broadband owns the system or any particular component of it.

5. "Covered Property" means an item or identifiable group of tangible or intangible property that the Respondent owns, formerly owned, or that the Respondent, the Debtor, or Broadband has represented is or was owned by the Respondent, in whole or in part, and that the Respondent, the Debtor, or Broadband has represented, or existing records reflect, was used by or made available to the Debtor or Broadband in connection with the Network. It includes related appurtenant access, contract, license, and data rights. Matters concerning Broadband are included only to the extent they bear on the Debtor's claimed ownership, use, access, funding, obligations, revenues, business operations, or estate administration. Identify a claimed direct, joint, beneficial, or indirect interest without treating ownership of equity in an entity as ownership of that entity's assets. Unrelated property is excluded.

6. "Managed Network System" means any software, application, platform, database, account, telecommunications or information-technology system, operational system, data environment, or related service that the Respondent owns, licenses, hosts, administers, manages, operates, maintains, controls, or makes available, and that the Respondent, the Debtor, or Broadband has represented, or existing records reflect, was used by or made available to the Debtor or Broadband in connection with the Network. The term includes related account, administrative, configuration, access, license, hosting, data, export, migration, and transition rights. The term does not assume ownership by the Respondent, the Debtor, or Broadband. Matters concerning Broadband are included only to the extent they bear on the Debtor's claimed ownership, use, access, funding, obligations, revenues, business operations, or estate administration.

7. "Disposition" includes sale, assignment, contribution, exchange, lease, transfer, encumbrance, abandonment, removal, or other relinquishment of an interest or possession.

8. "Documents" includes existing title and acquisition instruments, agreements, invoices, books, ledgers, asset registers, account statements, checks, transfer records, spreadsheets, accounting-system data, workpapers, maps, reports, photographs, correspondence, emails, texts, and other electronically stored information. "Communications" includes recorded communications and existing records memorializing oral communications; it does not require creation of a new record of a conversation.

9. "Petition Date" means August 31, 2026. "APA" means the Asset Purchase Agreement reproduced at Docket No. 51-2 concerning the August 28, 2026 sale to CooperReilly Investment Fund, LLC. "Adversary Proceeding" means No. 26-01240-MER. The pending-proceeding limitations control all of these terms.

10. "Motion" means the Ex Parte Motion for Rule 2004 Examinations and Production of Documents Concerning Claims, Intercompany Accounts, Network Property, and the Debtor's Use Rights filed at Docket No. 92. "Order" means the Order Granting Motion for 2004 Examination entered at Docket No. 93. "Subpoena" means the subpoena to which these requests are attached.

## II. INSTRUCTIONS

1. Unless otherwise stated, the relevant period is January 1, 2020 through the production date specified in the Subpoena. Earlier Documents are requested only to establish the origin, terms, unpaid balance, acquisition, chain of ownership, or basis of access, management, or control of a Claim, Covered Property, or Managed Network System that remained relevant during that period. This is not a continuing demand for Documents created after the specified production date.

2. The Respondent responds separately and only as to the Respondent. Produce responsive, nonprivileged Documents within your possession, custody, or control, including responsive records held by an agent or service provider that you have the legal right to obtain. Common ownership, a shared officer, or use of a common bookkeeper does not alone expand the Respondent's production obligation to another person's records. The fact that a responsive Document concerns the Debtor or another affiliate does not place it outside the scope of the Subpoena if the Document reflects the Respondent's own acts, services, charges, ownership, licensing, hosting, administration, management, operation, maintenance, custody, or access and otherwise satisfies the required connection to the Debtor. This instruction does not require the Respondent to produce another person's records that are outside the Respondent's possession, custody, or control.

3. Produce Documents as ordinarily maintained or organize and label them by request. Preserve attachments and their association with parent Communications. Produce spreadsheets and responsive accounting exports in native, reasonably usable form, with existing formulas and transaction-level fields intact; other records may be searchable PDFs. Reasonably usable exports may substitute for proprietary databases by agreement. No wholesale system image, deleted-data restoration, or inaccessible backup search is required absent agreement or further order.

4. No new accounting, asset schedule, written narrative, or sworn interrogatory response must be created. Existing responsive compilations and reports are requested. A Document need be produced only once. An identical Document already supplied to the Receiver and still reasonably accessible may be identified by its Bates number or precise prior production location rather than produced again.

5. If withholding material as privileged or protected, expressly assert the protection and describe the withheld material sufficiently to permit assessment under Rule 45(e)(2), without revealing protected information. Preserve all applicable privileges. Any inaccessible ESI, burden, expense, or confidentiality issue should be raised promptly for conferral; Rule 45 objections, protective relief, and nonparty expense protections remain available.

6. Only financial transactions, Covered Property, and Managed Network Systems bearing the required connection to the Debtor are requested. Unrelated personal financial information, Social Security numbers, and full payment-card numbers may be redacted without concealing responsive transaction dates, amounts, payors, payees, or source/destination identifiers needed to trace funds. Confidential customer, tax, and network information should be transmitted securely. Any public filing must comply with Rule 9037 and applicable protective or sealing requirements.

7. These requests seek records, not entry onto premises, turnover or seizure of property, live passwords, private encryption keys, or unrestricted access to an account or network. Identify relevant Covered Property, Managed Network Systems, custodians, administrators, and access rights through existing non-secret records. A secure protocol or further order is required for unusually sensitive operational information. Nothing here alters an existing Court order.

8. The pending-proceeding limitation stated in the Motion and authorizing Order controls every definition and request. Rule 2004 may not be used to obtain merits discovery on an issue actually being litigated in an adversary proceeding, contested matter, or other pending litigation. Identify a disputed request or subject with reasonable specificity for conferral and, if necessary, court direction; separable authorized discovery remains distinct. No discovery is authorized merely because it has been labeled an accounting, inventory, or administrative request.

## III. REQUESTS FOR PRODUCTION

### A. Claims and Intercompany Accounts

1. All notes, loan agreements, intercompany agreements, service agreements, guarantees, reimbursement or contribution agreements, security instruments, amendments, approvals, and other instruments establishing or modifying a Claim.

