**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

IN RE:

Case No. 26-16423-MER

MAVERIX LLC,

Chapter 11

Debtor.

---

**DEBTOR'S RESPONSE TO THE STATE'S MOTION FOR ORDER CONFIRMING ABSENCE OF AUTOMATIC STAY (DOCKET NO. 84)**

---

Maverix LLC, the debtor ("Debtor"), responds as directed by the Court's Order to File (Docket No. 90) to the Motion Pursuant to L.B.R. 4001-5 for Order Confirming Absence of Automatic Stay filed by the State of Colorado (the "State") (Docket No. 84, the "Motion"), and states:

1. The Debtor does not oppose an order confirming that the automatic stay does not apply to the State's claims and remedies against the non-debtors, so long as the order does not reach rights or property in which the Debtor claims an interest.

2. The Motion goes further. It asks the Court to confirm that the stay does not apply to "any action of the State against the Non-Debtors, including all remedies afforded to the State under the Grant Agreements awarded to MXBB, and recission of the preliminarily awarded BEAD grants" (Motion at 6). That language reaches two interests of the Debtor:

a. BEAD rights. The state court's May 18, 2026 order expressly provides that "[t]he Potential BEAD Grants, and all rights, interests, and duties related thereto, revert to Defendants Maverix LLC and Maverix Broadband, Inc." (Exhibit 1 at 1). The order thus identifies the Debtor itself—not merely its non-debtor affiliate—as a recipient of the reverted rights and

interests. Although the nature and extent of those interests remain subject to determination, the order supplies a concrete basis for the Debtor's claim that the requested relief implicates its interests. The State rescinded the BEAD awards on September 21, 2026, after the petition date. The Debtor does not concede that the rescission was effective as to its interest.

b. Grant-funded network assets. Ownership of the network assets, as between the Debtor and Maverix Broadband, Inc., is disputed and is before this Court in Adversary Proceeding No. 26-01240. The Court has ordered that "[n]othing in this Order determines ownership of any property in dispute in this case" (Docket No. 87 ¶ 4). An order allowing "all remedies" under the grant agreements could allow the State to act against assets the Debtor claims before ownership is decided.

3. The estate includes all legal or equitable interests of the Debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). Section 362(a)(3) stays acts to obtain possession of, or exercise control over, property of the estate. Accordingly, the fact that the State's claims are directed against non-debtors does not, by itself, resolve whether a particular remedy would affect property protected by the stay. The Debtor requests that the Court exclude the identified disputed interests from the requested confirmation of the stay's absence, without determining ultimate ownership or whether a particular State action falls within an applicable statutory exception.

4. The State's own authority supports preserving the disputed interests. In *Franco v. Franco* (*In re Franco)*, 574 B.R. 730, 735–36 (Bankr. D.N.M. 2017), the court held that the automatic stay applies where the estate's ownership of property is in *bona fide* dispute, pending resolution of that dispute, without requiring a determination of ultimate ownership before recognizing the stay's application. Here, the Debtor identifies specific disputed interests in the

BEAD rights described in the May 18, 2026 order and the network assets at issue in Adversary Proceeding No. 26-01240. The requested comfort order should therefore exclude those disputed interests, leaving their ownership and the applicability of the stay to particular State actions for determination on an appropriate record.

5. The State's reliance on *In re Ebadi*, 448 B.R. 308, 316 (Bankr. E.D.N.Y. 2011), likewise does not support the unrestricted relief requested. Although *Ebadi* recognized the general rule permitting collection against non-debtors, it held that foreclosure of non-debtor property violated the automatic stay because the sale continued proceedings against the debtor and constituted a substantial step toward recovery against him. *Id*. at 314–17. Thus, the non-debtor status of a property owner or obligor does not, by itself, resolve whether a particular remedy violates the stay. Here, the Debtor does not seek to extend its stay to the Non-Debtors merely because they are affiliated entities. It seeks to ensure that the comfort order does not authorize action affecting the specific disputed interests identified above or resolve the stay's application to those interests.

6. The Court has authorized the appointment of a chapter 11 trustee (Docket No. 109). That transition provides an additional reason to preserve, rather than resolve through this comfort order, the estate's asserted interests in the identified rights and assets. The requested limitation would leave those interests available for evaluation by the trustee without determining their ownership or the applicability of the stay to any particular State action.

WHEREFORE, the Debtor requests that the Court (i) limit any order confirming the absence of the automatic stay to the State's claims and remedies against the Non-Debtors that do not implicate the identified disputed interests; (ii) expressly exclude from that confirmation the BEAD rights and interests described in the May 18, 2026 order and the network assets whose

ownership is disputed in Adversary Proceeding No. 26-01240; (iii) provide that the order neither authorizes action against those disputed interests nor determines their ownership, the applicability of the automatic stay or any statutory exception to a particular State action affecting them, or the effect of the September 21, 2026 rescission on any interest of the Debtor; and (iv) deny without prejudice the Motion to the extent it requests confirmation concerning those disputed interests, and grant such other relief as is proper.

Respectfully submitted this 19th day of October, 2026.

By: /s/ Matthew C Campbell
Matthew C. Campbell, attorney for Debtor
Co. Reg. No. 42713
LAW OFFICES OF MATTHEW C. CAMPBELL LLC
Durango, CO 81301
(970) 422-4270 phone
(970) 478-0178 fax
matthew@cswlegal.com

Exhibit 1: Order Re: Receiver's Unopposed Motion to Abandon Rights, Interests, and Duties Related to Potential BEAD Grants, Denver Dist. Ct. No. 2026CV30150 (May 18, 2026).

**CERTIFICATE OF SERVICE**

I certify that on this 19th day of October, 2026, I served the foregoing document (and all attached documents, if any) upon the following:

Morgan H. Stanley, Assistant Attorney General, for the State of Colorado - ECF System
ALAN MOTES (Attorney for US Trustee) - ECF System
Patrick R. Akers for Creditor CooperReilly Investment Fund, LLC - ECF System
Matthew T. Faga for Creditor CooperReilly Investment Fund, LLC - ECF System
John Goutell on behalf of Debtor Maverix LLC - ECF System
David A. Laird on behalf of Interested Party Sonoran Capital Advisors - ECF System
Benjamin Wieck on behalf of Creditor CooperReilly Investment Fund, LLC - ECF System
Any other party who has requested notice and appear in the ECF system.

/s/ Matthew C Campbell