**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MAVERIX LLC | ) | Case No. 26-16423-MER |
| TAX ID / EIN: 85-2283294, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

## TRUSTEE'S STATEMENT CONCERNING STATE OF COLORADO'S MOTION FOR ORDER CONFIRMING ABSENCE OF AUTOMATIC STAY

Jared C. Walters, as Chapter 11 Trustee (the "Trustee"), for his Statement Concerning State of Colorado's Motion For Order Confirming Absence of Automatic Stay (this "Statement"), states as follows:

1. On August 31, 2026 (the "Petition Date"), Maverix LLC (the "Debtor") filed its voluntary petition for relief under chapter 11 of the United States Code (the "Bankruptcy Code"), commencing bankruptcy case number 26-16423-MER (the "Bankruptcy Case").

2. On October 20, 2026 the United States Trustee filed a motion to appoint the Trustee as chapter 11 trustee in the Debtor's Bankruptcy Case, which the Court approved on October 22, 2026. The Trustee accepted his appointment on October 23, 2026.

3. The Trustee is the duly appointed chapter 11 trustee in the Debtor's Bankruptcy Case.

4. Prior to the Trustee's appointment, on October 1, 2026, the State of Colorado, Governor's Office of Information Technology's Colorado Broad Band Office (the "State"), filed its Motion Pursuant to L.B.R. 4001-5 For Order Confirming Absence of Automatic Stay, ECF No. 84 (the "Motion"). The State seeks a "comfort order" confirming the absence of the stay under

Bankruptcy Code § 362 as to claims it may have under certain "Grant Agreements" against non-debtor affiliates of the Debtor in this Bankruptcy Case.

5. On October 19, 2026, before the Trustee's appointment, the Debtor filed its response to the State's Motion, ECF No. 111 (the "Response"), asserting that the relief requested by the State "reaches two interests of the Debtor" in this Bankruptcy Case, including its purported interest in grants separate from those of its non-debtor affiliate Maverix Broadband, Inc., and certain assets that the Debtor purports to own apart from those owned by Maverix Broadband, Inc. Response, ECF No. 111, ¶ 2(a) and (b).

6. From and after his appointment on October 23, 2026, the Trustee is the real party in interest on behalf of the Debtor's estate in this Bankruptcy Case under Bankruptcy Code § 323 and Fed. R. Bankr. P. 2012..

7. On October 23, 2026, the Court entered its Order to File, ECF No. 119, directing the Trustee to file a status report "indicating whether he ratifies the Debtor's response to the Motion or, if he opposes the entry of a comfort order as requested by the State."

8. The Trustee submits this Statement advising the Court and parties in interest that he, on behalf of the Debtor's estate in the Bankruptcy Case, does not oppose the relief requested by the State, or the form of proposed order submitted with the Motion. The Trustee has reviewed the pleadings in this matter and related proceedings, along with additional information provided by the Debtor, its senior secured lender, the state court receiver, and parties in interest. In the Trustee's view based on his investigation thus far, whether this Debtor maintains any separate grant contract rights or ownership interests in the broadband network (or any part thereof) separate from its non-debtor affiliate Maverix Broadband, Inc., is doubtful at best. Indeed, the Debtor is not a "grantee" of any of the "Grant Agreements" submitted by the State with the Motion. *See*

ECF Nos. 84-1 through 84-6 and ECF No. 84-8. The Trustee also understands that the Debtor's non-debtor affiliate, Maverix Broadband, Inc., has since commenced a separate action against the State, Denver District Court Case No. 2026CV33843, opening yet another front in the state court litigation, separate from the prepetition receivership case of the Debtor and its affiliates, Denver District Court Case No. 2026CV30150.

9. Given the posture of the Bankruptcy Case and related proceedings, and what appear to be limited assets actually titled in this Debtor's name (vehicles and real property) the Trustee does not oppose the relief requested by the State.

WHEREFORE, the Trustee respectfully submits this Statement and requests entry of such relief as deemed appropriate.

Dated November 12, 2026.

**BALLARD SPAHR LLP**

By: *__/s/ Theodore J. Hartl__*
Theodore J. Hartl, #32409
1800 Larimer Street Suite 1600
Denver, CO, 80202
Telephone: (303) 292-2400
hartlt@ballardspahr.com

*Proposed Counsel for Jared Walters,*
*Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2026, the foregoing **TRUSTEE'S STATEMENT CONCERNING STATE OF COLORADO'S MOTION FOR ORDER CONFIRMING ABSENCE OF AUTOMATIC STAY**, was served via CM/ECF to all parties of record receiving such service.

/s/ *Stephanie Agabo*