**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MAVERIX LLC | ) | Case No. 26-16423-MER |
| TAX ID / EIN: 85-2283294, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

---

**TRUSTEE'S MOTION TO APPROVE STIPULATION CONCERNING MOTION FOR SUMMARY JUDGMENT AND COUNTERCLAIMS**

---

Jared C. Walters, as Chapter 11 Trustee (the "Trustee"), for his Motion to Approve Stipulation Concerning Motion for Summary Judgment and Counterclaims (this "Motion"), states as follows:

## I. BACKGROUND

1. On August 31, 2026 (the "Petition Date"), Maverix LLC (the "Debtor") filed its voluntary petition for relief under chapter 11 of the United States Code (the "Bankruptcy Code"), commencing bankruptcy case number 26-16423-MER (the "Bankruptcy Case").

2. On October 20, 2026 the United States Trustee filed a motion to appoint the Trustee as chapter 11 trustee in the Debtor's Bankruptcy Case, which the Court approved on October 22, 2026. The Trustee accepted his appointment on October 23, 2026.

3. The Trustee is the duly appointed chapter 11 trustee in the Debtor's Bankruptcy Case.

4. Prior to the Trustee's appointment, on September 18, 2026, plaintiff CooperReilly Investment Fund, LLC ("CooperReilly") filed its Complaint against the Debtor initiating adversary proceeding 26-1240-MER. ECF No. 1 (the "Complaint"). The Complaint asserts a single claim for declaratory relief that certain "Acquired Assets" are not property of the estate under Bankruptcy

Code § 541 under a prepetition order of the court in Denver District Court Case No. 2026CV30150 approving a state court receiver's sale.

5. On October 15, 2026, before the Trustee's appointment, the Debtor filed its Answer and Counterclaims, ECF No. 8 (the "Counterclaims") in the adversary proceeding, asserting some fourteen (14) counterclaims, ranging from declaratory relief as to the "Acquired Assets" to fraud, fraudulent transfers, and turnover.

6. From and after his appointment on October 23, 2026, the Trustee is the real party in interest on behalf of the Debtor's estate in this adversary proceeding under Bankruptcy Code § 323 and Fed. R. Bankr. P. 2012.

7. On October 29, 2026, CooperReilly filed its Motion for Summary Judgment, ECF No. 10, seeking judgment on its single claim for declaratory relief (the "MSJ").

8. The Trustee and CooperReilly have discussed matters relevant to the Complaint, the Counterclaims and the MSJ and have entered into a stipulation to resolve certain matters relevant to the adversary proceeding. A copy of the stipulation is attached as **Exhibit A** (the "Stipulation").

9. Under the Stipulation, the Trustee does not oppose the relief requested in the pending MSJ and the Counterclaims will be dismissed, without prejudice. The Trustee takes no formal position as to the Court's ultimate determination of the issues asserted by CooperReilly in its MSJ in the adversary proceeding, which may also be affected by the pending motion for relief from stay that is scheduled for a preliminary hearing in the Bankruptcy Case on November 20, 2026. *See* ECF Nos. 135 and 138.

10. Through this Motion, the Trustee requests entry of a Court order approving the Stipulation as a partial compromise under Fed. R. Bankr. P. 9019.

## II. ARGUMENT AND AUTHORITY

11. To minimize litigation and expedite the administration of a bankruptcy estate, "'compromises are favored in bankruptcy.'" *Myers v. Martin* (*In re Martin*), 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)).

12. The Court has authority to approve the compromises under Bankruptcy Rule 9019(a), which provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Although the Court has discretion to approve a compromise under Rule 9019, *Kaiser Steel Corp. v. Frates* (*In re Kaiser Steel Corp.*), 105 B.R. 971, 978 (D. Colo. 1989), its decision "must be an informed one based upon an objective evaluation of developed facts." *Reiss v. Hagmann*, 881 F.2d 890, 892 (10th Cir. 1989).

13. In assessing a request to approve a compromise under Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, "a court's general charge is 'to determine whether the settlement is fair and equitable and in the best interests of the estate.'" *Official Comm. of Unsecured Creditors v. Western Pac. Airlines, Inc.* (*In re Western Pac. Airlines, Inc.*), 219 B.R. 575, 579 (D. Colo. 1998) (quoting *Kaiser Steel*, 105 B.R. at 976); *accord Rich Dad Operating Co., LLC v. Zubrod (In re Rich Global, LLC)*, 652 F. App'x 625, 631 (10th Cir. 2016) (same).

