# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MAVERIX LLC<br>TAX ID / EIN: 85-2283294, | ) | Case No. 26-16423-MER<br>Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| COOPERREILLY INVESTMENT FUND, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 26-1240-MER |
| | ) | |
| MAVERIX LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATION CONCERNING**
**MOTION FOR SUMMARY JUDGMENT AND COUNTERCLAIMS**

Jared C. Walters, as Chapter 11 Trustee (the "Trustee"), and CooperReilly Investment Fund, LLC ("CooperReilly), enter into this Stipulation Concerning Motion for Summary Judgment and Counterclaims (this "Stipulation"). The Trustee and CooperReilly are the "Parties" to this Stipulation and each is a "Party" hereto. The Parties state and agree as follows:

## I. RECITALS

A. On August 31, 2026 (the "Petition Date"), Maverix LLC (the "Debtor") filed its voluntary petition for relief under chapter 11 of the United States Code (the "Bankruptcy Code"), commencing bankruptcy case number 26-16423-MER (the "Bankruptcy Case") in the United States Bankruptcy Court for the District of Colorado (the "Court").

B. On October 20, 2026 the United States Trustee filed a motion to appoint the Trustee as chapter 11 trustee in the Debtor's Bankruptcy Case, which the Court approved on October 22, 2026. The Trustee accepted his appointment on October 23, 2026.

C. The Trustee is the duly appointed chapter 11 trustee in the Debtor's Bankruptcy Case.

D. Prior to the Trustee's appointment, on September 18, 2026, plaintiff CooperReilly Investment Fund, LLC ("CooperReilly") filed its Complaint against the Debtor initiating this adversary proceeding 26-1240-MER. ECF No. 1 (the "Complaint"). The Complaint asserts a single claim for declaratory relief that certain "Acquired Assets" are not property of the estate under Bankruptcy Code § 541 under a prepetition order of the court in Denver District Court Case No. 2026CV30150 approving a state court receiver's sale.

E. On October 15, 2026, before the Trustee's appointment, the Debtor filed its Answer and Counterclaims, ECF No. 8 (the "Counterclaims"), asserting some fourteen (14) counterclaims, ranging from declaratory relief as to the "Acquired Assets" to fraud, fraudulent transfers, turnover, and abuse of process.

F. From and after his appointment on October 23, 2026, the Trustee is the real party in interest on behalf of the Debtor's estate in this adversary proceeding under Bankruptcy Code § 323 and Fed. R. Bankr. P. 2012.

G. On October 29, 2026, CooperReilly filed its Motion for Summary Judgment, ECF No. 10, seeking judgment on its single claim for declaratory relief (the "MSJ").

H. The Trustee and CooperReilly have discussed matters relevant to the Complaint, the Counterclaims and the MSJ and desire resolve matters related to the Complaint, the Counterclaims, and the MSJ, subject to the terms and conditions of this Stipulation.

NOW, THEREFORE, IN CONSIDERATION OF THE PRECEDING RECITALS AND THE MUTUAL COVENANTS CONTAINED IN THIS STIPULATION, AND FOR OTHER GOOD AND VALUABLE CONSIDERATION, RECEIPT OF WHICH IS HEREBY ACKNOWLEDGED BY ALL UNDERSIGNED PARTIES, THE PARTIES AGREE AS FOLLOWS.

## II. STIPULATION

1. Recitals Incorporated. The representations and recitals set forth above are true and accurate and are made a part of this Stipulation.

2. Effective Date. The "Effective Date" of this Stipulation shall be the first business day after the Bankruptcy Court enters an order approving this Stipulation. However, if any party timely appeals such order and obtains a stay of the order pending appeal, then the Effective Date shall be the first business day after which such order becomes final and non-appealable.

3. Trustee's Non-Opposition to MSJ. Upon the Effective Date, the Trustee shall be authorized to take no position in opposition to the relief requested by CooperReilly in the MSJ on behalf of the estate. The Trustee does not oppose entry of the proposed order attached to the MSJ at Docket No. 10-9 or an order, as deemed appropriate by the Court, granting the relief requested in the MSJ.

