FILED
CLERK OF COURT
NOV 13 2026
U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MAVERIX, LLC, | ) | Case No. 26-16423-MER |
| | ) | |
| Debtor. | ) | Chapter 11 |

**DAVID LINDAUER'S LIMITED OBJECTION TO THE EMERGENCY MOTION FOR RELIEF FROM AUTOMATIC STAY (DOCKET NO. 133)**

David Lindauer objects to the Emergency Unopposed Motion for Relief from Automatic Stay (Docket No. 133, the "Motion") to the extent any order entered on it could be read or used to reach the land at 2755 Winter Way, Parker, Colorado 80138 (the "Land"). He objects pro se, in his individual capacity, as an owner of the Land and as a creditor scheduled by the Debtor (Docket No. 69-1, line 3.12). He takes no position here on who owns any property the Debtor claims; that question is before the Court in Adversary Proceeding No. 26-01240-MER.

**The Land is not property of the estate or of the receivership.**

1. The Land is a private residence on about eight acres, with several outbuildings and animals. Lindauer is one of its owners. The other owner of record is not a party to this case or to the state-court receivership.

2. The state court's receivership reaches "Borrowers and their ongoing business and the Collateral." Receivership Order ¶ 5 (Docket No. 49-1). Lindauer is not a Borrower, and the Land is not Receivership Property. CooperReilly has said so: "The Receivership Order does not include Lindauer nor any property owned by him in its definitions of 'Receivership Property' or the 'Receivership Estate.'" CooperReilly's Motion to Dismiss Counterclaim at 6 (Denver Dist. Ct. No. 2026CV30150, Oct. 13, 2026) (Exhibit 1).

3. No lease, easement, license, or other right to enter the Land has ever been furnished to Lindauer by the Receiver, CooperReilly, or anyone on their behalf, and none currently exists. The Motion identifies none.

**The Motion and its proposed order would be used to reach the Land.**

4. The Motion describes the Receiver's plan to "send qualified personnel to Mr. Lindauer's residence" (Motion ¶ 4) and says that granting it "will allow the Receiver and Judge Mix to resolve any issues related to the entirety of the network in an expedited and streamlined fashion" (id. ¶ 31).

5. The proposed order would let the Receiver "exercise all of the authorities, duties, powers, and rights set forth in the Receivership Order with respect to possessing and controlling" the Debtor's property, with the fourteen-day stay waived. Docket No. 133-3. Those powers include an injunction reaching "all persons in active concert and participation with Borrowers," enforcement "by the contempt power of the Court," and sheriff assistance in the form of "peace-keeping duties." Receivership Order ¶¶ 20, 22(e), 23, 32.

6. Three days after filing the Motion, the Receiver asked the state court's Court-Appointed Neutral for a "continuing" writ to enter the Land "whenever the Receiver reasonably determines access is necessary," under which the sheriff "may use reasonable, necessary, and least-destructive means to open gates," effective "until the Receiver is discharged." Receiver's Forthwith Motion for Continuing Access Order and Writ of Assistance ¶ 16(a), (g), (i) (Nov. 9, 2026) (Exhibit 2).

7. Relief from the automatic stay as to the Debtor's property cannot create a right of entry onto land the Debtor does not own. An order on the Motion should not be capable of being cited as if it did.

WHEREFORE, Lindauer objects to the Motion to the extent any order on it could be read or used to reach the Land, and asks that any order entered on the Motion state that it: (a) grants no right of entry onto, possession or control of, or interest in the land at 2755 Winter Way, Parker, Colorado; (b) may not be cited as authority for any access order, writ of assistance, or entry onto that land; (c) authorizes no turnover, injunction, contempt, or law-enforcement relief against Lindauer or any other non-debtor concerning that land without a further order of this Court after notice and a hearing; and (d) does not waive the fourteen-day stay under Fed. R. Bankr. P. 4001(a)(4) as to any act concerning that land. Lindauer reserves all of his rights.

**Verification**

I declare under penalty of perjury that the facts stated in paragraphs 1 and 3 are true and correct to the best of my knowledge. 28 U.S.C. § 1746.

Dated: November 13, 2026.

