**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | Case No. 26-16423-MER |
| | ) | |
| MAVERIX LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

# PLAINTIFF'S REPLY IN SUPPORT OF EMERGENCY UNOPPOSED MOTION FOR RELIEF FROM AUTOMATIC STAY

Plaintiff CooperReilly Investment Fund, LLC ("**CR**"), by and through undersigned counsel, submits this reply in support of the *Emergency Unopposed Motion for Relief from Automatic Stay* [Docket No. 133] (the "**Motion**") solely to address the lack of standing of objectors Maverix LLC (the "**Debtor**") and David R. Lindauer ("**Lindauer**"), and states as follows:

## The Debtor and Lindauer Lack Standing to Oppose the Motion

1. Standing is "a threshold issue in every federal case," and "[t]he party asserting standing bears the burden of proving standing." *In re Saratoga & N. Creek Ry., LLC*, 635 B.R. 581, 602 (Bankr. D. Colo. 2022) (citation omitted). A party asserting standing must satisfy three requirements: statutory, constitutional, and prudential standing. *See id.* (citing *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (Matter of Thorpe Insulation Co.)*, 677 F.3d 869, 884 (9th Cir. 2012)).

2. Statutory standing, as provided for under section 1109(b), states that any "party in interest, including the debtor . . . [and] a creditor, . . . may raise and may appear and be heard on any issue in a case under this chapter." Although a debtor and creditors are parties in interest under section 1109(b), "status as parties in interest does not automatically mean they have standing. They must still establish constitutional and prudential standing." Order Regarding Status 1–2, *In re Avery Asphalt*, No. 21-10799-MER (Bankr. D. Colo. Mar. 5, 2024), Docket No. 1075.

3. Constitutional standing "flows from the requirement in Article III that there be a 'case or controversy' to support the exercise of federal judicial power." *Saratoga & N. Creek Ry.*, 635 B.R. at 603 (citation omitted). Article III standing requires a movant to show an injury in fact, causation, and redressability. *See Pettine v. Direct Biologist, LLC (In re Pettine)*, 655 B.R. 196, 213 (B.A.P. 10th Cir. 2023) (citation omitted). "To establish injury in fact, a [movant] must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016). "An injury is 'concrete' if it is real rather than abstract, although for the injury to be concrete it need not be tangible." *Pettine*, 655 B.R. at 213 (citing *Spokeo*, 578 U.S. at 339–40).

4. Prudential standing includes the "general prohibition of a litigant's raising another person's legal rights . . . and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." *In re Fencepost Prods.*, 629 B.R. 289, 296 (Bankr. D. Kan. 2021); *see also Hill v. Warsewa*, 947 F.3d 1305, 1309 (10th Cir. 2020) (stating the doctrine of prudential standing encompassed three broad principles, which include "the general prohibition on a litigant's raising another person's legal rights" (citation omitted)). Prudential concerns are relevant in chapter 11 cases, which "regularly involve numerous parties, each of whom might find it personally expedient to assert the rights of another party even though that other party is present in the proceedings and is capable of representing [itself]." *Fencepost Prods.*, 629 B.R. at 296 (citation omitted). Courts allow an objecting party to challenge only those issues "that directly implicate its own rights and interests." *Id.* at 298; *In re Quigley Co.*, 391 B.R. 695, 704 (Bankr. S.D.N.Y. 2008) (citation omitted).

5. Here, the Debtor and Lindauer both lack standing.

6. The Debtor lacks constitutional and prudential standing. At the Debtor's own request, the Court removed the Debtor as debtor in possession and replaced it with a chapter 11 trustee. *See* Docket Nos. 79, 117. As a result, the Debtor generally lacks a sufficient interest to challenge the Trustee's actions:

> In bankruptcy cases with an appointed trustee, "the debtor-out-of-possession typically has no concrete interest in how the bankruptcy court divides up the estate." In such cases, "a debtor-out-of-possession will rarely have a sufficient interest to challenge a bankruptcy court order."

*Smith v. Terry (In re Smith)*, 620 F. Supp. 3d 551, 556 (W.D. Tex. 2022) (citations omitted).