2. All invoices, statements of account, purchase orders, work orders, change orders, delivery or acceptance records, employee time records, subcontractor bills, and other underlying support for goods, services, expenses, or advances charged to the Debtor or charged by the Debtor to you, including existing records identifying the entity that requested, received, used, or benefited from each item and, if the item was initially incurred by or for Broadband or another affiliate, the basis for allocating, reclassifying, or charging it to the Debtor.

3. Existing aging reports, balance confirmations, account statements, trial-balance extracts, and financial-statement schedules showing Claims as of or covering January 22, August 28, August 31, and September 28, 2026, and the most recent such records. If no report exists for a specified date, no new report need be created.

4. All existing records of sums you owe or have owed to the Debtor, funds or receipts held for the Debtor, payments you received on the Debtor's behalf, credits or refunds due the Debtor, and existing calculations and reconciliations of those amounts, whether or not disclosed in the Debtor's schedules.

5. All nonprivileged source records, schedules, confirmations, and calculations that you supplied for, or received in connection with, the entries concerning you in Docket Nos. 69-1, 72, or 76, or any amendment, and any responsive copy of the attachment referenced at Schedule A/B, Part 11, item 75.

6. All support for co-borrower contribution/reimbursement, including the co-borrower agreements, amounts funded to or for each entity, debt service actually paid, reimbursement or contribution calculations, and reciprocal intercompany balances. Include existing records identifying the entity that requested, received, used, or benefited from each payment, service, expense, or advance and the basis for allocating, reclassifying, or charging to the Debtor any item initially incurred by or for Broadband or

another affiliate. Produce responsive merchant settlements and Debtor receipts received by Broadband, including routing, application, remittance, reconciliation records, and any basis for treating those receipts as Broadband's own. [Docket No. 69-1, item 3.17; Docket No. 72, item 75].

**B. Network Property, Managed Network Systems, and the Debtor's Use Rights**

**The requests in this subsection are limited to Covered Property, Managed Network Systems, and issues outside pending litigation as provided in the Motion and Order. Identification of a particular item or system does not establish that merits discovery about its ownership, sale, or treatment in the APA or another pending proceeding is authorized.**

7. All existing inventories, fixed-asset registers, equipment lists, site lists, maps, network diagrams, vehicle schedules, serial-number lists, photographs, system inventories, application lists, license or account lists, architecture diagrams, and similar records identifying Covered Property or Managed Network Systems; their location or hosting environment; operational function; claimed owner or licensor; account holder; administrators, custodians, and users.

8. Documents sufficient to identify the present and prior locations, custodians, users, condition, and operational function of Covered Property, and the present and prior hosting environment, administrators, custodians, users, and operational function of Managed Network Systems, including responsive installation, dispatch, service, storage, removal, return, hosting, administration, maintenance, migration, and transition records. This is a records request, not a demand for physical inspection, surrender, or direct system access.

9. All nonprivileged records supplied by or to the Respondent to identify Covered Property, Managed Network Systems, or related use, access, data, export, migration, or transition rights for the Debtor's schedules, statements, or amendments, and existing reconciliations or Communications addressing inconsistencies among the Debtor's disclosures and the Respondent's asset, system, tax, contract, or accounting records.

10. Documents sufficient to identify the persons who acquired, financed, titled, recorded, managed, transferred, or held Covered Property; the persons who acquired, developed, licensed, hosted, administered, managed, operated, maintained, controlled, transferred, migrated, or discontinued Managed Network Systems; the custodians and systems holding responsive records; and existing records of loss, deletion, transfer, migration, or inaccessibility of responsive Documents.

11. Existing records identifying Covered Property associated with grant projects, including Kiowa-region inventory or facilities, vehicles and vehicle leases, grant-funded equipment, project or grant rights, customer-serving facilities, and associated records; the grantee, purchaser, payor, titled or claimed owner, and custodian; and any independent Debtor use, access, payment, reimbursement, or revenue right. Include responsive pre- and post-reorganization asset and entity-level accounting records only for issues outside the pending ownership litigation.

12. Documents sufficient to identify each Managed Network System, including its function, owner or licensor, account holder, host, administrators, custodians, users, dates of use, agreements, funding, cost allocation, charges to the Debtor, and the Debtor's claimed use, access, data, export, migration, revenue, reimbursement, termination, or transition rights.

# UNITED STATES BANKRUPTCY COURT

District of Colorado

In re Maverix LLC
Debtor

(Complete if issued in an adversary proceeding)

Plaintiff
v.

Defendant

Case No. 26-16423-MER

Chapter 11

Adv. Proc. No. ________________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: EngiNuity Works, LLC
*(Name of person to whom the subpoena is directed)*

[x] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Exhibit A attached hereto and incorporated by reference.

| PLACE | DATE AND TIME |
|---|---|
| Fennemore Craig, P.C., 3615 Delgany Street, Suite 1100, Denver, CO 80216, or secure electronic delivery as arranged with issuing counsel. | November 9, 2026 at 5:00 p.m. |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 15, 2026

CLERK OF COURT

OR

________________________ /s/ David A. Laird
*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Sonoran Capital Advisors, LLC, who issues or requests this subpoena, are:
David A. Laird, Fennemore Craig, P.C. | 3615 Delgany St., Ste. 1100, Denver, CO 80216 | dlaird@fennemorelaw.com | (303) 291-3200

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | Case No. 26-16423-MER |
| MAVERIX LLC | ) | |
| | ) | |
| | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

**EXHIBIT A**

**DOCUMENT REQUESTS TO ENGINUITY WORKS, LLC**

The following requests for production are authorized by the Court's Order Granting Motion for 2004 Examination [Docket No. 93] and are intended to be attached to a subpoena issued under Fed. R. Bankr. P. 2004(c) and 9016 and Fed. R. Civ. P. 45. The Receiver presently seeks only production of Documents under this Subpoena and reserves any examination authorized by the Order for a later date. Nothing in these requests waives that examination authority. The Definitions and Instructions below apply to each request.

**I. DEFINITIONS**

1. "Respondent," "you," or "your" means EngiNuity Works, LLC.

2. "Debtor" means Maverix LLC. "Broadband" means Maverix Broadband, Inc. "MEH" means Maverix Enterprise Holdings, Inc. Those are distinct entities. Use of a trade name, consolidated financial statement, shared management, or common tax reporting does not by itself establish ownership of property or a receivable, a right to use property, or responsibility for a liability.