14. Courts have focused on four primary factors in considering approval of bankruptcy settlements: "the probable success of the litigation on the merits, any potential difficulty in collection of a judgment, the complexity and expense of the litigation and the interests of creditors in deference to their reasonable views." *Kaiser Steel*, 105 B.R. at 977; *see Korngold v. Loyd* (*In re Southern Medical Arts Companies, Inc.*), 343 B.R. 250, 256 (B.A.P. 10th Cir. 2006) (same); *Martin*, 91 F.3d at 393 (same). In addition to considering those factors, the Court "must carefully

weigh the value of the settled claim against the value to the estate by the settlement." *In re The Hermitage Inn, Inc.*, 66 B.R. 71, 72 (Bankr. D. Colo. 1986). "[S]ome deference to the business judgment" of a trustee also is appropriate where a proposed settlement otherwise is fair and equitable to the estate. *In re OptInRealBig.com, LLC*, 345 B.R. 277, 291 (Bankr. D. Colo. 2006); *see also In re Kopexa Realty Venture Co.*, 213 B.R. 1020, 1022 (10th Cir. B.A.P. 1997).

15. "The burden of persuading the court that a settlement should be approved rests with the party proposing the settlement." *Hermitage Inn,* 66 B.R. at 72. However, "the court's assessment does not require resolution of the issues, but only their identification, so that the reasonableness of the settlement may be evaluated." *Id.*

16. The Stipulation with CooperReilly should be approved under the foregoing standards.

17. As to the merits of CooperReilly's claims and the Debtor's Counterclaims in the adversary proceeding, the Trustee has reviewed the pleadings in the Bankruptcy Case and in the adversary proceeding, along with additional information provided by CooperReilly, the Debtor, the state court receiver, and parties in interest. At this point, the Trustee is doubtful as to the Debtor's position on these matters given his investigation thus far. The Trustee also questions whether the Court will be inclined to abstain altogether to let the state court interpret and enforce its own orders (under the *Rooker-Feldman* doctrine or otherwise, *see T.M. v. University of Maryland Med. Sys. Corp*., 608 U.S. 668, 680 (2026)). The Stipulation leaves the MSJ for the Court's determination and dismisses the Debtor's Counterclaims without prejudice otherwise.

18. The costs, risks and delay associated with litigating these disputed facts do not outweigh the benefits of the Stipulation. The Debtor's estate has no cash; the Debtor does not operate any business in light of the prepetition receiver and this Court's order excusing turnover

in the Bankruptcy Case. Indeed, the broadband network was operated prepetition and before the receiver's appointment by the Debtor's non-filing affiliate, Maverix Broadband, Inc. Even if the Debtor were to prevail on its Counterclaims, it is difficult to see how it is that the Debtor could operate or manage broadband network given the receiver's possession and the state court's approved sale of Maverix Broadband, Inc.'s assets before the Petition Date. The risk of burdening the estate with additional liabilities with no means to pay weighs in favor of approval here.

19. Collection of a judgment is not an issue, and the Trustee is giving notice of this Motion and the proposed Stipulation to all parties in interest in the Bankruptcy Case otherwise. The Trustee believes that the Stipulation is fair and equitable for purposes of approval under Rule 9019.

WHEREFORE, the Trustee respectfully submits this Motion, requests entry of an order approving the Stipulation according to its terms, and such additional relief as deemed appropriate.

Dated November 13, 2026.

**BALLARD SPAHR LLP**

By: *\/s/ Theodore J. Hartl*
Theodore J. Hartl, #32409
1800 Larimer Street Suite 1600
Denver, CO, 80202
Telephone: (303) 292-2400
hartlt@ballardspahr.com

*Proposed Counsel for Jared Walters, Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2026, the foregoing **MOTION TO APPROVE STIPULATION CONCERNING MOTION FOR SUMMARY JUDGMENT AND COUNTERCLAIMS**, was served via CM/ECF to all parties of record receiving such service and to the parties identified in the attached list.