4. Dismissal of Counterclaims, Without Prejudice. Upon the Effective Date, the Trustee shall be authorized to dismiss the pending Counterclaims without prejudice. CooperReilly and the Trustee stipulate and agree to such dismissal without prejudice pursuant to this Stipulation.

5. Applicable Law. This Stipulation shall be governed by and construed in accordance applicable state and federal law, including without limitation, the Bankruptcy Code.

6. Jurisdiction. The Court shall have exclusive jurisdiction to resolve any dispute over the meaning, intent, or enforcement of this Stipulation. The Parties consent to the Court's entry of final orders and judgments for all purposes related to this Stipulation.

7. Bankruptcy Court Approval. This Stipulation is expressly conditioned upon, and requires the approval of, the Court in the Debtor's Bankruptcy Case and shall be deemed null and void if it is not approved for any reason. The Trustee shall seek prompt approval of this Stipulation by the Court on such notice as deemed appropriate by the Trustee in his business judgment and as approved by the Court.

8. Enforcement of Stipulation. The Court may, upon application of any Party, require specific performance by any Party of any obligations of the Parties under this Stipulation.

9. Successors and Assigns. This Stipulation is binding not only on the Parties hereto but also upon any successors or assigns, including any successors in title to any of the Parties' property.

10. Entire Agreement; Reservation of Rights. This Stipulation states the entire agreement between the Parties concerning the Complaint, the Counterclaims and the MSJ and may be supplemented, altered, amended, modified, or revoked by writing only, signed by all Parties or their successors in existence at the time of such action. The Parties reserve all of their respective rights under applicable law as to any other matter arising in or related to the Debtor's Bankruptcy Case and related proceedings.

11. Authorization. Each entity or individual executing this Stipulation on behalf of a Party represents and warrants that he or she is duly authorized to execute and deliver this Stipulation on behalf of such Party and that this Stipulation is binding on such Party in accordance with its terms.

12. Voluntary and Knowingly. The Parties acknowledge that they have read this Stipulation and understand all of its terms, and that this Stipulation is executed voluntarily, without

duress, and with full knowledge of its legal significance. The Parties do not rely upon each other in any fashion in making their independent decision to enter into this Stipulation.

13. Severability. If any provision of this Stipulation or the application thereof is held to be invalid or unenforceable, its invalidity or unenforceability shall not affect any other provision or application of this Stipulation to the extent that such other provision or application can be given effect without the invalid or unenforceable provision or application. The provisions of this Stipulation are declared to be severable.

14. Counterparts/Facsimile Execution. This Stipulation may be executed in counterparts and each such counterpart shall be an original Stipulation, but all of which together shall constitute one and the same Stipulation. Facsimile or copies of signatures of the Parties or their designated representatives shall be deemed original signatures.

WHEREFORE, the Trustee and CooperReilly enter into this Stipulation as of the date noted below.

Dated November 10, 2026.

Jared C. Walters, as chapter 11 trustee
Case No. 26-16423-MER

**BALLARD SPAHR LLP**

By: */s/ Theodore J. Hartl*
Theodore J. Hartl, #32409
1800 Larimer Street Suite 1600
Denver, CO, 80202
Telephone: (303) 292-2400
hartlt@ballardspahr.com

*Proposed Counsel for Jared Walters, Chapter 11 Trustee*

CooperReilly Investment Fund, LLC:

By:
Its: Manager

**MARKUS WILLIAMS LLC**

*/s/ Patrick R. Akers*
Matthew T. Faga (41132)
Patrick R. Akers (54803)
Benjamin Wieck (59208)
1775 Sherman Street, Suite 1950
Denver, Colorado 80203
(303) 830-0800
(303) 830-0809 (facsimile)
mfaga@markuswilliams.com
pakers@markuswilliams.com
bwieck@markuswilliams.com

*Counsel for CooperReilly Investment Fund, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2026, the foregoing **TRUSTEE'S STATEMENT CONCERNING MOTION FOR SUMMARY JUDGMENT**, was served via CM/ECF to all parties of record receiving such service.

*/s/ Stephanie Agabo*