David Lindauer, pro se
2755 Winter Way, Parker, Colorado 80138
(317) 413-2297
otlayi.david@gmail.com

**Certificate of Service**

I certify that on November 13, 2026, I served this objection and its exhibits by email on: Patrick R. Akers, counsel for CooperReilly Investment Fund, LLC (pakers@markuswilliams.com); David A. Laird, counsel for the Receiver (dlaird@fennemorelaw.com); Theodore J. Hartl, counsel for the Chapter 11 Trustee (hartlt@ballardspahr.com); Matthew C. Campbell, counsel for the Debtor (matthew@cswlegal.com); and Alan Motes, Office of the United States Trustee (alan.motes@usdoj.gov). Parties registered with CM/ECF will also receive notice when it is docketed.

David Lindauer

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br><br>Court Address: 1437 Bannock Street<br>Denver, Colorado 80202 | |
| COOPERREILLY INVESTMENT FUND, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MAVERIX LLC, MAVERIX BROADBAND, INC., VIATH, INC., DAVID R. LINDAUER, MAVERIX ENTERPRISE HOLDINGS, INC., END TO END CONSTRUCTION, LLC, ENGINUITY WORKS LLC, and SPLICE TECHS, LLC,<br><br>Defendants. | ▲ COURT USE ONLY ▲<br><br>Case Number: 2026CV30150<br><br>Division: 409 |
| *Attorneys for CooperReilly Investment Fund, LLC*:<br>Peter Q. Murphy (23328)<br>Matthew T. Faga (41132)<br>Patrick R. Akers (54803)<br>MARKUS WILLIAMS, LLC<br>1775 Sherman Street, Suite 1950<br>Denver, Colorado 80203<br>(303) 830-0800<br>(303) 830-0809 (facsimile)<br>pmurphy@markuswilliams.com<br>mfaga@markuswilliams.com<br>pakers@markuswilliams.com | |

**PLAINTIFF/COUNTERCLAIM-DEFENDANT'S MOTION TO DISMISS DEFENDANT/COUNTERCLAIMANT DAVID R. LINDAUER'S COUNTERCLAIM FOR DECLARATORY RELIEF**

Plaintiff/Counterclaim-Defendant CooperReilly Investment Fund, LLC ("**CR**"), by and through undersigned counsel, moves (the "**Motion**") to dismiss Defendant/Counterclaimant

**EXHIBIT 1**

**B. The Declarations That Lindauer Seeks Serve No Useful Purpose.**

None of the four declarations Lindauer seeks would streamline this case. *First*, Lindauer seeks a declaration that "he is not an Obligor and is not bound by any consent to jurisdiction, ex parte remedy, or waiver of notice or bond contained in the Loan Documents." Answer ¶ 50.[1] There is no dispute here. CR agrees that Lindauer, in his personal capacity, is not a party to the Loan Documents,[2] which speak for themselves. Further, CR has not asserted any claims related to those Loan Documents against Lindauer personally, so there is no reason for this Court to interpret the import of those Loan Documents, if any, on Lindauer.

*Second*, Lindauer seeks a declaration that "the Court's order of January 22, 2026, does not extend to Lindauer or to any property owned by him." *Id.* As an initial matter, a court's interpretation of its own order does not fall within the ambit of the Uniform Declaratory Judgments Law, C.R.S. §§ 13-51-101 to -115, and is not properly resolved through a declaratory judgment. Rather, any concerns about the language of the Receivership Order should be addressed through motion practice. But that is unnecessary because, again, there is no controversy here. The Receivership Order does not include Lindauer nor any property owned by him in its definitions of "Receivership Property" or the "Receivership Estate." *See generally* Receivership Order. In fact, Lindauer is not referenced whatsoever in the Receivership Order, so there is no reason for the Court to make any such declaration here. *See generally id.*

---

[1] Although Lindauer does not define "Loan Documents" in his Answer, CR assumes that he ascribes the same meaning to that capitalized term as in the Amended Complaint. In any event, Lindauer, in his personal capacity, is not a party to any loan documents relevant to this case.

[2] All capitalized terms not otherwise defined herein shall have the same meaning as in the Amended Complaint.



EXHIBIT 1

(Ted Hartl) expressly advised: "Please proceed as deemed necessary here given the trustee's position on control." **Exhibit 2**, p. 2.