7. This is particularly true in the context of challenges to stay relief motions. The automatic stay is intended solely to benefit the Debtor's estate, which is represented by the Trustee. *See* 11 U.S.C. § 323(a); *In re Pecan Groves*, 951 F.2d 242, 245 (9th Cir. 1991) ("[S]ection 362 is intended solely to benefit the debtor estate. . . . [I]f the trustee does not seek to enforce the protections of the automatic stay, no other party may challenge acts purportedly in violation of the automatic stay." (citations omitted)). The Debtor has not, and cannot, articulate any injury which is not already represented by the Trustee, and on which confers it constitutional standing. *See generally* Docket No. 133; *In re Mohr*, 538 B.R. 882, 888 (Bankr. S.D. Ga. 2015) (stating debtor lacks standing to object to creditor's stay relief motion); *EverBank v. Hayden (In re Hayden)*, No. 13-57281-MGD, 2013 Bankr. LEXIS 2860, at *3–4 (Bankr. N.D. Ga. June 24, 2013) (rejecting debtor's challenge to stay relief motion, in part, because "this Court is not concerned with [the debtor's] individual rights as to the property because the property, for purposes of the bankruptcy proceeding, belongs to the chapter 7 estate"); *In re Cohen*, 141 B.R. 1, 2 (Bankr. D. Mass. 1992) ("[W]here the Trustee has not objected to the motion for relief, [the court] conclude[s] that there exists 'cause' under 11 U.S.C. § 362(d)(1) . . . .").

8. The proper party to object to the Motion is the Trustee, not the Debtor. *See* 11 U.S.C. § 323(a); *Gebhardt v. McKeever (In re McKeever)*, 550 B.R. 623, 640 (Bankr. S.D. Ga. 2016) ("The Debtor apparently felt morally justified in this actions given the needs of the moment to repair the property. . . . Nevertheless, once the Trustee was appointed, it was the Trustee's duty and authority, not the Debtor's, to operate the Debtor's business, and to be accountable for the Debtor's property." (citations omitted)). After getting exactly what it wanted, the Debtor does not get to second-guess the Trustee's business judgment. *See In re Leisure Dynamics, Inc.*, 33 B.R. 173, 174 (Bankr. D. Minn. 1983). Nor does the Debtor get to litigate the rights of others, including Lindauer. *See, e.g.*, Obj. 7–8 (claiming the Receiver should remove property from Lindauer's land while simultaneously arguing that the Receiver cannot access Lindauer's property). The Trustee does not oppose, and supports, the Motion. *See* Docket No. 133, ¶ 30. Because the Trustee is the proper party to assert the estate's interest, the Debtor lacks prudential standing.

9. Lindauer also lacks constitutional standing. The crux of Lindauer's objection is that an order granting the Motion *could* result in the Receiver taking steps to access his property. *See* Docket No. 154. Even assuming there was an injury,[1] that injury is not concrete and does not result from and cannot be redressed through any order granting stay relief. Lindauer lacks constitutional standing.

WHEREFORE, CR respectfully requests that the Court overrule the Debtor's and Lindauer's objections, grant the Motion, and grant any other relief as the Court deems just and proper.

---

[1] Nowhere in the Motion or proposed order to the Motion does CR or the Receiver seek to "create a right of entry on to the land the Debtor does not own." *Compare* Docket No. 154 at 2 *with* Docket Nos. 133, 133-3. As Judge Mix, the state court appointed neutral, made clear during a November 13, 2026 hearing, the Receivership Order authorizes the Receiver to enter the property.

Respectfully submitted,

Dated: November 18, 2026

*/s/ Patrick R. Akers*
Matthew T. Faga (41132)
Patrick R. Akers (54803)
Benjamin Wieck (59208)
MARKUS WILLIAMS LLC
1775 Sherman Street, Suite 1950
Denver, Colorado 80203
(303) 830-0800
(303) 830-0809 (facsimile)
mfaga@markuswilliams.com
pakers@markuswilliams.com
bwieck@markuswilliams.com

*Counsel for CR*

**CERTIFICATE OF SERVICE**

I certify that on November 18, 2026, a copy of the foregoing *Plaintiff's Reply in Support of Emergency Unopposed Motion for Relief from Automatic Stay* was electronically filed using the Court's electronic filing system, and served on David R. Lindauer via email at otlayi.david@gmail.com. Notice of this filing will be sent by all parties by operation of the Court's system. Parties may access this filing through the Court's system.

*/s/ Patrick R. Akers*
Patrick R. Akers (54803)

*Counsel for CR*