3. "Claim" means an actual, asserted, contingent, disputed, satisfied, or unsatisfied obligation or right to payment between the Respondent and the Debtor, in either direction, including advances, loans, invoices, shared expenses, intercompany accounts, reimbursement, contribution, subrogation, refunds, Debtor receipts collected or held by the Respondent, obligations arising from Covered Property or a Managed Network System, and credits or offsets affecting such obligations. It includes the corresponding Schedule E/F entries in Docket No. 69-1 and reciprocal receivables described in Docket No. 72.

4. "Network" means the broadband/telecommunications business and system operated under the Maverix name by or for the Debtor or Broadband, to the extent the Respondent, the Debtor, or Broadband has represented, or existing records reflect, that the Debtor owned, used, accessed, funded, benefited from, received revenues from, or incurred obligations

relating to that business or system. The definition does not assume that the Debtor or Broadband owns the system or any particular component of it.

5. "Covered Property" means an item or identifiable group of tangible or intangible property that the Respondent owns, formerly owned, or that the Respondent, the Debtor, or Broadband has represented is or was owned by the Respondent, in whole or in part, and that the Respondent, the Debtor, or Broadband has represented, or existing records reflect, was used by or made available to the Debtor or Broadband in connection with the Network. It includes related appurtenant access, contract, license, and data rights. Matters concerning Broadband are included only to the extent they bear on the Debtor's claimed ownership, use, access, funding, obligations, revenues, business operations, or estate administration. Identify a claimed direct, joint, beneficial, or indirect interest without treating ownership of equity in an entity as ownership of that entity's assets. Unrelated property is excluded.

6. "Managed Network System" means any software, application, platform, database, account, telecommunications or information-technology system, operational system, data environment, or related service that the Respondent owns, licenses, hosts, administers, manages, operates, maintains, controls, or makes available, and that the Respondent, the Debtor, or Broadband has represented, or existing records reflect, was used by or made available to the Debtor or Broadband in connection with the Network. The term includes related account, administrative, configuration, access, license, hosting, data, export, migration, and transition rights. The term does not assume ownership by the Respondent, the Debtor, or Broadband. Matters concerning Broadband are included only to the extent they bear on the Debtor's claimed ownership, use, access, funding, obligations, revenues, business operations, or estate administration.

7. "Disposition" includes sale, assignment, contribution, exchange, lease, transfer, encumbrance, abandonment, removal, or other relinquishment of an interest or possession.

8. "Documents" includes existing title and acquisition instruments, agreements, invoices, books, ledgers, asset registers, account statements, checks, transfer records, spreadsheets, accounting-system data, workpapers, maps, reports, photographs, correspondence, emails, texts, and other electronically stored information. "Communications" includes recorded communications and existing records memorializing oral communications; it does not require creation of a new record of a conversation.

9. "Petition Date" means August 31, 2026. "APA" means the Asset Purchase Agreement reproduced at Docket No. 51-2 concerning the August 28, 2026 sale to CooperReilly Investment Fund, LLC. "Adversary Proceeding" means No. 26-01240-MER. The pending-proceeding limitations control all of these terms.

10. "Motion" means the Ex Parte Motion for Rule 2004 Examinations and Production of Documents Concerning Claims, Intercompany Accounts, Network Property, and the Debtor's Use Rights filed at Docket No. 92. "Order" means the Order Granting Motion for 2004 Examination entered at Docket No. 93. "Subpoena" means the subpoena to which these requests are attached.

## II. INSTRUCTIONS

1. Unless otherwise stated, the relevant period is January 1, 2020 through the production date specified in the Subpoena. Earlier Documents are requested only to establish the origin, terms, unpaid balance, acquisition, chain of ownership, or basis of access, management, or control of a Claim, Covered Property, or Managed Network System that remained relevant during that period. This is not a continuing demand for Documents created after the specified production date.

2. The Respondent responds separately and only as to the Respondent. Produce responsive, nonprivileged Documents within your possession, custody, or control, including responsive records held by an agent or service provider that you have the legal right to obtain. Common ownership, a shared officer, or use of a common bookkeeper does not alone expand the Respondent's production obligation to another person's records. The fact that a responsive Document concerns Broadband or another affiliate does not place it outside the scope of the Subpoena if the Document reflects the Respondent's own acts, services, charges, ownership, licensing, hosting, administration, management, operation, maintenance, custody, or access and otherwise satisfies the required connection to the Debtor. This instruction does not require the Respondent to produce another person's records that are outside the Respondent's possession, custody, or control.

3. Produce Documents as ordinarily maintained or organize and label them by request. Preserve attachments and their association with parent Communications. Produce spreadsheets and responsive accounting exports in native, reasonably usable form, with existing formulas and transaction-level fields intact; other records may be searchable PDFs. Reasonably usable exports may substitute for proprietary databases by agreement. No wholesale system image, deleted-data restoration, or inaccessible backup search is required absent agreement or further order.

4. No new accounting, asset schedule, written narrative, or sworn interrogatory response must be created. Existing responsive compilations and reports are requested. A Document need be produced only once. An identical Document already supplied to the Receiver and still reasonably accessible may be identified by its Bates number or precise prior production location rather than produced again.

5. If withholding material as privileged or protected, expressly assert the protection and describe the withheld material sufficiently to permit assessment under Rule 45(e)(2), without revealing protected information. Preserve all applicable privileges. Any inaccessible ESI, burden, expense, or confidentiality issue should be raised promptly for conferral; Rule 45 objections, protective relief, and nonparty expense protections remain available.

6. Only financial transactions, Covered Property, and Managed Network Systems bearing the required connection to the Debtor are requested. Unrelated personal financial information, Social Security numbers, and full payment-card numbers may be redacted without concealing responsive transaction dates, amounts, payors, payees, or source/destination identifiers needed to trace funds. Confidential customer, tax, and network information should be transmitted securely. Any public filing must comply with Rule 9037 and applicable protective or sealing requirements.