/s/ *Stephanie Agabo*

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1082-1<br>Case 26-16423-MER<br>District of Colorado<br>Denver<br>Fri Nov 13 09:29:20 MST 2026 | CooperReilly Investment Fund, LLC<br>4395 Harris Trail Northwest<br>Atlanta, GA 30327-3819 | Maverix LLC<br>2755 Winter Way<br>Parker, CO 80138-4350 |
| Oracle America, Inc.<br>Buchalter LLP<br>c/o Shawn M. Christianson<br>425 Market St., Suite 2900<br>San Francisco, CA 94105-2491 | Pinnacol Assurance<br>McAuliffe Neiman PC<br>10901 West 120th Avenue, Suite 130<br>Broomfield, CO 80021-3419 | US Bankruptcy Court<br>US Custom House<br>721 19th St.<br>Denver, CO 80202-2508 |
| A-Mac Underground CSMK LLC dba Amac Undergro<br>57625 E County Road 46<br>Denver, CO 80136-9711 | ARIN<br>PO Box 232290<br>Centerville, VA 20120-8290 | AWP Safety<br>PO Box 738379<br>Dallas, TX 75373-8379 |
| AWP, Inc.<br>David C. Hofsess, Esq.<br>P.O. Box 36963<br>Canton, OH 44735-6963 | Altura Land Consultants<br>6950 S Tucson Way, Unit C<br>Centennial, CO 80112-3922 | Arrivy, Inc.<br>10400 NE 4th Street<br>Bellevue, WA 98004-5174 |
| Atheral LLC<br>1309 Coffeen Ave Ste 5838<br>Sheridan, WY, WY 82801-5777 | Brad Billman<br>4509 Winterfield Run<br>Fort Wayne, CO 46804-4846 | Bush Ramirez, PLLC<br>5615 Kirby Drive, Suite 900<br>Houston, TX 77005-2452 |
| Centennial Archaeology LLC<br>300 Boardwalk Dr Unit 4C<br>Fort Collilns, CO 80525-3093 | Cogent Communications<br>PO Box 791087<br>Baltimore, MD 21279-1087 | Colorado Department Of Revenue<br>Bankruptcy Unit<br>PO Box 17087<br>Denver CO 80217-0087 |
| Colorado Traffic Control<br>12445 E 39th Ave Suite 307<br>Denver, CO 80239-3456 | Community Banks of Colorado<br>PO Box 26528<br>Kansas City, MO 64196-6528 | CooperReilly Investment Fund, LLC<br>1775 Sherman Street, Suite 1950<br>c/o Markus Williams LLC<br>Denver, CO 80203-4350 |
| Core Industries LLC<br>365 Vienna Drive<br>Parker, CO 80138-4638 | CoreSite<br>1001 17th Street, Suite 500<br>Denver, CO 80202-2461 | David Lindauer<br>2755 Winter Way<br>Parker, CO 80138-4350 |
| (p)DE LAGE LANDEN FINANCIAL<br>ATTN LITIGATION & RECOVERY<br>1111 OLD EAGLE SCHOOL ROAD<br>WAYNE PA 19087-1453 | Embark Consulting, LLC<br>333 1st Avenue<br>Dallas, TX 75226-1914 | Fresnel Software Corporation<br>555 17th Street, Suite 1500<br>Denver, CO 80202-3900 |
| IRS<br>PO Box 7346<br>Philadelphia PA 19101-7346 | Lampert Capital Advisors<br>444 Madison Avenue<br>New York, NY 10022-6903 | Lease Direct<br>1111 Old Eagle School Road<br>Wayne, PA 19087-1453 |

Maverix Enterprise Holdings, Inc.
2755 Winter Way
Parker, CO 80138-4350

NetSuite - Oracle
500 Oracle Parkway
Redwood Shores, CA 94065-1600

Nissan Motor Acceptance Company LLC
PO Box 660360
Dallas, TX 75266-0360

Oracle America, Inc.
c/o Shawn M. Christianson, Esq.
Buchalter LLP
425 Market St., Suite 2900
San Francisco, CA 94105-2491

Peoples Premium Finance
138 Putnam Street
Marietta, OH 45750-2923

Pinnacol Assurance
7501 E Lowry Blvd
Denver, CO 80230-7006

Prodigy Excavating
43455 Ptarmigan Ranch Street Parker
Parker, CO 80138-4765

Rapid Wire
5789 Sheridan Frontage Rd.
Arvada, CO 80002-2832

Ready.Net, Inc
1717 K St NW Ste 900
Washington, DC 20006-5349

Securities and Exchange Commission
Central Regional Office
1961 Stout St.
Ste. 1700
Denver CO 80294-1700

Securities and Exchange Commission
Midwest Regional Office
175 W. Jackson Blvd.
Ste. 900
Chicago IL 60604-2815

Silverleaf Advisors LLC
9001 Daniels Pkwy 201
Fort Myers, FL 33912-8200

Sonoran Capital Advisors, LLC
1733 N Greenfield Rd
Mesa, AZ 85205-3116

TSR ComSupply
2635 S. Santa Fe Drive Suite 3H
Denver, CO 80223-4429

Tommy Thrasher
1490 County Road 186
Parker, CO 80138-4429

Travelers
385 Washington Street - SB95B
Saint Paul, MN 55102-1309

Tyler Bartholomew
7200 Inspiration Dr
Parker, CO 80138-8605

UNCC
PO Box 208903
Dallas, TX 75320-8903

US Trustee
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Denver, CO 80294-6004

Vermeer Sales
5801 E 76th Ave
Commerce City, CO 80022-1061

Vetro, Inc.
12 Mountfort Street
Portland, ME 04101-5367

Viath, Inc.
10940 South Parker Road, Suite 418
Parker, CO 80134-7440

WEX Bank
Attn: Legal / Bankruptcy
1 Hancock Street
Portland, ME 04101-4217

Zayo Group, LLC
1821 30th Street, Unit A
Boulder, CO 80301-1075

Jared Walters
PO Box 804
Eagle, CO 81631-0804

Matthew Craig Campbell
Law Offices of Matthew C Campbell LLC
170 E 12th St Ste 9
Durango, CO 81301-5263

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

De Lage Landen Financial Services, Inc.
1111 Old Eagle School Road
Wayne, PA 19087

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Sonoran Capital Advisors

(u)State Of Colorado

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 55 |
| Bypassed recipients | 2 |
| Total | 57 |