13. The Bankruptcy Court also authorized the Receiver to continue to perform its duties under the Receivership Order and to continue holding Maverix LLC personal property already in the Receiver's possession, custody, or control. **Exhibits 3 and 4**. The Receiver seeks practical access necessary to preserve and operate the system while the ownership issues remain unresolved.

14. Because the NOC is located on residential property and Mr. Lindauer has repeatedly refused or conditioned access, the Elbert County Sheriff has requested a specific order and writ before assisting. The existing Receivership Order authorizes sheriff peacekeeping assistance, and ¶¶ 37 and 38 authorize supplemental orders and further instructions necessary for the Receiver to perform its duties.

## III. A CONTINUING ACCESS ORDER AND WRIT ARE NECESSARY

15. The recurring problem is Mr. Lindauer's continued insistence that access exists only on terms he dictates. The Receiver requires an ongoing remedy for inspections, documentation, inventories, testing, ordinary maintenance, contractor supervision, repairs, service restoration, and future emergencies throughout the receivership. The Receiver's successful restoration of service removes the immediate outage; it does not establish dependable access for the Receiver. As a reminder, the network no longer belongs to Maverix Broadband and/or Maverix LLC and has been sold, with the Court's approval, to Plaintiff herein.

16. The Receiver therefore requests an order and continuing writ providing that:

a. the Receiver and a reasonable number of employees, agents, contractors, electricians, HVAC technicians, network engineers, information-technology professionals, security personnel, counsel, and other representatives selected by the Receiver may use the ordinary access route to enter the Property and NOC whenever the Receiver reasonably determines access is necessary;

b. the Receiver may inspect, photograph, document, inventory, test, operate, maintain, service, repair, replace, protect, and preserve the NOC and network components and may observe and supervise work performed there;

c. Mr. Lindauer, the occupants, and persons acting with them may not condition access on the attendance or approval of any person they select, veto or exclude a Receiver representative, restrict the Receiver's inspection or documentation, or otherwise obstruct, delay, direct, or interfere with the Receiver's work;

d. the Receiver determines who may be present in the NOC and work area and may require Mr. Lindauer, occupants, or others to remain outside the work area when reasonably



EXHIBIT 2

necessary for safety, security, inspection, documentation, or orderly completion of the work;

e. the Receiver will provide reasonable advance notice when practicable and as much notice as reasonably practicable during an emergency;

f. the occupants must open gates and the NOC, secure animals, permit necessary vehicles, tools, parts, and equipment, and refrain from interference;

g. upon the Receiver's request, the Elbert County Sheriff must attend, preserve the peace, and provide assistance sufficient to permit the authorized access; if access is refused or obstructed, the Sheriff may use reasonable, necessary, and least-destructive means to open gates or the NOC structure;

h. the order and writ do not authorize entry into residential living quarters, a general search, or seizure of personal property unrelated to the NOC and network components; and

i. the writ may be executed on multiple occasions and remains effective until the Receiver is discharged or the CAN or Court orders otherwise.

17. Informal requests, repeated explanations of the Receivership Order, and temporary compromises have failed. The requested order is necessary to give practical effect to the Receiver's existing authority, prevent the same access dispute from delaying the next inspection, maintenance visit, repair, or outage response, protect the network and public safety, and end the recurring cycle in which Mr. Lindauer treats court-ordered access as negotiable.

## IV. REQUEST FOR FORTHWITH DISPOSITION

18. The immediate outage has abated through the Receiver's directed response. The Receiver caused service to the fire station to be restored, arranged and authorized the electrical repair now cooling the NOC, and reports that it appears all customers are now back online. The issue requiring relief, however, remains unresolved. The Receiver still lacks dependable, unconditional access to inspect, control, maintain, and protect the NOC, and the system routinely requires attention. The events of this week demonstrate that, absent a clear continuing order and writ, the same dispute will recur when access is next needed. The Receiver respectfully requests that the CAN enter the proposed order forthwith, approve the accompanying continuing writ of assistance, and direct the Clerk to issue it.

WHEREFORE, the Receiver respectfully requests that the CAN grant this Motion, enter the accompanying proposed order, approve and direct issuance of the Continuing Writ of Assistance to the Elbert County Sheriff, and grant such other relief as is appropriate.



**EXHIBIT 2**