7. These requests seek records, not entry onto premises, turnover or seizure of property, live passwords, private encryption keys, or unrestricted access to an account or network. Identify relevant Covered Property, Managed Network Systems, custodians, administrators, and access rights through existing non-secret records. A secure protocol or further order is required for unusually sensitive operational information. Nothing here alters an existing Court order.

8. The pending-proceeding limitation stated in the Motion and authorizing Order controls every definition and request. Rule 2004 may not be used to obtain merits discovery on an issue actually being litigated in an adversary proceeding, contested matter, or other pending litigation. Identify a disputed request or subject with reasonable specificity for conferral and, if necessary, court direction; separable authorized discovery remains distinct. No discovery is authorized merely because it has been labeled an accounting, inventory, or administrative request.

## III. REQUESTS FOR PRODUCTION

### A. Claims and Intercompany Accounts

1. All notes, loan agreements, intercompany agreements, service agreements, guarantees, reimbursement or contribution agreements, security instruments, amendments, approvals, and other instruments establishing or modifying a Claim.

2. All invoices, statements of account, purchase orders, work orders, change orders, delivery or acceptance records, employee time records, subcontractor bills, and other underlying support for goods, services, expenses, or advances charged to the Debtor or charged by the Debtor to you, including existing records identifying the entity that requested, received, used, or benefited from each item and, if the item was initially incurred by or for Broadband or another affiliate, the basis for allocating, reclassifying, or charging it to the Debtor.

3. Existing aging reports, balance confirmations, account statements, trial-balance extracts, and financial-statement schedules showing Claims as of or covering January 22, August 28, August 31, and September 28, 2026, and the most recent such records. If no report exists for a specified date, no new report need be created.

4. All existing records of sums you owe or have owed to the Debtor, funds or receipts held for the Debtor, payments you received on the Debtor's behalf, credits or refunds due the Debtor, and existing calculations and reconciliations of those amounts, whether or not disclosed in the Debtor's schedules.

5. All nonprivileged source records, schedules, confirmations, and calculations that you supplied for, or received in connection with, the entries concerning you in Docket Nos. 69-1, 72, or 76, or any amendment, and any responsive copy of the attachment referenced at Schedule A/B, Part 11, item 75.

6. All support for the $818,578.50 scheduled intercompany payable, including the nature of each service or advance, project and entity allocations, personnel and time records, engineering or other deliverables, actual costs and markups, invoices, payments, reimbursements, and reciprocal amounts due the Debtor. Include existing records identifying the entity that requested, received, used, or benefited from each service, deliverable, or advance and the basis for allocating, reclassifying, or charging to the

Debtor any item initially incurred by or for Broadband or another affiliate. [Docket No. 69-1, item 3.14].

**B. Network Property, Managed Network Systems, and the Debtor's Use Rights**

**The requests in this subsection are limited to Covered Property, Managed Network Systems, and issues outside pending litigation as provided in the Motion and Order. Identification of a particular item or system does not establish that merits discovery about its ownership, sale, or treatment in the APA or another pending proceeding is authorized.**

7. All existing inventories, fixed-asset registers, equipment lists, site lists, maps, network diagrams, vehicle schedules, serial-number lists, photographs, system inventories, application lists, license or account lists, architecture diagrams, and similar records identifying Covered Property or Managed Network Systems; their location or hosting environment; operational function; claimed owner or licensor; account holder; administrators, custodians, and users.

8. Documents sufficient to identify the present and prior locations, custodians, users, condition, and operational function of Covered Property, and the present and prior hosting environment, administrators, custodians, users, and operational function of Managed Network Systems, including responsive installation, dispatch, service, storage, removal, return, hosting, administration, maintenance, migration, and transition records. This is a records request, not a demand for physical inspection, surrender, or direct system access.

9. All nonprivileged records supplied by or to the Respondent to identify Covered Property, Managed Network Systems, or related use, access, data, export, migration, or transition rights for the Debtor's schedules, statements, or amendments, and existing reconciliations or Communications addressing inconsistencies among the Debtor's disclosures and the Respondent's asset, system, tax, contract, or accounting records.

10. Documents sufficient to identify the persons who acquired, financed, titled, recorded, managed, transferred, or held Covered Property; the persons who acquired, developed, licensed, hosted, administered, managed, operated, maintained, controlled, transferred, migrated, or discontinued Managed Network Systems; the custodians and systems holding responsive records; and existing records of loss, deletion, transfer, migration, or inaccessibility of responsive Documents.

11. Existing records identifying your claimed engineering data, designs, maps, project files, software, equipment, vehicles, materials, intellectual property, project rights, or other Covered Property used by or made available to the Debtor or Broadband in connection with the Network; acquisition or development and funding records; and the Debtor's claimed license, access, ownership, data, export, migration, payment, reimbursement, revenue, or transition rights. Matters concerning Broadband are included only to the extent they bear on the Debtor's claimed ownership, use, access, funding, obligations, revenues, business operations, or estate administration.

12. Documents sufficient to identify each Managed Network System, including its function, owner or licensor, account holder, host, administrators, custodians, users, dates of use, agreements, funding, cost allocation, charges to the Debtor, and the Debtor's claimed use, access, data, export, migration, revenue, reimbursement, termination, or transition rights.

# UNITED STATES BANKRUPTCY COURT

District of Colorado

In re Maverix LLC
Debtor

Case No. 26-16423-MER

Chapter 11

*(Complete if issued in an adversary proceeding)*

Plaintiff
v.

Defendant

Adv. Proc. No. ________________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: End to End Construction, LLC
*(Name of person to whom the subpoena is directed)*

[x] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Exhibit A attached hereto and incorporated by reference.

| PLACE | DATE AND TIME |
| --- | --- |
| Fennemore Craig, P.C., 3615 Delgany Street, Suite 1100, Denver, CO 80216, or secure electronic delivery as arranged with issuing counsel. | November 9, 2026 at 5:00 p.m. |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
| --- | --- |
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 15, 2026

CLERK OF COURT

OR

________________________
*Signature of Clerk or Deputy Clerk*

*/s/ David A. Laird*
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Sonoran Capital Advisors, LLC , who issues or requests this subpoena, are:
David A. Laird, Fennemore Craig, P.C. | 3615 Delgany St., Ste. 1100, Denver, CO 80216 | dlaird@fennemorelaw.com | (303) 291-3200

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ____________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ___________________________________
_______________________________________________________________________________________________
_________________________________ on (*date*) __________________ ; or

☐ I returned the subpoena unexecuted because: ___________________________________________________________
_______________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

_______________________________________________
*Server's signature*

_______________________________________________
*Printed name and title*

_______________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | Case No. 26-16423-MER |
| MAVERIX LLC | ) | |
| | ) | |
| | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

**EXHIBIT A**

**DOCUMENT REQUESTS TO**
**END TO END CONSTRUCTION, LLC**

The following requests for production are authorized by the Court's Order Granting Motion for 2004 Examination [Docket No. 93] and are intended to be attached to a subpoena issued under Fed. R. Bankr. P. 2004(c) and 9016 and Fed. R. Civ. P. 45. The Receiver presently seeks only production of Documents under this Subpoena and reserves any examination authorized by the Order for a later date. Nothing in these requests waives that examination authority. The Definitions and Instructions below apply to each request.

**I. DEFINITIONS**

1. "Respondent," "you," or "your" means End to End Construction, LLC.

2. "Debtor" means Maverix LLC. "Broadband" means Maverix Broadband, Inc. "MEH" means Maverix Enterprise Holdings, Inc. Those are distinct entities. Use of a trade name, consolidated financial statement, shared management, or common tax reporting does not by itself establish ownership of property or a receivable, a right to use property, or responsibility for a liability.

3. "Claim" means an actual, asserted, contingent, disputed, satisfied, or unsatisfied obligation or right to payment between the Respondent and the Debtor, in either direction, including advances, loans, invoices, shared expenses, intercompany accounts, reimbursement, contribution, subrogation, refunds, Debtor receipts collected or held by the Respondent, obligations arising from Covered Property, and credits or offsets affecting such obligations. It includes the corresponding Schedule E/F entries in Docket No. 69-1 and reciprocal receivables described in Docket No. 72.

4. "Network" means the broadband/telecommunications business and system operated under the Maverix name by or for the Debtor or Broadband, to the extent the Respondent, the Debtor, or Broadband has represented, or existing records reflect, that the Debtor owned, used, accessed, funded, benefited from, received revenues from, or incurred obligations

relating to that business or system. The definition does not assume that the Debtor or Broadband owns the system or any particular component of it.

5. "Covered Property" means an item or identifiable group of tangible or intangible property that the Respondent owns, formerly owned, or that the Respondent, the Debtor, or Broadband has represented is or was owned by the Respondent, in whole or in part, and that the Respondent, the Debtor, or Broadband has represented, or existing records reflect, was used by or made available to the Debtor or Broadband in connection with the Network. It includes related appurtenant access, contract, license, and data rights. Matters concerning Broadband are included only to the extent they bear on the Debtor's claimed ownership, use, access, funding, obligations, revenues, business operations, or estate administration. Identify a claimed direct, joint, beneficial, or indirect interest without treating ownership of equity in an entity as ownership of that entity's assets. Unrelated property is excluded.

6. "Disposition" includes sale, assignment, contribution, exchange, lease, transfer, encumbrance, abandonment, removal, or other relinquishment of an interest or possession.

7. "Documents" includes existing title and acquisition instruments, agreements, invoices, books, ledgers, asset registers, account statements, checks, transfer records, spreadsheets, accounting-system data, workpapers, maps, reports, photographs, correspondence, emails, texts, and other electronically stored information. "Communications" includes recorded communications and existing records memorializing oral communications; it does not require creation of a new record of a conversation.

8. "Petition Date" means August 31, 2026. "APA" means the Asset Purchase Agreement reproduced at Docket No. 51-2 concerning the August 28, 2026 sale to CooperReilly Investment Fund, LLC. "Adversary Proceeding" means No. 26-01240-MER. The pending-proceeding limitations control all of these terms.

9. "Motion" means the Ex Parte Motion for Rule 2004 Examinations and Production of Documents Concerning Claims, Intercompany Accounts, Network Property, and the Debtor's Use Rights filed at Docket No. 92. "Order" means the Order Granting Motion for 2004 Examination entered at Docket No. 93. "Subpoena" means the subpoena to which these requests are attached.

## II. INSTRUCTIONS

1. Unless otherwise stated, the relevant period is January 1, 2020 through the production date specified in the Subpoena. Earlier Documents are requested only to establish the origin, terms, unpaid balance, acquisition, chain of ownership, or basis of use or access of a Claim or Covered Property that remained relevant during that period. This is not a continuing demand for Documents created after the specified production date.

2. The Respondent responds separately and only as to the Respondent. Produce responsive, nonprivileged Documents within your possession, custody, or control, including responsive records held by an agent or service provider that you have the legal right to obtain. Common ownership, a shared officer, or use of a common bookkeeper does not alone expand the Respondent's production obligation to another person's records. The fact that a responsive Document concerns Broadband or another affiliate does not place it

outside the scope of the Subpoena if the Document reflects the Respondent's own acts, services, charges, ownership, funding, custody, use, or access and otherwise satisfies the required connection to the Debtor. This instruction does not require the Respondent to produce another person's records that are outside the Respondent's possession, custody, or control.

3. Produce Documents as ordinarily maintained or organize and label them by request. Preserve attachments and their association with parent Communications. Produce spreadsheets and responsive accounting exports in native, reasonably usable form, with existing formulas and transaction-level fields intact; other records may be searchable PDFs. Reasonably usable exports may substitute for proprietary databases by agreement. No wholesale system image, deleted-data restoration, or inaccessible backup search is required absent agreement or further order.

4. No new accounting, asset schedule, written narrative, or sworn interrogatory response must be created. Existing responsive compilations and reports are requested. A Document need be produced only once. An identical Document already supplied to the Receiver and still reasonably accessible may be identified by its Bates number or precise prior production location rather than produced again.

5. If withholding material as privileged or protected, expressly assert the protection and describe the withheld material sufficiently to permit assessment under Rule 45(e)(2), without revealing protected information. Preserve all applicable privileges. Any inaccessible ESI, burden, expense, or confidentiality issue should be raised promptly for conferral; Rule 45 objections, protective relief, and nonparty expense protections remain available.

6. Only financial transactions and Covered Property bearing the required connection to the Debtor are requested. Unrelated personal financial information, Social Security numbers, and full payment-card numbers may be redacted without concealing responsive transaction dates, amounts, payors, payees, or source/destination identifiers needed to trace funds. Confidential customer, tax, and network information should be transmitted securely. Any public filing must comply with Rule 9037 and applicable protective or sealing requirements.

7. These requests seek records, not entry onto premises, turnover or seizure of property, live passwords, private encryption keys, or unrestricted access to an account or network. Identify relevant Covered Property, custodians, and access rights through existing non-secret records. A secure protocol or further order is required for unusually sensitive operational information. Nothing here alters an existing Court order.

8. The pending-proceeding limitation stated in the Motion and authorizing Order controls every definition and request. Rule 2004 may not be used to obtain merits discovery on an issue actually being litigated in an adversary proceeding, contested matter, or other pending litigation. Identify a disputed request or subject with reasonable specificity for conferral and, if necessary, court direction; separable authorized discovery remains distinct. No discovery is authorized merely because it has been labeled an accounting, inventory, or administrative request.

## III. REQUESTS FOR PRODUCTION

### A. Claims and Intercompany Accounts

1. All notes, loan agreements, intercompany agreements, service agreements, guarantees, reimbursement or contribution agreements, security instruments, amendments, approvals, and other instruments establishing or modifying a Claim.

2. All invoices, statements of account, purchase orders, work orders, change orders, delivery or acceptance records, employee time records, subcontractor bills, and other underlying support for goods, services, expenses, or advances charged to the Debtor or charged by the Debtor to you, including existing records identifying the entity that requested, received, used, or benefited from each item and, if the item was initially incurred by or for Broadband or another affiliate, the basis for allocating, reclassifying, or charging it to the Debtor.

3. Existing aging reports, balance confirmations, account statements, trial-balance extracts, and financial-statement schedules showing Claims as of or covering January 22, August 28, August 31, and September 28, 2026, and the most recent such records. If no report exists for a specified date, no new report need be created.

4. All existing records of sums you owe or have owed to the Debtor, funds or receipts held for the Debtor, payments you received on the Debtor's behalf, credits or refunds due the Debtor, and existing calculations and reconciliations of those amounts, whether or not disclosed in the Debtor's schedules.

5. All nonprivileged source records, schedules, confirmations, and calculations that you supplied for, or received in connection with, the entries concerning you in Docket Nos. 69-1, 72, or 76, or any amendment, and any responsive copy of the attachment referenced at Schedule A/B, Part 11, item 75.

6. All support for the $1,141,292.08 scheduled intercompany payable, including construction or other project agreements, project locations and customers, work actually performed, the entity requesting, receiving, using, or benefiting from that work, materials and subcontractor costs, invoices, payments, reimbursements, and amounts collected or held for the Debtor. Include existing records showing the basis for allocating, reclassifying, or charging to the Debtor any work, service, expense, or advance initially incurred by or for Broadband or another affiliate. [Docket No. 69-1, item 3.13].

### B. Network Property and the Debtor's Use Rights

**The requests in this subsection are limited to Covered Property and to issues outside pending litigation as provided in the Motion and Order. Identification of a particular item does not establish that merits discovery about its ownership or sale is authorized.**

7. All existing inventories, fixed-asset registers, equipment lists, site lists, maps, network diagrams, vehicle schedules, serial-number lists, photographs, and similar records identifying Covered Property, its location, and its claimed owner or owners.

8. Documents sufficient to identify the present and prior locations, custodians, users, condition, and operational function of Covered Property, including responsive installation, dispatch, service, storage, removal, and return records. This is a records request, not a demand for physical inspection or surrender.

9. All nonprivileged records supplied by or to the Respondent to identify Covered Property or related use or access rights for the Debtor's schedules, statements, or amendments, and existing reconciliations or Communications addressing inconsistencies among the Debtor's disclosures and the Respondent's asset, tax, contract, project, or accounting records.

10. Documents sufficient to identify the persons who acquired, financed, titled, recorded, managed, transferred, or held Covered Property; the custodians and systems holding responsive records; and existing records of loss, deletion, transfer, or inaccessibility of responsive Documents.

11. Existing records identifying your claimed equipment, vehicles, materials, inventory, constructed facilities, work product, or site rights used by or made available to the Debtor or Broadband in connection with the Network; acquisition and funding records; project and customer allocations; and agreements or records of the Debtor's claimed use, access, ownership, reimbursement, or revenue rights. Matters concerning Broadband are included only to the extent they bear on the Debtor's claimed ownership, use, access, funding, obligations, revenues, business operations, or estate administration.

# UNITED STATES BANKRUPTCY COURT

District of Colorado

In re Maverix LLC
Debtor

(Complete if issued in an adversary proceeding)

Plaintiff
v.

Defendant

Case No. 26-16423-MER

Chapter 11

Adv. Proc. No. ________________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: David R. Lindauer
*(Name of person to whom the subpoena is directed)*

[x] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Exhibit A attached hereto and incorporated by reference.

| PLACE | DATE AND TIME |
|---|---|
| Fennemore Craig, P.C., 3615 Delgany Street, Suite 1100, Denver, CO 80216, or secure electronic delivery as arranged with issuing counsel. | November 9, 2026 at 5:00 p.m. |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 15, 2026

CLERK OF COURT

OR

________________________
*Signature of Clerk or Deputy Clerk*

*/s/ David A. Laird*
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Sonoran Capital Advisors, LLC , who issues or requests this subpoena, are:
David A. Laird, Fennemore Craig, P.C. | 3615 Delgany St., Ste. 1100, Denver, CO 80216 | dlaird@fennemorelaw.com | (303) 291-3200

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ____________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: __________________________________
______________________________________________________________________________________________
________________________________ on (*date*) __________________ ; or

☐ I returned the subpoena unexecuted because: _________________________________________________________
______________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

_______________________________________________
*Server's signature*

_______________________________________________
*Printed name and title*

_______________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | Case No. 26-16423-MER |
| MAVERIX LLC | ) | |
| | ) | |
| | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

**EXHIBIT A**

**DOCUMENT REQUESTS TO**
**DAVID R. LINDAUER**

The following requests for production are authorized by the Court's Order Granting Motion for 2004 Examination [Docket No. 93] and are intended to be attached to a subpoena issued under Fed. R. Bankr. P. 2004(c) and 9016 and Fed. R. Civ. P. 45. The Receiver presently seeks only production of Documents under this Subpoena and reserves any examination authorized by the Order for a later date. Nothing in these requests waives that examination authority. The Definitions and Instructions below apply to each request.

**I. DEFINITIONS**

1. "Respondent," "you," or "your" means David R. Lindauer in his individual capacity, not merely as the Debtor's representative.
2. "Debtor" means Maverix LLC. "Broadband" means Maverix Broadband, Inc. "MEH" means Maverix Enterprise Holdings, Inc. Those are distinct entities. Use of a trade name, consolidated financial statement, shared management, or common tax reporting does not by itself establish ownership of property or a receivable, a right to use property, or responsibility for a liability.
3. "Claim" means an actual, asserted, contingent, disputed, satisfied, or unsatisfied obligation or right to payment between the Respondent and the Debtor, in either direction, including advances, loans, invoices, shared expenses, intercompany accounts, reimbursement, contribution, subrogation, refunds, Debtor receipts collected or held by the Respondent, obligations arising from Covered Property or a Managed Network System, and credits or offsets affecting such obligations. It includes the corresponding Schedule E/F entries in Docket No. 69-1 and reciprocal receivables described in Docket No. 72.
4. "Network" means the broadband/telecommunications business and system operated under the Maverix name by or for the Debtor or Broadband, to the extent the Respondent, the Debtor, or Broadband has represented, or existing records reflect, that the Debtor owned, used, accessed, funded, benefited from, received revenues from, or incurred obligations

relating to that business or system. The definition does not assume that the Debtor or Broadband owns the system or any particular component of it.

5. "Covered Property" means an item or identifiable group of tangible or intangible property that the Respondent owns, formerly owned, or that the Respondent, the Debtor, or Broadband has represented is or was owned by the Respondent, in whole or in part, and that the Respondent, the Debtor, or Broadband has represented, or existing records reflect, was used by or made available to the Debtor or Broadband in connection with the Network. It includes related appurtenant access, contract, license, and data rights. Matters concerning Broadband are included only to the extent they bear on the Debtor's claimed ownership, use, access, funding, obligations, revenues, business operations, or estate administration. Identify a claimed direct, joint, beneficial, or indirect interest without treating ownership of equity in an entity as ownership of that entity's assets. Unrelated property is excluded.

6. "Managed Network System" means any software, application, platform, database, account, telecommunications or information-technology system, operational system, data environment, or related service that you individually own, license, host, administer, manage, operate, maintain, control, fund, or make available, and that you, the Debtor, or Broadband have represented, or existing records reflect, was used by or made available to the Debtor or Broadband in connection with the Network. The term includes related account, administrative, configuration, access, license, hosting, data, export, migration, and transition rights. The term does not assume ownership by you, the Debtor, or Broadband. Matters concerning Broadband are included only to the extent they bear on the Debtor's claimed ownership, use, access, funding, obligations, revenues, business operations, or estate administration. The term does not require production of entity records held by you solely in a representative capacity and outside your individual possession, custody, or control.

7. "Disposition" includes sale, assignment, contribution, exchange, lease, transfer, encumbrance, abandonment, removal, or other relinquishment of an interest or possession.

8. "Documents" includes existing title and acquisition instruments, agreements, invoices, books, ledgers, asset registers, account statements, checks, transfer records, spreadsheets, accounting-system data, workpapers, maps, reports, photographs, correspondence, emails, texts, and other electronically stored information. "Communications" includes recorded communications and existing records memorializing oral communications; it does not require creation of a new record of a conversation.

9. "Petition Date" means August 31, 2026. "APA" means the Asset Purchase Agreement reproduced at Docket No. 51-2 concerning the August 28, 2026 sale to CooperReilly Investment Fund, LLC. "Adversary Proceeding" means No. 26-01240-MER. The pending-proceeding limitations control all of these terms.

10. "Motion" means the Ex Parte Motion for Rule 2004 Examinations and Production of Documents Concerning Claims, Intercompany Accounts, Network Property, and the Debtor's Use Rights filed at Docket No. 92. "Order" means the Order Granting Motion for 2004 Examination entered at Docket No. 93. "Subpoena" means the subpoena to which these requests are attached.

## II. INSTRUCTIONS

1. Unless otherwise stated, the relevant period is January 1, 2020 through the production date specified in the Subpoena. Earlier Documents are requested only to establish the origin, terms, unpaid balance, acquisition, chain of ownership, or basis of access, management, or control of a Claim, Covered Property, or Managed Network System that remained relevant during that period. This is not a continuing demand for Documents created after the specified production date.

2. The Respondent responds separately and only in his individual capacity. Produce responsive, nonprivileged Documents within your individual possession, custody, or control, including responsive records held by an agent or service provider that you have the legal right to obtain. The fact that a responsive Document concerns the Debtor, Broadband, or another affiliate does not place it outside the scope of the Subpoena if the Document reflects your individual acts, payments, funding, ownership, licensing, hosting, administration, management, operation, maintenance, custody, or access and otherwise satisfies the required connection to the Debtor. This instruction does not require production of entity records held by you solely in a representative capacity and outside your individual possession, custody, or control.

3. Produce Documents as ordinarily maintained or organize and label them by request. Preserve attachments and their association with parent Communications. Produce spreadsheets and responsive accounting exports in native, reasonably usable form, with existing formulas and transaction-level fields intact; other records may be searchable PDFs. Reasonably usable exports may substitute for proprietary databases by agreement. No wholesale system image, deleted-data restoration, or inaccessible backup search is required absent agreement or further order.

4. No new accounting, asset schedule, written narrative, or sworn interrogatory response must be created. Existing responsive compilations and reports are requested. A Document need be produced only once. An identical Document already supplied to the Receiver and still reasonably accessible may be identified by its Bates number or precise prior production location rather than produced again.

5. If withholding material as privileged or protected, expressly assert the protection and describe the withheld material sufficiently to permit assessment under Rule 45(e)(2), without revealing protected information. Preserve all applicable privileges. Any inaccessible ESI, burden, expense, or confidentiality issue should be raised promptly for conferral; Rule 45 objections, protective relief, and nonparty expense protections remain available.

6. Only financial transactions, Covered Property, and Managed Network Systems bearing the required connection to the Debtor are requested. Unrelated personal financial information, Social Security numbers, and full payment-card numbers may be redacted without concealing responsive transaction dates, amounts, payors, payees, or source/destination identifiers needed to trace funds. Confidential customer, tax, and network information should be transmitted securely. Any public filing must comply with Rule 9037 and applicable protective or sealing requirements.

7. These requests seek records, not entry onto premises, turnover or seizure of property, live passwords, private encryption keys, or unrestricted access to an account or network.

Identify relevant Covered Property, Managed Network Systems, custodians, administrators, and access rights through existing non-secret records. A secure protocol or further order is required for unusually sensitive operational information. Nothing here alters an existing Court order.

8. The pending-proceeding limitation stated in the Motion and authorizing Order controls every definition and request. Rule 2004 may not be used to obtain merits discovery on an issue actually being litigated in an adversary proceeding, contested matter, or other pending litigation. Identify a disputed request or subject with reasonable specificity for conferral and, if necessary, court direction; separable authorized discovery remains distinct. No discovery is authorized merely because it has been labeled an accounting, inventory, or administrative request.

## III. REQUESTS FOR PRODUCTION

### A. Claims and Intercompany Accounts

1. All notes, loan agreements, intercompany agreements, service agreements, guarantees, reimbursement or contribution agreements, security instruments, amendments, approvals, and other instruments establishing or modifying a Claim.

2. All invoices, statements of account, purchase orders, work orders, change orders, delivery or acceptance records, employee time records, subcontractor bills, and other underlying support for goods, services, expenses, or advances charged to the Debtor or charged by the Debtor to you, including existing records identifying the entity that requested, received, used, or benefited from each item and, if the item was initially incurred by or for Broadband or another affiliate, the basis for allocating, reclassifying, or charging it to the Debtor.

3. Existing aging reports, balance confirmations, account statements, trial-balance extracts, and financial-statement schedules showing Claims as of or covering January 22, August 28, August 31, and September 28, 2026, and the most recent such records. If no report exists for a specified date, no new report need be created.

4. All existing records of sums you owe or have owed to the Debtor, funds or receipts held for the Debtor, payments you received on the Debtor's behalf, credits or refunds due the Debtor, and existing calculations and reconciliations of those amounts, whether or not disclosed in the Debtor's schedules.

5. All nonprivileged source records, schedules, confirmations, and calculations that you supplied for, or received in connection with, the entries concerning you in Docket Nos. 69-1, 72, or 76, or any amendment, and any responsive copy of the attachment referenced at Schedule A/B, Part 11, item 75.

6. All support for the scheduled February 18, 2021 MX204-router advance and $15,483.06 booked payable, including purchase and payment records identifying the purchaser and payor, the nature of each advance or expense, the equipment funded, the entity that requested, received, used, or benefited from the equipment or expense, any reimbursement, capitalization or contribution, any reciprocal balance owed to the Debtor, and the basis for charging the Debtor rather than Broadband or another affiliate. The request reaches personal-account records only insofar as they evidence these or other Claims, not unrelated personal finances. [Docket No. 69-1, items 3.11-3.12].

**B. Network Property, Managed Network Systems, and the Debtor's Use Rights**

**The requests in this subsection are limited to Covered Property, Managed Network Systems, and issues outside pending litigation as provided in the Motion and Order. Identification of a particular item or system does not establish that merits discovery about its ownership, sale, or treatment in the APA or another pending proceeding is authorized.**

7. All existing inventories, fixed-asset registers, equipment lists, site lists, maps, network diagrams, vehicle schedules, serial-number lists, photographs, system inventories, application lists, license or account lists, architecture diagrams, and similar records identifying Covered Property or Managed Network Systems; their location or hosting environment; operational function; claimed owner or licensor; account holder; administrators, custodians, and users.

8. Documents sufficient to identify the present and prior locations, custodians, users, condition, and operational function of Covered Property, and the present and prior hosting environment, administrators, custodians, users, and operational function of Managed Network Systems, including responsive installation, dispatch, service, storage, removal, return, hosting, administration, maintenance, migration, and transition records. This is a records request, not a demand for physical inspection, surrender, or direct system access.

9. All nonprivileged records supplied by or to the Respondent to identify Covered Property, Managed Network Systems, or related use, access, data, export, migration, or transition rights for the Debtor's schedules, statements, or amendments, and existing reconciliations or Communications addressing inconsistencies among the Debtor's disclosures and the Respondent's asset, system, tax, contract, or accounting records.

10. Documents sufficient to identify the persons who acquired, financed, titled, recorded, managed, transferred, or held Covered Property; the persons who acquired, developed, licensed, hosted, administered, managed, operated, maintained, controlled, transferred, migrated, or discontinued Managed Network Systems; the custodians and systems holding responsive records; and existing records of loss, deletion, transfer, migration, or inaccessibility of responsive Documents.

11. Existing records identifying Covered Property you own or claim individually, including telecommunications equipment, routers, computers, business data, domains, storage or operating space, and site-access rights; the Juniper MX204 routers identified in the schedules, including serials CX164 and CX244 to the extent connected to your claimed advance; and arrangements for network equipment at 2755 Winter Way. Include acquisition, funding, title, reimbursement, rental or license, custody, use by the Debtor or Broadband, and disposition records within the authorized scope. Unrelated personal assets and ownership issues actually being litigated are excluded. [Docket No. 69-1, item 3.11; Docket No. 72, items 50.15 and 50.19; Docket No. 51-4, p. 4].

12. Documents sufficient to identify each Managed Network System, including its function; owner or licensor; account holder; host; administrators, custodians, and users; dates of use; related agreements; funding and cost allocation; charges to the Debtor; and the Debtor's claimed ownership, use, access, data, export, migration, revenue, reimbursement, termination, or transition rights. Include existing system inventories, application or account lists, architecture diagrams, and records of data-retention or transition rights. This request is limited to records within your individual possession, custody, or control, excluding entity records held solely in a representative capacity.